# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JACK HENRY & ASSOCIATES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff" or "JBTS"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Jack Henry & Associates, Inc. ("Defendant" or "Jack Henry") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,096,003 entitled "*Transaction Security Apparatus*" (hereinafter, the "'003 patent" or the "Patent-in-Suit"). A copy of the '003 patent, is attached hereto as Exhibit A. Plaintiff is the owner of the Patent-in-Suit. Plaintiff seeks monetary damages.

## PARTIES

1. JBTS is a limited liability company organized under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 116 Sweetfield Circle, Yonkers,

New York 10704.  JBTS is the exclusive owner of the Patent-in-Suit and all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

2. Plaintiff is the owner the Patent-in-Suit with respect to the Defendant, and possesses all right to enforce the Patent-in-Suit, including the right to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business located at 663 W. Highway 60, P.O. Box 807, Monett, MO  65708-8215. Upon information and belief, Defendant is actively registered as a Delaware corporation with the Delaware Secretary of State and may be served with process by serving its registered agent in this District, LexisNexis Document Solutions Inc., 2711 Centerville Road Suite 400, Wilmington, DE  19808.  Defendant does business through its website, www.jackhenry.com, which is accused of infringing the Patent-in-Suit.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and

in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendant and/or its customers have committed patent infringement in the State of Delaware and in the District of Delaware, and/or has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

7. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003
## BY JACK HENRY

8. The '003 patent was duly and legally issued by the United States Patent and Trademark Office on August 22, 2006 after full and fair examination.  Plaintiff is the owner under the '003 patent with respect to Defendant, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

9. Plaintiff is informed and believes that Defendant owns, operates, advertises, and controls its website, www.jackhenry.com, that infringes the '003 patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '003 patent by making, using, and providing a security apparatus that includes use of a receiver, which receives signals from a transaction device to the receiver on or over either the Internet or the World Wide Web independently of any processing of a transaction by a central processing computer. Defendant offers products such as but not limited to its "goDough®" and "NetTeller Online Banking™," through which the system receives signals from banking customers from an apparatus, which may be the user's mobile telephone and/or home computer, that is associated with an individual account holder. Upon information and belief, Defendant uses a processing device to process a transaction and provides information regarding the transaction on the account to an individual account holder.

10. Upon information and belief, Defendant has induced and continues to induce infringement of one or more claims of the '003 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its brokerage services, such as but not limited to its "goDough®" and "NetTeller Online Banking™," having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of the '003 patent since commencement of this action at least. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the accused products in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '003 patent and knew and/or knows that its actions, including but not

limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

11.   Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '003 patent in this district and elsewhere in the United States, by their intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused their customers to use their products and services, such as purchasing, accessing and/or using through their respective websites or otherwise, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to their customers, their products and services covered by the '003 patent that constitute a material part of the invention, and that its customers have utilized said products and services in a manner that infringes one or more claims of the '003 patent. Defendant had knowledge of the '003 patent on or about September 18, 2006.  Upon information and belief, Defendant has specifically intended and/or specifically intend that its customers use the accused products and indices to direct customers to the locations of videos in such a way that infringes the '003 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '003 patent, and knew and/or knows that their products and services are especially made and/or adapted for user(s) to infringe one or more claims of the '003 patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

12.   Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. Defendant has had actual knowledge of the '003 patent since September 18, 2006. Indeed, Plaintiff specifically sent a letter to Defendant and provided them with a copy of the '003 patent. On September 25, 2006, Defendant responded to JBTS's notice letter regarding the '003 patent.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Defendant's infringement of Plaintiff's rights under the '003 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the '003 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that one or more claims of the '003 patent have been infringed, by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest;

D.      An adjudication that Defendant's acts of infringement are willful from the time that Defendant became aware of the infringing nature of their actions, which is on or about September 16, 2006, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patent-in-Suit;

F.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

G.      Any further relief that this Court deems just and proper.

Respectfully submitted this 14th day of September 2012.

/s/ Stamatios Stamoulis_____
Stamatios Stamoulis (#4606)
        stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
        weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road , Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

Of Counsel:

Steven W. Ritcheson, Esq.
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
9800 D. Topanga Canyon Blvd., #347
Chatsworth, CA  91311
Telephone: 818-274-1883
Facsimile:  818-337-0383
Email  swritcheson@hgdlawfirm.com

Maureen V. Abbey
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
NJ Bar No. 20782005
220 Saint Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (908) 301-9008
E-mail: maureen@hgdlawfirm.com

Jacqueline K. Burt, Esq.
*Pro Hac Vice Application to be Filed*
**HENINGER GARRISON DAVIS, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia  30339
Telephone:  (404) 996-0861
Facsimile:  (205) 547-5502
Email:  jburt@hgdlawfirm.com

***Attorneys for Plaintiff Joao Bock Transaction Systems, LLC***