# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC<br><br>         Plaintiff,<br><br>v.<br><br>JACK HENRY & ASSOCIATES, INC.<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:12-cv-01138-SLR<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

## JACK HENRY & ASSOCIATES' ANSWER AND COUNTERCLAIM

## PRELIMINARY STATEMENT

This is the third action that plaintiff Joao Bock Transaction Systems ("JBTS") or one of its affiliates has brought against Jack Henry & Associates ("Jack Henry") and/or one of its customers. JBTS is a non-practicing entity.[1] Its principal owner is Raymond Joao, who is a licensed patent attorney. JBTS claims to own a number of patents, many of which contain vague claims that purportedly cover nearly all forms of business communications activity.

Jack Henry is a banking software development company based in Monett, Missouri. Jack Henry creates software solutions for smaller community and regional banks. JBTS first sued Jack Henry and one of its customer banks, Sleepy Hollow Bank of Sleepy Hollow, New York in 2003. A two-week trial in March 2010 resulted in a jury verdict and judgment that Jack Henry's internet banking product did not infringe any part of U.S. Patent No. 6,529,725[2] and that all of the asserted claims were invalid under 35 U.S.C. §§ 102 or 103, based on at least four pieces of

---

[1] JBTS has, at last count, sued more than sixty parties in federal courts in New York, California, Florida, Georgia, Illinois, Texas and, now, Delaware.

[2] The '725 patent was originally filed on October 9, 1998 as application number 09/169,053 and claims priority to a provisional application filed on August 8, 1996. The '725 patent issued on March 4, 2003. The '003 patent was originally filed on September 10, 2001 as application number 09/949,694 and also claims priority back to the provisional application filed on August 8, 1996 and is a continuation of the '075 patent. The '003 patent issued on August 22, 2006.

prior art, including one of Jack Henry's proprietary systems known as Cash Management. The Federal Circuit affirmed that judgment in December 2011.

Even as the *Sleepy Hollow* litigation was pending, JBTS continued to seek to obtain continuation patents stemming from the same parent application. On August 22, 2006, the Patent Office issued U.S. No. 7,096,003. The '003 patent contained the exact same priority date (subject to a terminal disclaimer), specification, description and drawings as the '725 patent. The claims of the '075 and the '003 patents are substantially –in many cases almost word for word -- the same. To obtain the '003 patent, JBTS dumped hundreds of references totaling over 3200 pages –including the art JHA had disclosed in discovery in the *Sleepy Hollow* litigation -- on the examiner.

On August 18, 2009, an entity names Joao Bock Transaction Systems of Texas, LLC filed an action against six Jack Henry customers in the Eastern District of Texas, alleging that they were infringing the '003 patent as a result of using Jack Henry's internet banking software products. Jack Henry's attorneys entered their appearances and took steps to defend the banks. On January 4, 2011, JBTS dismissed that action without prejudice. It has not been re-filed.

Jack Henry now responds to the specific allegations set forth in the Complaint.

**NATURE OF THE ACTION**

1. Answering paragraph 1 of Plaintiff's Complaint, Jack Henry denies any and all allegations of patent infringement. The substance of this patent was litigated in 2010 in the Southern District of New York, where a jury found unanimously that the '075 patent, from which the '003 patent claims priority, was invalid and that Jack Henry's product did not infringe it. Further, Jack Henry denies that Plaintiff is entitled to any damages in relation to this patent. This action was filed over 6 years after the '003 patent issued and 9 years after the Plaintiff was aware of Jack Henry's products.

Further, Jack Henry lacks sufficient information and knowledge as to whether or not the Plaintiff is the owner of the patent in suit. When JBTS-*Texas* sued six Jack Henry banks in 2010, that entity alleged that it was the owner or exclusive assignee of the '003 patent. Jack Henry therefore denies the allegations in paragraph 1 of the Complaint.

**PARTIES**

2.      Answering the second paragraph 1[3] of Plaintiff's Complaint, Jack Henry lacks sufficient information and knowledge as to whether or not the Plaintiff is the owner of the patent in suit. When JBTS-*Texas* sued six Jack Henry banks in 2010, that entity alleged that it was the owner or exclusive assignee of the '003 patent. Jack Henry therefore denies the allegations in paragraph 1 of the Complaint.

3.      Answering paragraph 2 of Plaintiff's Complaint, Jack Henry lacks sufficient information and knowledge as to whether or not the Plaintiff is the owner of the patent in suit. When JBTS-*Texas* sued six Jack Henry banks in 2010, that entity alleged that it was the owner or exclusive assignee of the '003 patent. Jack Henry therefore denies the allegations in paragraph 1 of the Complaint.

4.      Answering paragraph 3 of Plaintiff's Complaint, Jack Henry admits that it is organized under the laws of Delaware and that it has a principal place of business in Monett, Missouri. Jack Henry also admits that it has a registered agent located at 2711 Centerville Road, Suite 400 in Wilmington, Delaware. Jack Henry denies that any infringing activity takes place in this State or this District, or through its website, www.jackhenry.com. Further, if the accusation is that www.jackhenry.com is the product that is "infringing the Patent-in-Suit" then Jack Henry will move for immediate summary judgment.

---

[3] There are two paragraphs in the Complaint numbered 1.

## JURISDICTION AND VENUE

5. Answering paragraph 4 of Plaintiff's Complaint, Jack Henry lacks sufficient knowledge or information to either admit or deny the allegations contained therein and therefore deny same.

6. Answering paragraph 5 of Plaintiff's Complaint, Jack Henry lacks sufficient knowledge or information to either admit or deny the allegations contained therein and therefore deny same.

7. Answering paragraph 6 of Plaintiff's Complaint, Jack Henry denies that it and/or any of its customers has committed patent infringement in the State of Delaware and denies that it has intentionally induced others to commit patent infringement in the State of Delaware.

8. Answering paragraph 7 of Plaintiff's Complaint, Jack Henry lacks sufficient knowledge or information to either admit or deny the allegations contained therein and therefore deny same.

## COUNT I:

## INFRINGEMENT OF U.S.PATENT NO. 7,096,003

## BY JACK HENRY

9. Answering paragraph 8 of Plaintiff's Complaint, Jack Henry denies the allegations contained therein. Jack Henry admits that the '003 patent issued on August 22, 2006. However, Jack Henry denies that there was a "full and fair examination" of this patent. Raymond Joao dumped numerous references totaling thousands of pages on the patent office, including documents obtained during the litigation of the '725 patent, documents he knew the patent office would not actually consider but that would be documented on the face of the patent. Raymond Joao is a patent attorney and engaged in activities that necessarily prevented a fair and full examination of the '003 patent. Jack Henry denies that the '003 is a valid patent.

Further, Jack Henry lacks sufficient information and knowledge as to whether or not the Plaintiff is the owner of the patent in suit since the last time a lawsuit was raised over this patent it was in the Eastern District of Texas and the patent was owned by a different entity. Jack Henry therefore denies same.

10. Answering paragraph 9 of Plaintiff's Complaint, Jack Henry denies each and every allegation contained therein.

11. Answering paragraph 10 of Plaintiff's Complaint, Jack Henry denies each and every allegation contained therein.

12. Answering paragraph 11 of Plaintiff's Complaint, Jack Henry denies each and every allegation contained therein.

13. Answering paragraph 12 of Plaintiff's Complaint, Jack Henry states that it does not infringe any claim of the '003 patent and is not required to have authorization and/or a license from Plaintiff to distribute any Jack Henry product.

14. Answering paragraph 13 of Plaintiff's Complaint, Jack Henry states that ii was first made aware of the '003 patent on or about September 18, 2006, when JBTS' counsel advised that the patent had been issued and that JBTS was considering adding it to the *Sleepy Hollow* litigation. Jack Henry also states that Plaintiff was aware that the '003 patent issued on August 22, 2006, which is more than six years before this lawsuit was filed.

15. Answering paragraph 14 of Plaintiff's Complaint, Jack Henry denies each and every allegation contained therein.

16. Answering paragraph 15 of Plaintiff's Complaint, Jack Henry denies each and every allegation contained therein.

17. Answering paragraph 16 of Plaintiff's Complaint, Jack Henry states that this lawsuit should be barred by estoppel, laches and/or any other equitable remedy. Plaintiff could

5

have asserted these claims in 2006 in the *Sleepy Hollow* litigation but chose for its own reasons not to do so. Plaintiff has brought this lawsuit simply for the purpose of harassing Jack Henry and its customers. Jack Henry successfully defended the previous trial against Plaintiff and that result should dispose of this case.

## DEMAND FOR A JURY TRIAL

18. Jack Henry demands a jury trial pursuant to Fed. R. Civ. P. 38.

## AFFIRMATIVE DEFENSES

19. Jack Henry has not and does not infringe, contribute to infringement, or induce infringement upon any valid and enforceable claim of U.S. Patent 7,096,003.

20. The subject matter claimed in U.S. Patent 7,096,003 is not patent-eligible subject matter under Title 35, § 101 as it is not a process, machine, article of manufacture, or composition of matter as that subject matter is defined under the patent laws of the United States.

21. U.S. Patent 7,096,003 is invalid, void and unenforceable because:

   (1) The alleged invention of U.S. Patent 7,096,003 was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent;

   (2) The alleged invention of U.S. Patent 7,096,003 was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

   (3) The alleged invention of U.S. Patent 7,096,003 was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent;

   (4) Those persons identified as the inventors of U.S. Patent 7,096,003 did not invent the subject matter of U.S. Patent 7,096,003;

   (5) Before the alleged invention thereof, the invention of U.S. Patent 7,096,003 was made in this country by another who had not abandoned, suppressed or concealed it;

6

(6) U.S. Patent No. 7,096,003 describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains. Defendant avers that the subject matter claimed in the patent fails to comply with Title 35, § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains;

(7) U.S. Patent 7,096,003 does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby;

(8) The claims of U.S. Patent 7,096,003 are fatally vague and indefinite, and therefore invalid and void, because they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by Title 35, § 112 of the United States Code.

22. If the Plaintiff is entitled to damages, which is expressly denied, those damages are limited by 35 USC § 286.

23. Plaintiff's claim for infringement and injunctive relief is barred by the doctrine of unclean hands, waiver, laches, estoppel and/or equitable estoppel. As stated above, JBTS obtained the '003 patent by dumping hundreds of references containing thousands of pages on the examiner, effectively burying relevant prior art in the stack so the examiner would be less likely to find and study it. Further, JBTS has waited more than six years after the '003 patent issued to file this action. The delay has prejudiced Jack Henry.

24. Plaintiff's claims are barred by the doctrines of claim preclusion, claim splitting, *res judicata* and/or collateral estoppel, by reason of the judgments on non-infringement and invalidity obtained in the *Sleepy Hollow* litigation. The claims in the '003 patent are substantially similar if not virtually identical to the claims in the '725 patent, and the court's final

judgments of non-infringement and invalidity in the *Sleepy Hollow* litigation (which the Federal Circuit affirmed) preclude JBTS' asserting claims in the '003 patent against Jack Henry.

25. Jack Henry avers that the claims of U.S. Patent 7,096,003 are limited and restricted by their terms and the prior art and are made so by limitations and restrictions made therein under the requirements of the U.S. Patent Office during the proceedings in the U.S. Patent and Trademark Office while the application for the patent was pending. The Plaintiff is therefore now estopped from maintaining that U.S. Patent 7,096,003 covers or embraces any products being made, used or sold by Jack Henry.

26. Jack Henry reserves the right to raise additional affirmative defenses as discovered through the course of litigation, including, but not limited to:

   (1) any additional grounds of invalidity of the patent of which Jack Henry may hereinafter learn will be brought to Plaintiff's notice by appropriate proceedings;

   (2) that U.S. Patent 7,096,003 is unenforceable as having been obtained by fraud, should facts developed in discovery demonstrate that the applicant failed to call to the attention of the Patent Examiner prior art, public knowledge and uses of which he had knowledge and over which the alleged invention was not patentable;

   (3) the Plaintiff lacks standing to assert some or all of the claims set forth in the Complaint as Plaintiff lacks sufficient ownership interest in U.S. Patent No. 7,096,003 to permit Plaintiff to bring an action for infringement of U.S. Patent No. 7,096,003; as noted above, one of Plaintiff's affiliates, Joao Bock Transaction Systems – Texas, LLC has claimed ownership or exclusive assignment of the '003 patent;

   (4) the Plaintiff has so misused U.S. Patent 7,096,003 as to render it unenforceable.

**WHEREFORE,** Jack Henry prays that Plaintiff's Complaint be dismissed with prejudice; judgment be entered in favor of Jack Henry.; and that the Court award Jack Henry its costs, fees and expenses to the extent allowed by law.

3199607.1

## COUNTERCLAIM FOR DECLARATORY JUDGEMENT

27. Jack Henry & Associates ("Jack Henry") for its Counterclaim against Joao Bock Transactions Systems, LLC, ("Plaintiff") states as follows:

## PARTIES

28. Jack Henry maintains a place of business at 663 W. Highway 60, P.O. Box 807, Monett, MO 65708.

29. Upon information and belief, Plaintiff is a limited liability company organized under the laws of the State of Delaware and maintains it principal place of business at 116 Sweetfield Circle, Yonkers, New York 10704.

## JURISDICTION

30. Jurisdiction of this counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. § § 220l and 2202, and under the laws of the United States concerning actions relating to patents, Title 28 United States Code, § 1338(a).

31. There is a justiciable controversy between Plaintiff and Jack Henry concerning the validity and scope of Plaintiff's U.S. Patent No. 7,096,003 and Jack Henry's liability for infringement thereof.

32. Venue is proper in this judicial district in that it involves a claim that is already before this Court.

33. Jack Henry avers that U.S. Patent No. 7,096,003 is void, invalid and unenforceable for the reasons set forth in its Answer to the Complaint filed by Plaintiff.

34. Plaintiff, having instituted this vexatious and expensive infringement suit against Jack Henry could, with the approval of this Court, dismiss such suit without an adjudication of the validity of U.S. Patent 7,096,003.

35. Such action would expose Jack Henry to further annoyance and litigation regarding alleged infringement of U.S. Patent 7,096,003.

36. Jack Henry denies infringement of Plaintiff's patent, and avers that unless Jack Henry is found not to infringe U.S. Patent 7,096,003 or the patent is adjudged invalid, void and unenforceable, Jack Henry will be harassed in the use, manufacture and sale of their products and services.

37. A declaratory judgment as to Jack Henry's non-infringement and invalidity of U.S. Patent 7,096,003 is therefore necessary.

**WHEREFORE**, for the above-stated reasons, Jack Henry requests this Court enter a declaratory judgment finding that U.S. Patent 7,096,003 patent is invalid and unenforceable; award Jack Henry their costs, fees and expenses to the extent allowed by law; and grant Jack Henry all other relief to which they are justly entitled.

Dated: December 3, 2012
       Wilmington, Delaware

POLSINELLI SHUGHART PC

*/s/ Shanti M. Katona*
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware  19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
skatona@polsinelli.com

OF COUNSEL:
Russell S. Jones, Jr.
Joshua M. McCaig
Polsinelli Shughart PC
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, MO 64105
Telephone:  (816) 421-3355
Facsimile:   (816) 374-0509
rjones@polsinelli.com
jmccaig@polsinelli.com

*Attorneys for Jack Henry & Associates, Inc.*

3199607.1

**CERTIFICATE OF SERVICE**

      I, Shanti M. Katona, hereby certify that a copy of the foregoing pleading was served upon all counsel of record via US First Class Mail and the United States District Court for the District of Delaware's ECF Document Filing System on the 3rd day of December, 2012.

| | |
|---|---|
| Stamatios Stamoulis | Steven W. Ritcheson |
| Richard C. Weinblatt | HENINGER GARRISON DAVIS, LLC |
| Two Fox Point Centre | 9800 D. Topanga Canyon Blvd., #347 |
| 6 Denny Road , Suite 307 | Chatsworth, CA 91311 |
| Wilmington, DE 19809 | Telephone: 818-274-1883 |
| Telephone: (302) 999-1540 | Facsimile: 818-337-0383 |
| stamoulis@swdelaw.com | switcheson@hgdlawfirm.com |
| weinblatt@swdelaw.com | *Attorneys for Plaintiff* |
| *Attorneys for Plaintiff* | |

                                       */s/ Shanti M. Katona*
                                       Shanti M. Katona (Del. Bar No. 5352)