# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:12-cv-01138-SLR |
| v. | ) ) | JURY TRIAL DEMANDED |
| JACK HENRY & ASSOCIATES, INC. | ) ) | |
| Defendant. | ) ) | |

## JACK HENRY & ASSOCIATES, INC'S RESPONSE TO JOAO BOCK TRANSACTION SYSTEMS, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE ANSWER PURSUANT TO RULE 12(F)

Dated: January 14, 2012

POLSINELLI SHUGHART PC

Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
skatona@polsinelli.com

OF COUNSEL:
Russell S. Jones, Jr.
Joshua M. McCaig
Polsinelli Shughart PC
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, MO 64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509
rjones@polsinelli.com
jmccaig@polsinelli.com

*Attorneys for Jack Henry & Associates, Inc.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF CITATIONS .......................................................................................... iii

I.      **NATURE AND STAGE OF PROCEEDINGS** ............................................1

II.     **SUMMARY OF ARGUMENT** ...............................................................2

      A.     Defendant's counterclaim should not be dismissed because Plaintiff is on notice of Defendant's claim and, at this stage, Defendant need not and cannot provide more details than it did based on Plaintiff's Complaint. ................2

      B.     Plaintiff's Motion to Strike portions of Defendant's Answer should be denied because nothing in the Federal Rules of Civil Procedure prevents Defendant from informing this Court of the history between the two parties and is relevant to this litigation. ..............................2

      C.     Defendant's Affirmative Defenses are correctly pled ............................................3

III.    **CONCISE STATEMENT OF FACTS** ....................................................3

IV.    **ARGUMENT** ...........................................................................5

      A.     Jack Henry's Counterclaim has put both the Plaintiff and this Court on Notice as to the Basis for its Declaratory Judgment Claim that asks this Court to determine non-infringement and the validity of the '003 Patent. .............5

      B.     Nothing in Jack Henry's Answer, including its Preliminary Statement, should be stricken because it is truthful, complies with the Federal Rules and is relevant to the case at hand. ......................................6

      C.     Plaintiff's attempts to strike Defendant's affirmative defenses should also fail. ...........................................................................10

D.     If Plaintiff's motion is granted in any respect, Jack Henry should be afforded leave to re-plead. ............................................................................... 12

V.     **<u>CONCLUSION</u>** ........................................................................................... 13

CERTIFICATE OF SERVICE ................................................................................... 14

3212259.1

# TABLE OF CITATIONS

**Page(s)**

**FEDERAL CASES**

*All America Ins. Co. v. Broeren Russo Const.*, 112 F.Supp.2d 723 (C.D. Ill. 2000) ...................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................. 5

*Cipollone v. Ligget Group, Inc.*, 789 F.2d 181 (3d Cir. 1986) ............................................. 10, 11

*Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139 (E.D. Pa. 2011) ................................................... 10

*Foman v. Davis*, 371 U.S. 178 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ......................................... 12

*Greiff v. T.I.C. Enterprises, LLC*, 2004 WL 115553 (D. Del. Jan. 9, 2004) ........................... 10, 11

*Hardin v. American Elec. Power*, 188 F.R.D. 509 (S.D. Ind. 1999) .............................................. 8

*In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955 (C.D. Cal. 2000) ................. 8

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif., Inc.*, 248 F.3d 1333 (Fed. Cir. 2001) ................................................................................................................................ 5

*Internet Media Corp. v. Hearst Newspapers, LLC*, No. 10-690-SLR, 2012 WL 3867165 (D. Del. Sept. 6, 2012) ................................................................................................................ 6

*Lakits v. York*, 258 F.Supp.2d 401 (E.D. Pa. 2003) ...................................................................... 7

*Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29 (N.D. Ill. 1980) ................................... 9

*Nokia Corp. v. Apple Inc.*, No. 09-791-GMS, 2011 WL 2160904 (D. Del. June 1, 2011) .......... 10

*Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213 (D. Kan. 1998) ............................................. 7, 8

*Poole v. Taylor*, 466 F. Supp. 2d 578 (D. Del. 2006) ................................................................ 10

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386 (D.R.I. 1998) ......................... 8

*Schramm v. Krischell*, 84 F.R.D. 294 (D. Conn. 1979) ................................................................ 7

*Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293 (Bankr. S.D.N.Y. 1999) ......................................................................................................................... 8

*Sun Microsystems, Inc. v. Versata Entm't., Inc.*, 630 F.Supp.2d 395 (D. Del. 2009) ................... 7

*Symbol Technologies, Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353 (D. Del. 2009) ........ 8, 9

*Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893 (E.D. Pa. Apr. 12, 2011) .................. 11

3212259.1

*Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ...................................................................................................................12

*Vurimindi v. Fuqua School of Business*, No. 10-234, 2011 WL 3803668 (E.D. Pa. Aug. 29, 2011) .....................................................................................................................10

*Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 1993 U.S. Dist. LEXIS 15075 (C.D. Cal. July 1, 1993) .........................................................................................9

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

35 U.S.C. §§ 102, 103 and 112 ................................................................................................4, 6

Fed.R.Civ.P. 8(a)(2) ................................................................................................................2, 5

Fed.R.Civ.P. 8(c) .......................................................................................................................12

Fed.R.Civ.P. 12 ............................................................................................................................1

Fed.R.Civ.P. 12(b)(6) ..............................................................................................................1, 5

Fed.R.Civ.P. 12(f) ...............................................................................................................passim

Fed.R.Civ.P. 15(a) .....................................................................................................................12

OTHER AUTHORITIES

5c Wright, Miller, et al., Federal Practice & Procedure Civil § 1380 (3d ed.)...............................7

# I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff Joao Bock Transaction Systems, LLC's ("Plaintiff" or "JBTS") filed its complaint against Defendant Jack Henry & Associates ("Defendant" or "Jack Henry") (D.I. 1) alleging infringement of U.S. Patent No. 7,096,003 ("'003 Patent" or "Patent-in-Suit"). On December 3, 2012, Defendant filed its Answer and Counterclaim. (D.I. 6). On December 27, 2012, Plaintiff moved to dismiss Defendant's Counterclaim pursuant to Rule 12(b)(6) and to strike portions of Defendant's Answer Pursuant to Rule 12(f). (D.I. 12).

Defendant's Answer to Plaintiff's Complaint, as allowed by federal rules, contained a "Preliminary Statement" that summarized the prior litigation history between the parties involving the '003 Patent and a related patent, U.S. No. 6,529,725.[1] The matters contained in the preliminary statement relate to Defendant's affirmative defenses of res judicata, collateral estoppel and laches[2].

Plaintiff's Motion cites no case holding that a defendant's answer must be limited to specific admissions or denials, nor that including a preliminary statement within an Answer violates Rule 12. Plaintiff makes only generalized assertions that the preliminary statement makes "excessive and unsupportable comments" (none of which are, or are even asserted to be, untrue or inaccurate) and that it "lacks any relevance to the Complaint" (which it plainly does, i.e., the defenses of res judicata, collateral estoppel, laches and claim preclusion). Because

---

[1] As stated in Defendant's Answer, the '003 Patent contains the exact same priority date (subject to a terminal disclaimer), specification, description and drawings as the '725 patent. Defendant's Answer mistakenly states that the '003 patent at issue is a continuation of the "'075" patent rather than the '725 patent; this was an unfortunate typographical error; the correct reference of course is to the '725 patent.

[2] Because these defenses rely on matters outside the face of the complaint, they are not appropriately raised in a motion to dismiss. Defendant intends to assert them in a motion for summary judgment at the appropriate time.

Defendant's Answer is permissible and appropriate under the federal rules and case law, and because Plaintiff has not met its burden under the applicable standards, Plaintiff's motion should be denied.

Plaintiff also seeks to dismiss Defendant's counterclaim for a declaratory judgment JHA is not infringing and the '003 Patent is void, invalid and unenforceable. Plaintiff's motion to dismiss should be denied because Defendant has plainly put Plaintiff on notice of the basis of its counterclaims, and because at this early stage Defendant need not and in fact cannot provide any more details than it did based on the allegations in Plaintiff's Complaint

II.   **SUMMARY OF ARGUMENT**

    A.   **Defendant's counterclaim should not be dismissed because Plaintiff is on notice of Defendant's claim and, at this stage, Defendant need not and cannot provide more details than it did based on Plaintiff's Complaint.**

Defendant's counterclaim asks this Court to declare that JHA is not infringing the '003 patent and that the patent is invalid. Defendant has satisfied Rule 8(a)(2) because the counterclaim refers back to the Answer, which details as much as can be done at this stage why the '003 Patent is invalid. And because Plaintiff's Complaint does not identify which claims in the '003 patent are allegedly infringed, Defendant cannot be more specific. When Plaintiff serves its infringement contentions, Defendant will be able to be more specific about why it does not infringe and which prior art references invalidate the claims.

    B.   **Plaintiff's Motion to Strike portions of Defendant's Answer should be denied because nothing in the Federal Rules of Civil Procedure prevents Defendant from informing this Court of the history between the two parties and is relevant to this litigation.**

Plaintiff complains that the preliminary statement in Defendant's Answer makes truthful and accurate references to the prior litigation and history between the parties. There is nothing in the Federal Rules of Civil Procedure, nor has Plaintiff cited any authority, that prohibits a

defendant from accurately informing this Court of the history between the parties that involves the patent at issue and a related patent. Nothing Defendant stated in its Motion will confuse this Court and everything Defendant stated in its Answer is relevant to this case.

> C. **Defendant's Affirmative Defenses are correctly pled.**

To strike an affirmative defense, Plaintiff must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. Plaintiff has not met that burden. All of Defendant's Affirmative Defenses are valid and the Court should not strike any of the Affirmative Defenses.

## III. <u>CONCISE STATEMENT OF FACTS</u>

Defendant's Answer and Counterclaim (D.I. 6) denies Plaintiff's allegations of patent infringement. *See* Answer, ¶ 9. Defendant's Answer also informed this Court that the substance of a related patent—the '725 patent--was litigated in 2010 in the Southern District of New York, where a jury found unanimously that the '725 patent was invalid and that Jack Henry's product did not infringe it. *Id.* Defendant also stated that Raymond Joao ("Joao"), who is both an inventor and a patent attorney, dumped thousands of pages of references on the patent office, including documents obtained during the litigation of the '725 patent. *Id.* at Preliminary Statement and ¶ 9.

Defendant's Answer also stated that Patent 7,096,003 was invalid, void and unenforceable because:

> a.   The alleged invention of U.S. Patent 7,096,003 was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent;
>
> b.   The alleged invention of U.S. Patent 7,096,003 was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

3

c. The alleged invention of U.S. Patent 7,096,003 was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent;

d. Those persons identified as the inventors of U.S. Patent 7,096,003 did not invent the subject matter of U.S. Patent 7,096,003;

e. Before the alleged invention thereof, the invention of U.S. Patent 7,096,003 was made in this country by another who had not abandoned, suppressed or concealed it;

f. U.S. Patent No. 7,096,003 describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains. Defendant avers that the subject matter claimed in the patent fails to comply with Title 35, § 102 and § 103 of the United States Code in that the differences between the subject matter claimed in such patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains;

g. U.S. Patent 7,096,003 does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby;

h. The claims of U.S. Patent 7,096,003 are fatally vague and indefinite, and therefore invalid and void, because they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by Title 35, § 112 of the United States Code.

*See* Answer, ¶ 21. And the Answer also asserted affirmative defenses of laches, collateral estoppel, res judicata and claim preclusion arising out of how the '003 patent was prosecuted and the prior litigation between Plaintiff and Defendant (italics added):

23. *Plaintiff's claim for infringement and injunctive relief is barred by the doctrine of unclean hands, waiver, laches, estoppel and/or equitable estoppel.* As stated above, JBTS obtained the '003 patent by dumping hundreds of references containing thousands of pages on the examiner, effectively burying relevant prior art in the stack so the examiner would be less likely to find and study it. Further, JBTS has waited more than six years after the '003 patent issued to file this action. The delay has prejudiced Jack Henry.

24. Plaintiff's claims are barred by the *doctrines of claim preclusion, claim splitting, res judicata and/or collateral estoppel*, by reason of the judgments on non-infringement and invalidity obtained in the Sleepy Hollow litigation. The claims in the '003 patent are substantially similar if not virtually identical to the claims in the '725 patent, and the court's final judgments of non-infringement and invalidity in the Sleepy Hollow litigation (which the Federal Circuit affirmed) preclude JBTS' asserting claims in the '003 patent against Jack Henry

Plaintiff then moved to dismiss and strike. (D.I. 12).

## IV.    **ARGUMENT**

### A.    **Jack Henry's Counterclaim has put both the Plaintiff and this Court on Notice as to the Basis for its Declaratory Judgment Claim that asks this Court to determine non-infringement and the validity of the '003 Patent.**

Fed.R.Civ.P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, to survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.*

JHA first counterclaimed for a declaration that it is not infringing the '003 patent. Such counterclaims are common—indeed standard—in patent litigation, as they allow a defendant threatened with an infringement action to be able to have the issue of infringement decided in its favor even if the plaintiff voluntarily dismisses its action. *See, e.g., Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif., Inc.*, 248 F.3d 1333 (Fed. Cir. 2001). Plaintiff's complaint that JHA has not adequately pleaded *which* of its products do not infringe seems a bit disingenuous given that Plaintiff has alleged that two of Jack Henry's products – an internet banking product called NetTeller and a mobile-banking product called GoDough – infringe the '003 patent. Plainly, the

5

declaratory judgment that JHA is seeking pertains to the accused products and any additional products that Plaintiff might seek to add into this action.

JHA also alleged in its counterclaim that the '003 patent is invalid as set forth above, all covered by 35 U.S.C. §§ 102, 103 and 112. There is no doubt as to what Defendant is seeking - a declaration that the '003 patent is invalid so that Plaintiff cannot dismiss this suit without an adjudication and re-file, exposing Defendant to further annoyance and litigation.

Unlike *Internet Media Corp. v. Hearst Newspapers, LLC*, No. 10-690-SLR, 2012 WL 3867165 at *2 (D. Del. Sept. 6, 2012), which Plaintiff cites for the proposition that a defendant must provide factual details rather than conclusory statements, JHA has stated multiple facts and reasons in its Paragraphs 21 through 24 of Answer and Affirmative Defenses as to why the '003 Patent is invalid. Once Plaintiff identifies the specific claims that JHA's products allegedly infringes,[3] Defendant will serve its invalidity contentions as provided by the Local Rules.[4] Until then, there is not much more that Defendant can realistically do.

B.     **Nothing in Jack Henry's Answer, including its Preliminary Statement, should be stricken because it is truthful, complies with the Federal Rules and is relevant to the case at hand.**

Plaintiff seeks the drastic remedy of striking Defendant's entire introductory section of Defendant's Answer and Counterclaims. Rule 12(f) only permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). As stated by Wright & Miller:

> [I]n order to succeed on a Rule 12(f) motion to strike surplus matter from an answer, the federal courts have established a standard under which it must be

---

[3] Paragraph 4(c) of this Court's Default Standard for Electronic Discovery, including Discovery of Electronically Stored Information sets forth the timing and nature of such infringement contentions.

[4] Paragraph 4(d) of this Court's Default Standard for Electronic Discovery, including Discovery of Electronically Stored Information, set forth the timing and nature of such invalidity contentions.

shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. If the district court determines that certain references in a pleading are prejudicial, only those references and not the entire paragraphs containing them should be stricken.

5c Wright, Miller, et al., Federal Practice & Procedure Civil § 1380 (3d ed.) (internal citations omitted).

Defendant's introductory section provides important, truthful background information with respect to the parties' relationship, their litigation histories and the claims and defenses that involved both the '003 patent and the closely related '725 patent. While Plaintiff calls some of these statements "unsupported" or "confusing," nowhere does Plaintiff claim that anything in the preliminary statement is false. Where evidentiary facts aid in giving a full understanding of the complaint as a whole, or where evidentiary matters set forth in a pleading are relevant to the controversy and provide a background for an understanding of the issues, they should not, or need not, be stricken. *See, e.g., Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213 (D. Kan. 1998); *Schramm v. Krischell*, 84 F.R.D. 294 (D. Conn. 1979).

As Plaintiff points out, "[m]otions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Sun Microsystems, Inc. v. Versata Entm't., Inc.*, 630 F.Supp.2d 395, 400 (D. Del. 2009). But even Plaintiff's cited cases show that where references to prior litigation might have some evidentiary or legal significance, they should not be stricken. *Lakits v. York*, 258 F.Supp.2d 401, 409 (E.D. Pa. 2003).

Furthermore, a court should be reluctant to grant the severe remedy of striking material from a pleading if the court is in doubt as to whether the challenged matter may raise an issue of fact or law. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386 (D.R.I. 1998). If

there is any doubt as to whether the allegations might be an issue in the action, the court should deny the motion. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955 (C.D. Cal. 2000); *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d at 1216-17.

Plaintiff argues that "almost the entire 'Preliminary Statement'" is irrelevant, but courts still will not strike portion of pleading based on irrelevancy unless it can be shown that no evidence in support of the allegation would be admissible. *Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293 (Bankr. S.D.N.Y. 1999). *See also All America Ins. Co. v. Broeren Russo Const.*, Inc., 112 F.Supp. 2d 723 (C.D. Ill. 2000) (stating movant bears burden to demonstrate allegations are unrelated to plaintiff's claim). And mere immateriality is not enough to trigger the drastic measure of striking a pleading or parts thereof; in addition, the pleading must be unduly prejudicial. *Hardin v. American Elec. Power*, 188 F.R.D. 509 (S.D. Ind. 1999).

Here, Defendant pled res judicata, collateral estoppel, equitable estoppel and laches, among others, as affirmative defenses. The entire "Preliminary Statement" section of Defendant's Answer and Counterclaim and other references to Plaintiff's history, including the *Sleepy Hollow Bank* litigation that involved a closely related patent, is relevant to the affirmative defenses that the Defendant has pled and therefore has a bearing on this case. Under these circumstances, there is no basis for striking the preliminary statement

Plaintiff argues that this Court's holding in *Symbol Technologies, Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353 (D. Del. 2009) should somehow mean that this Court should strike the introductory section in Defendant's answer. That case, however, is easily distinguishable. Its Introduction and Summary stated, *id* at 359:

> Sometimes, when companies are losing in the marketplace, they sue - hoping that they can persuade jurors to overrule the verdict of the market. This lawsuit, filed

by [Symbol & Wireless Valley] (both wholly owned subsidiaries of global behemoth Motorola, Inc.), is that type of case…

Recognizing the superiority of Aruba's technologies, Symbol tried to get access to them by buying Aruba…

The Complaint fails to explain why the plaintiffs: waited for four years after Symbol's close inspection of Aruba's technology and business to sue; sued with no prior notice to Aruba; and chose to bring this lawsuit on the eve of Aruba's earnings announcement.

That explanation can be found in Aruba's success in the marketplace.

The Answer in *Symbol Technologies* was unrelated in any substantive way to the Defendant's defenses. In fact, the court noted that the introduction and summary simply impugned plaintiff's motives for seeking to lawfully enforce its patents. *Id*. at 359. That is not the case here. As noted above, the preliminary statement in Defendant's answer specifically relates to Defendant's affirmative defenses.

A more analogous case is *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 36 (N.D. Ill. 1980). There, the defendant moved under FRCP 12(f) to strike allegations about prior lawsuits brought by the plaintiffs, one of which found the patents at issue to be valid. The court denied the motion to strike, explaining that "a prior judicial determination of validity creates a presumption of validity that should only be disturbed, when in the second action, 'persuasive new evidence' is presented or when there is a 'material distinction between the cases.'" *Id*. at 35-36. *See also Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 1993 U.S. Dist. LEXIS 15075, *14-15 (C.D. Cal. July 1, 1993) (holding that a court may give a prior adjudication of patent validity considerable weight).

In the present action, JBTS sued Jack Henry and one of its customers on a closely-related patent, threatened to add claims arising out of the '003 patent into that action but did not, lost the case at trial on both non-infringement and invalidity grounds, sued Jack Henry customers in

Texas for allegedly infringing the '003 patent, then dropped that action. These actions by Plaintiff give rise to the affirmative defenses cited above, and therefore allegations about those actions should be given sufficient weight to survive a motion to strike.

Because Rule 12(f) is "a drastic remedy to be resorted to only when required for the interests of justice" the court should deny Plaintiff's motion to strike. *Poole v. Taylor*, 466 F.Supp.2d 578, 583 (D. Del. 2006).

      C.      **Plaintiff's attempts to strike Defendant's affirmative defenses should also fail.**

Motions to strike affirmative defenses are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142-43 (E.D. Pa. 2011) (internal quotation omitted); *see also Greiff v. T.I.C. Enterprises, LLC*, 2004 WL 115553, at *1 (D. Del. Jan. 9, 2004) (noting that motions to strike affirmative defenses are disfavored). A defendant is only required to provide a plaintiff of fair notice of its affirmative defenses, and this "standard does not require the pleading of the panoply of factual allegations in support of affirmative defenses. . . ." *Vurimindi v. Fuqua School of Business*, No. 10-234, 2011 WL 3803668, at *4 (E.D. Pa. Aug. 29, 2011). Thus, as this Court has explained, a motion to strike a defense is not granted "unless it appears to a certainty that ... [the movant] would succeed despite any state of the facts which could be proved in support of the defense." *Nokia Corp. v. Apple Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *2 (D. Del. June 1, 2011).

"The underpinning of this principle rests on a concern that a court should restrain from evaluating the merits of a defense where ... the factual background for a case is largely undeveloped." *Cipollone v. Ligget Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Indeed, courts routinely deny motions to strike on the grounds that the moving party may ascertain the

context of the other party's affirmative defenses through the discovery process. *See Greiff*, 2004 WL 115553, at *2.

Here, Plaintiff's motion does not even discuss this standard, much less try to meet it. And for good reason: Defendant's affirmative defenses clearly relate to the litigation at hand and cause Plaintiff no unfair prejudice. Plaintiff certainly was on notice when it filed its Complaint that it would have to prove infringement (i.e., overcome non-infringement defenses) and face a validity challenge (i.e., face an invalidity defense), among other commonly pled patent case defenses. It would be the rare case indeed for a defendant not to assert affirmative defenses of non-infringement or invalidity in the face of claims such as those brought by Plaintiff. That is particularly true here given the parties' litigation history, in which JHA was found not to be infringing the closely-related '725 patent and the claims in that patent were found to be invalid.

Plaintiff argues that "paragraph 19 must be stricken for not raising an affirmative defense." Paragraph 19 states that Jack Henry did not infringe on the '003 Patent. Plaintiff is technically correct – it, not JHA, bears the burden of proving infringement--but that is hardly a reason to strike this harmless allegation.

Plaintiff also argues that Paragraph 21 should be stricken because Defendant listed reasons why the patent-in-suit was invalid but did so "without sufficient detail to put [Plaintiff] on notice as to whether Defendant has information to support the allegations. . . ." But as mentioned above, such detail is not required. *Ligget Group, Inc*., 789 F.2d at 188. Furthermore, Plaintiff failed *to identify a single case* granting a Rule 12(f) motion to strike non-infringement or invalidity affirmative defenses in a patent case. In fact, earlier in Plaintiff's motion, it cites *Tyco Fire Prods. LP v. Victaulic Co*., 777 F.Supp.2d 893, 903 (E.D. Pa. Apr. 12, 2011), which clearly states that simply pleading "invalidity" as an "affirmative defense is plainly satisfactory."

*See also Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (denying a motion to strike invalidity and non-infringement affirmative defenses on grounds that "[t]hese affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced").

Finally, Plaintiff argues that Defendant makes a "mockery" of Fed.R.Civ.P. 8(c) by reserving the right to raise additional affirmative defenses after discovery has commenced. Plaintiff, however, fails to cite a single case holding that a defendant cannot reserve the right to raise additional affirmative defenses. Indeed, this happens all the time. For all of these reasons, the Court should not strike any of Defendant's affirmative defenses or any of Defendant's language therein.

**D.** **If Plaintiff's motion is granted in any respect, Jack Henry should be afforded leave to re-plead.**

Plaintiff's motion to strike and to dismiss should be denied outright. If, however, the Court finds that Jack Henry's counterclaim is deficient in any manner, e.g., because it did not specifically identify prior art references, or because it did not somehow properly incorporate its answer into the counterclaim, then this Court should give JHA leave to amend as provided by Fed.R.Civ.P. 15(a). The Supreme Court has instructed that leave to amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

## V.    <u>**CONCLUSION**</u>

For the foregoing reasons, Jack Henry respectfully request that the Court enter an order denying Plaintiff's Motion to Dismiss Pursuant to 12(b)(6) and Plaintiff's Motion to Strike pursuant to Rule 12(f).


Dated: January 14, 2013                    POLSINELLI SHUGHART PC
       Wilmington, Delaware

                                       */s/ Shanti M. Katona*
                                       Shanti M. Katona (Del. Bar No. 5352)
                                       222 Delaware Avenue, Suite 1101
                                       Wilmington, Delaware  19801
                                       Telephone:  (302) 252-0920
                                       Facsimile:  (302) 252-0921
                                       skatona@polsinelli.com

                                       OF COUNSEL:
                                       Russell S. Jones, Jr.
                                       Joshua M. McCaig
                                       Polsinelli Shughart PC
                                       Twelve Wyandotte Plaza
                                       120 W. 12th Street
                                       Kansas City, MO 64105
                                       Telephone:  (816) 421-3355
                                       Facsimile:  (816) 374-0509
                                       rjones@polsinelli.com
                                       jmccaig@polsinelli.com

                                       *Attorneys for Jack Henry & Associates, Inc.*

3212259.1

## CERTIFICATE OF SERVICE

I, Shanti M. Katona, hereby certify that a copy of the foregoing pleading was served upon all counsel of record via US First Class Mail and the United States District Court for the District of Delaware's ECF Document Filing System on the 14th day of January, 2013.

Stamatios Stamoulis
Richard C. Weinblatt
Two Fox Point Centre
6 Denny Road , Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com
*Attorneys for Plaintiff*

Steven W. Ritcheson
HENINGER GARRISON DAVIS, LLC
9800 D. Topanga Canyon Blvd., #347
Chatsworth, CA 91311
Telephone: 818-274-1883
Facsimile: 818-337-0383
swritcheson@hgdlawfirm.com
*Attorneys for Plaintiff*

*/s/ Shanti M. Katona*
Shanti M. Katona (Del. Bar No. 5352)

3212259.1