IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOAO BOCK TRANSACTION )
SYSTEMS, LLC, )
 )
          Plaintiff, )
 )
     v. ) Civ. No. 12-1138-SLR
 )
JACK HENRY & ASSOCIATES, INC., )
 )
          Defendant. )
 )

---

Stamatious Stamoulis, Esquire and Richard C. Weinblatt, Esquire of Stamoulis & Weinblatt LLC, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Maureen V. Abbey, Esquire, Jacqueline K. Burt, Esquire, M. Blair Clinton, Esquire, Joseph C. Gabaeff, Esquire, Jonathan R. Miller, Esquire, and Steven W. Ritcheson, Esquire of Heninger Garrison Davis, LLC.

Shanti M. Katona, Esquire of Polsinelli Shughart PC, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Russell S. Jones, Jr., Esquire, Joshua M. McCaig, Esquire, and Richard P. Stitt, Esquire of Polsinelli Shughart PC.

---

**MEMORANDUM OPINION**

Dated: June 1ʒ , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On September 14, 2012, Joao Bock Transaction Services, LLC ("JBTS") filed a

complaint against defendant Jack Henry & Associates, Inc. ("Jack Henry"), alleging that

certain Jack Henry products, "such as but not limited to its 'goDough' and 'NetTeller

Online Banking' products," infringe U.S. Patent No. 7,096,003 ("the '003 Patent"). (D.I.

1) On December 3, 2012, Jack Henry answered and counterclaimed. (D.I. 6)

Presently before the court is JBTS' motion for dismissal of Jack Henry's counterclaims

and to strike certain affirmative defenses and background information, filed December

27, 2012 (D.I. 11), and Jack Henry's motion for leave to file amended counterclaim, filed

February 12, 2013 (D.I. 21). The court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 1331 and 1338(a).

## II. BACKGROUND

JBTS is a Delaware limited liability company and maintains its principal place of

business at 116 Sweetfield Circle, Yonkers, New York 10704. (D.I. 1 at 1-2) Jack

Henry is a Delaware corporation and maintains its principal place of business at 663 W.

Highway 60, P.O. Box 807, Monett, MO 65708. (D.I. 1 at 2)

Jack Henry's answer and counterclaim includes statements such as:

. . . The '003 patent contained the exact same priority date (subject to a
terminal disclaimer), specification, description and drawings as [U.S.
Patent No. 6,529,725 ("'725 Patent")]. The claims of the ['725][1] and the
'003 patents are substantially – in many cases almost word for word – the
same. To obtain the '003 patent, JBTS dumped hundreds of references
totaling over 3200 pages – including the art JHA had disclosed in
discovery in the Sleepy Hollow litigation – on the examiner. . . .

---

[1] Jack Henry references an '075 patent here in the answer and counterclaim, but
corrects it to the '725 patent in the proposed amended answer and counterclaim.

1. . . . The substance of this patent was litigated in 2010 in the Southern District of New York, where a jury found unanimously that the ['725][2] patent, from which the '003 patent claims priority, was invalid and that Jack Henry's product did not infringe it. . . .

9. . . . However, Jack Henry denies that there was a "full and fair examination" of this patent. Raymond Joao dumped numerous references totaling thousands of pages on the patent office, including documents obtained during the litigation of the '725 patent, documents he knew the patent office would not actually consider but that would be documented on the face of the patent. Raymond Joao is a patent attorney and engaged in activities that necessarily prevented a fair and full examination of the '003 patent. . . .

24. . . . The claims in the '003 patent are substantially similar if not virtually identical to the claims in the '725 patent, and the court's final judgments of non-infringement and invalidity in the Sleepy Hollow litigation (which the Federal Circuit affirmed) preclude JBTS' asserting claims in the '003 patent against Jack Henry. . . .

33. Jack Henry avers that U.S. Patent No. 7,096,003 is void, invalid and unenforceable for the reasons set forth in its Answer to the Complaint filed by Plaintiff. . . .

(D.I. 6 at 2, 4, 9)

## III. STANDARDS OF REVIEW

### A. Motion To Dismiss Pursuant To Rule 12(b)(6)

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the

court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher*

*v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public

record, orders, exhibits attached to the complaint, and documents incorporated into the

complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d

---

[2] *See supra* note 1.

2

Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed.R.Civ.P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## B. Motion To Strike Pursuant To Rule 12(f)

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "As a general matter, motions to strike under Rule 12(f) are disfavored." *Fesnak and Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010). "When ruling on a motion to strike, the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law. Further, a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Symbol Techs., Inc. v. Aruba*

3

*Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. 2009) (internal quotations and citations omitted).

### C.  Motion For Leave To File Amended Counterclaim

The Federal Rules of Civil Procedure require courts to "freely give" leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, courts "ha[ve] discretion to deny a motion to amend for reasons of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Merck & Co., Inc. v. Apotex, Inc.*, 287 Fed. App'x 884, 888 (Fed. Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). After a pleading deadline has passed, courts have required the movant to also satisfy the more rigorous "good cause" standard of Fed. R. Civ. P. 16(b)(4).  *See, e.g., E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *ICU Med. Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009).

## IV. DISCUSSION

### A. Motion to Dismiss

Claims "[do] not require 'detailed factual allegations,' but . . . [demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).  JBTS contends that Jack Henry's counterclaims fail to state a claim because Jack Henry does not provide sufficient detail to give rise to a plausible claim for relief.  (D.I. 12 at 15-16)

The present case, however, is distinguishable from cases such as *Internet Media*, as there is far more than a bare allegation of wrongdoing in Jack Henry's

4

answer. *See Internet Media Corp. v. Hearst Newspapers*, LLC, 2012 WL 3867165, at
\*1 (D. Del. Sept. 6, 2012) (alleging only "[t]he claims of the . . . patent are invalid for
failing to comply with one or more of the requirements for patentability . . ." with no
additional facts is insufficient). In the instant action, the counterclaim does not simply
state that the patent is invalid; Jack Henry's counterclaim, as JBTS states, refers to
"reasons set forth in its Answer." (D.I. 12 at 16) The answer includes numerous details
indicating why Jack Henry believes the '003 patent is invalid, a sample of which
includes: the '003 patent is a continuation of a patent determined to be invalid (D.I. 6 at
2), the claims are fatally vague "because they do not particularly point out and distinctly
claim the subject matter of the invention" (D.I. 6 at 7), and that prior art existed prior to a
year before the patent application (D.I. 6 at 6). The court concludes that the
counterclaims provide sufficient notice to JBTS and denies its motion to dismiss.

## B. Motion To Strike

### 1. Introductory section and commentary

"Motions to strike are generally disfavored and ordinarily are denied unless the
allegations have no possible relation to the controversy and may cause prejudice to one
of the parties, or if the allegations confuse the issues." *Sun Microsystems, Inc. v.
Versata Entm't., Inc.*, 630 F. Supp. 2d 395, 400 (D. Del. 2009). JBTS' cited cases
themselves show that where references to prior litigation might have some evidentiary
or legal significance, they should not be stricken. *See In re DBSI, Inc.*, 2011 WL
607398, at \*3 (D. Del. Feb. 4, 2011) (finding "factual allegations . . . related to the
adversary proceeding" should not be stricken). *See Symbol Techs., Inc.*, 609 F. Supp.
2d at 359 (holding prefatory comments not incorporated into or related to the answer or
counterclaim should be stricken). Here, the introductory material is related to Jack

5

Henry's equitable defenses in a substantive way. Further, JBTS' claims that implying fraud on the PTO in commentary is "scandalous" is incorrect; fraud is a potential defense and, therefore, must be considered relevant to the controversy.[3]

## 2. Affirmative Defenses

A motion to strike a defense is not granted "unless it appears to a certainty that . . . [the movant] would succeed despite any state of the facts which could be proved in support of the defense." *Nokia Corp. v. Apple Inc.*, 2011 WL 2160904, at *2 (D. Del. June 1, 2011) (citing *Greiff v. T.I.C. Enters., L.L.C.*, 2004 WL 115553, at *2 (D. Del. Jan. 9, 2004) (internal quotations omitted)). Here, Jack Henry's affirmative defenses contain supporting facts. Construing the facts in the light most favorable to Jack Henry, the court declines to strike Jack Henry's affirmative defenses (D.I. 6 at ¶¶ 19, 21, 23, 24, and 26), as their insufficiency is not clearly apparent. *See Symbol Techs., Inc.,* 609 F. Supp. 2d at 357 (holding claims "not limited to a particular factual situation nor subject to resolution by simple or hard and fast rules" should not be dismissed at early stages of proceedings if some supporting facts exist.). The court denies JBTS' motion to strike.

## C. Motion For Leave To Amend Counterclaim

Jack Henry seeks to amend its counterclaim, asserting that the '003 patent is "void, invalid, and uneforceable" and adding more factual details. JBTS opposes the amendment solely on the basis that the answer and counterclaim still contain the same improperly pled, inflammatory, and prejudicial material. The court addressed those arguments above; therefore, the court grants Jack Henry's motion for leave to file an amended counterclaim.

---

[3] Jack Henry did not allege fraud as an affirmative defense, but reserves the right to do so and presents supporting facts. (D.I. 6 at ¶ 26)

## V. CONCLUSION

For the foregoing reasons, the court denies JBTS' motion to strike and dismiss, and grants Jack Henry's motion for leave to file amended counterclaim. Jack Henry's amended answer and counterclaim attached to its motion is deemed filed and served as of the date of this order. (D.I. 21, ex. A) An appropriate order shall issue.