*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | § § § § |
| Plaintiff, | § § |
| v. | § § |
| JACK HENRY & ASSOCIATES, INC., | § § Case No. 1:12-cv-01138-SLR |
| Defendant. | § § § § § § § § |

EXPERT DECLARATION OF IVAN ZATKOVICH

**In Support of Plaintiff's Opposition to Defendant Jack Henry & Associates, Inc.'s
Motion for Summary Judgment of Invalidity
Based on Collateral Estoppel**

**And Further In Support of**

**Plaintiff's Cross-Motion for Summary Judgment of No Collateral Estoppel**

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

*TABLE OF CONTENTS*

I.      INTRODUCTION....................................................................................... 4
        A.     Excerpt from final judgment in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.*, .......................................................... 5

II.     QUALIFICATIONS ..................................................................................... 7

III.    LEGAL STANDARDS ............................................................................... 10

IV.     MATERIALS REVIEWED AND METHODOLOGY ................................. 13

V.      PERSON OF ORDINARY SKILL IN THE ART .................................... 15

VI.     TECHNOLOGY BACKGROUND ............................................................ 16

VII.    SUMMARY OF OPINIONS ...................................................................... 18

VIII.   SUBSTANTIAL DIFFERENCES IN COMMON TERMS BETWEEN THE
        '003 PATENT AND THE '725 PATENT ................................................ 20
        A.     authorization request ................................................................... 22
        B.     central transaction processing computer ...................................... 22
        C.     communication device .................................................................. 22
        D.     hold ............................................................................................... 23
        E.     network computer ......................................................................... 23
        F.     in real time ................................................................................... 23
        G.     receiver......................................................................................... 24
        H.     transaction security apparatus ..................................................... 24
        I.     Table of Defined '003 Patent Terms and Construed '725 Patent Terms .. 25

IX.     LIMITATIONS OF THE '003 PATENT NOT INCLUDED IN THE
        INVALIDATED CLAIMS OF THE '725 PATENT.................................. 36
        A.     '003 Patent, Independent Claim 30........................................... 38
               i.     '003 Patent, Dependent Claim 31 ................................. 51
               ii.    '003 Patent, Dependent Claim 32 ................................. 56
               iii.   '003 Patent, Dependent Claim 34 ................................. 63
               iv.    '003 Patent, Dependent Claim 35 ................................. 69
               v.     '003 Patent, Dependent Claim 41 ................................. 74
        B.     '003 Patent, Independent Claim 102......................................... 80
               i.     '003 Patent, Dependent Claim 106 ............................... 97
               ii.    '003 Patent, Dependent Claim 108 ............................. 101
               iii.   '003 Patent, Dependent Claim 109 ............................. 105
               iv.    '003 Patent, Dependent Claim 122 ............................. 110
               v.     '003 Patent, Dependent Claim 125 ............................. 114
        C.     '003 Patent, Independent Claim 317......................................... 117
               i.     '003 Patent, Dependent Claim 318 ............................. 129
               ii.    '003 Patent, Dependent Claim 319 ............................. 134

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

|     |     |       |                                                        |     |
|-----|-----|-------|--------------------------------------------------------|-----|
|     |     | iii.  | '003 Patent, Dependent Claim 320                       | 139 |
|     |     | iv.   | '003 Patent, Dependent Claim 324                       | 145 |
|     |     | v.    | '003 Patent, Dependent Claim 327                       | 149 |
|     |     | vi.   | '003 Patent, Dependent Claim 330                       | 153 |
|     |     | vii.  | '003 Patent, Dependent Claim 331                       | 157 |
|     |     | viii. | '003 Patent, Dependent Claim 337                       | 161 |
|     |     | ix.   | '003 Patent, Dependent Claim 342                       | 170 |
|     |     | x.    | '003 Patent, Dependent Claim 343                       | 175 |
|     | D.  |       | '003 Patent, Independent Claim 370                     | 180 |
|     |     | i.    | '003 Patent, Dependent Claim 371                       | 191 |
|     |     | ii.   | '003 Patent, Dependent Claim 372                       | 196 |
|     |     | iii.  | '003 Patent, Dependent Claim 374                       | 200 |
|     | E.  |       | '003 Patent, Independent Claim 414                     | 205 |
|     |     | i.    | ''003 Patent, Dependent Claim 415                      | 214 |
|     |     | ii.   | '003 Patent, Dependent Claim 416                       | 221 |
|     |     | iii.  | '003 Patent, Dependent Claim 417                       | 225 |
|     |     | iv.   | '003 Patent, Dependent Claim 418                       | 229 |
|     |     | v.    | '003 Patent, Dependent Claim 419                       | 232 |
|     |     | vi.   | '003 Patent, Dependent Claim 420                       | 236 |
|     |     | vii.  | '003 Patent, Dependent Claim 422                       | 239 |
|     |     | viii. | '003 Patent, Dependent Claim 423                       | 243 |
| X.  |     |       | **CONCLUSION**                                         | **247** |
| XI. |     |       | **SIGNATURE**                                          | **249** |
| **APPENDIX A.** |  | | **CURRICULUM VITAE**                         | **251** |
|     | A.  |       | Education:                                             | 251 |
|     | B.  |       | Sample Case Experience:                               | 252 |
|     |     | i.    | Ronald A. Katz v. Fifth Third Bank                    | 252 |
|     |     | ii.   | IBM v. Amazon.com                                     | 252 |
|     |     | iii.  | Bid For Position v. AOL, Google, Microsoft, MIVA Inc. | 252 |
|     |     | iv.   | Dallal v. New York Times                              | 252 |
|     |     | v.    | TGIP v. AT&T, IDT, et.al.                             | 252 |
|     |     | vi.   | Nuance Communications v. TellMe Networks (Microsoft)  | 252 |
|     | C.  |       | Professional Experience:                              | 254 |
|     | D.  |       | 1987 to1996                                           | 256 |
|     | *E.*  |     | *GTE Data Services (currently Verizon) Tampa, FL*    | 256 |
|     | F.  |       | Technical Tools & Environments:                       | 257 |
|     | G.  |       | Certifications & Publications:                        | 257 |
| **APPENDIX B.** |  | | **CASE LISTING**                             | **258** |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## I. INTRODUCTION

1. I, Ivan Zatkovich, have been retained by Heninger Garrison Davis, LLC ("HGD") counsel for Plaintiff, Joao Bock Transaction Systems, LLC, ("JBTS" or "Plaintiff") as an expert witness in the matter of *Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc., Case No. 1:12-cv-01138-SLR*. I understand that the dispute in this matter relates to JBTS's claims that Defendant, Jack Henry & Associates, Inc. ("JHA" or "Defendant") has infringed U.S. Patent No. 7,096,003 (the "'003 Patent"), owned by JBTS. I expect to testify in court regarding the matters stated in this Declaration, or if asked about those matters by the court or by the parties' attorneys. eComp Consultants, having an address at 301 W. Platt Street, #365, Tampa, Florida 33606, is compensated at a rate up to $475 per hour for my work on this matter. This compensation for labor is independent of the outcome of this case.

2. I have been also asked by HGD counsel for JBTS to opine on JHA's motion for summary judgment of invalidity based on collateral estoppel effect of the final judgment in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al*., No. 03-CV-10199 (S.D.N.Y 2010), affirmed, 445 Fed. Appx. 359 (Fed. Cir. 2011) ("JBTS v Sleepy Hollow"). I have been also asked by HGD counsel for JBTS to opine on the potential effect of the judgment in JBTS v. Sleepy Hollow on the Asserted Claims of the '003 Patent for purposes of supporting Plaintiff's Cross-Motion for Summary Judgment of No Collateral Estoppel effect of the final judgment in JBTS v Sleepy Hollow. I therefore submit this declaration documenting my opinions with respect to JHA's motion and Plaintiff's Cross-Motion.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

3.      I reserve the right to supplement this Declaration to account for any

additional documents or testimony that becomes available or is relied on by Defendant or

Defendant's experts and information or testimony provided by other experts retained by

any parties in this matter.

4.      I expect to be called as an expert witness to testify if required by the court

regarding the matters set forth in this declaration.  I understand I may also be asked to

rebut testimony or opinions given on behalf of Defendant. I may use visual aids,

including demonstrative physical exhibits that embody equipment and apparatus of the

type discussed herein, and other demonstrative exhibits including but not limited to blow-

ups of patents, documents referred to in the prosecution histories, documents of record,

documents produced by the parties in discovery, interrogatory responses, deposition

testimony and/or deposition exhibits.  Also, I may prepare diagrams, summaries, charts,

videos and/or computer generated animations to help explain the technology involved in

this case.  I have not yet prepared any such demonstrative documents.

**A.      Excerpt from final judgment in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.*,**

5.      Regarding US Patent No. 6,529,725 (the '725 Patent),

7. Claims 108 and its dependent claim 109 are invalid for each of the following reasons: (1) each of the claims is invalid under 35 U.S.C. § 102(a) because the claimed invention was not new or novel as of August 8, 1996, the alleged date of invention; (2) each of the claims is invalid because Mr. Joao and Mr. Bock were not the first to invent the claimed invention under 35 U.S.C. § 102(e); (3) each of the claims is invalid because it fails to meet one of the statutory bars set forth in 35 U.S.C. § 102(b); and (4) each of the claims is invalid because it would have been obvious to a person of ordinary skill in the relevant art as of August 8, 1996, the alleged date of invention.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

8. Claims 267 and its dependent claims 280, 293 and 294 are invalid for each of the following reasons: (1) each of the claims is invalid under 35 U.S.C. § 102(a) because the claimed invention was not new or novel as of August 8, 1996, the alleged date of invention; (2) each of the claims is invalid because Mr. Joao and Mr. Bock were not the first to invent the claimed invention under 35 U.S.C. § 102(e); (3) each of the claims is invalid because it fails to meet one of the statutory bars set forth in 35 U.S.C. § 102(b); and (4) each of the claims is invalid because it would have been obvious to a person of ordinary skill in the relevant art as of August 8, 1996, the alleged date of invention.

July 21, 2010 Judgment Entered by the Court in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al*. page 3.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## II.   QUALIFICATIONS

6.      I am Principal Consultant of eComp Consultants, a position I have held for over 10 years. I have over twenty-seven years' experience in computer science including eleven years of experience specifically targeting transaction processing for various business applications including banking, financial, and insurance applications.

7.      eComp Consultants provides professional consulting services relating to computer and technical issues in a wide range of industries including Business & Finance, Telecommunications and Internet eCommerce.   Such consulting services include working with clients on specific information technology projects, process improvement, project management and other technology issues as well as providing professional expert witness services.

8.      At eComp Consultants, I have been qualified as a technical expert in over 24 matters, and with respect to Business & Financial services technologies in 8 matters in particular.  A complete list of the cases in which I have testified in the last four years is included in Appendix B.

9.      I received a Bachelor's degree in Computer Science, with a minor in Electrical Engineering Digital Circuit Design, from the University of Pittsburgh in 1980. I completed a Master's thesis in Computer Networks, which was published in Byte Magazine.  My curriculum vitae, attached hereto as Appendix A, includes detailed information of my professional career.

10.      From 1980 to 1987, I was a software engineer at Digital Equipment Corporation where I developed complex device drivers, database storage and retrieval

systems, and electronic transaction processing using electronic data interchange (EDI) standards.

11.    From 1987 to 1996, I was an Architect and Manager for GTE/Verizon Telecom where I developed billing applications for electronic transactions and systems for reconciliation of inter-exchange carrier transactions.

12.    From 1996 to 1999, I was Director of Networks and Customer Support at Utility Partners Inc., where I designed and managed a system to automatically create electronic transactions to wirelessly transmit service orders and status results to and from Mobile Field units for various Utility companies.

13.    From 1999 to 2002, I was an eBusiness Manager at Tanning Technology & IMR Global I developed various financial applications for companies such as ETrade, Smith Barney, Citicorp,. I have also designed and developed transaction processing applications for GEICO and Hartford Insurance.

14.    From 2002 to 2007, I was  eBusiness Director at Evatone, Inc. I have developed Financial applications for Wachovia and CapitolOne and  eCommerce applications which incorporate payment gateways to process electronic payments directly through bank Merchant Accounts.

15.    I have been frequently retained to provide my expert opinion on matters concerning patent disputes for over 10 years. I have given testimony as an expert at trial and by deposition that directly relate to the technology described in the patents-in-suite. A list of cases I have provided testimony in is attached in Appendix B.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

16.     By virtue of the above experience, I have gained a detailed understanding of the technology that is at issue in this case. In addition, my experience with financial transaction data processing, the technical design of Banking and Accounting software applications, and an understanding of financial system requirements based on contractual terms (i.e., developing financial system requirements based on account contract terms) are directly relevant to the subject matter of the Patents-in-Suit.

## III.   LEGAL STANDARDS

17.     In my analysis of the Defendant's arguments for collateral estoppel, I have requested guidance from JBTS's attorneys with respect to the legal standards applicable to collateral estoppel and include the guidance I have received herein.

18.     I am informed by JBTS's attorneys that, in patent litigation, defensive collateral estoppel may be used if the accused infringer shows: "(1) that a patent was found invalid in a prior case that had proceeded through final judgment and in which all procedural opportunities were available to the patentee; (2) that the issues litigated were identical; and (3) that the party against whom estoppel is applied had a full and fair opportunity to litigate." *Cephalon, Inc. v. Impax Labs., Inc*., 2012 WL 3867658, at *2 (D. Del. Sept. 6, 2012) (SLR) (citing *Abbott Labs. v. Andrx Pharma., Inc*., 473 F.3d 1196, 1203 (Fed.Cir.2007) and quoting *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found*., 402 U.S. 313 (1971)).  Regional Circuit law controls the determination of whether prior findings invoke collateral estoppel pursuant to these guidelines. *Abbott Labs.*, 473 F.3d. at 1202–03.  In the Third Circuit, collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Cephalon, Inc*., at *2 (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc*., 458 F.3d 244, 249 (3d Cir.2006)).  The Third Circuit also considers whether the party being precluded had "a full and fair opportunity to litigate the issue in question in the prior litigation" and, in addition, whether the issue was determined by final judgment. *Id*.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

19.     I am also informed by JBTS's attorneys that, a judgment of invalidity in one patent action operates to bar relitigation of the validity of the same patent in a subsequent action, by collateral estoppel. *Senju Pharma. Inc. v. Lupin Ltd*., 2012 WL 6090354 (D. Del. Dec. 7, 2012) (SLR) (citing *Blonder–Toungue*, 402 U.S. at 349–50). Further, unadjudicated patent claims may be barred by collateral estoppel if "'the issue of invalidity common to each action is substantially identical.' It is the issues litigated, not the specific claims around which the issues were framed, that is determinative." Id. (quoting *Westwood Chem., Inc. v. United States*, 207 Ct.Cl. 791, 525 F.2d 1367, 1372 (1975)). Collateral estoppel may also operate to bar relitigation of common issues in actions involving different but related patents. *Mycogen Plant Sci., Inc. v. Monsanto Co*., 252 F.3d 1306, 1310 (Fed.Cir.2001).

20.     I am further informed by JBTS's attorneys that, when determining whether estoppel applies, the first consideration is "whether the issue of invalidity common to each action is substantially identical." *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1136 (Fed. Cir. Oct. 9, 1985) (quoting *Carter-Wallace, Inc. v. U.S*., 496 F.2d 535, 538 (1974)).  Each claim is still entitled to the presumption of validity afforded it by the Patent Laws.  Id. at 1137 (citing 35 U.S.C. 282).  Where obviousness is the basis for the prior invalidity holding, an inquiry into the identity of the validity issue is more properly phrased in terms of the factual inquiries mandated by *Graham v. John Deere Co*., 383 U.S. 1, 17 (1966), as a prerequisite to such a validity determination.  IPC, 774 F.2d at 1136.  Applying the *Graham* factors, the inquiry should be whether the nonlitigated claims present new issues as to the art pertinent to the nonlitigated claims; as

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

to the scope and content of that art; as to the differences between the prior art and the nonlitigated claims; and as to the level of ordinary skill in that art. *IPC*, 774 F.2d at 1136 (citing *Westwood Chemical, Inc*., 525 F.2d at 1375. If none of these inquiries raises any new triable issues, then the obviousness determination in the prior proceeding should be equally applicable to the nonlitigated claims *Id*.

21.     Additionally I am informed by JBTS's attorneys that, a Markush group is a listing of specified alternatives of a group in a patent claim, typically expressed in the form: a member selected from the group consisting of A, B and C." *Abbott Labs. v. Baxter Pharm. Products, Inc*., 334 F.3d 1274 (Fed. Cir. 2003). Markush type claim recitation allows the inventor(s) to recite the claim with alternatives. However, if one of the items in the Markush grouping is found in the prior art (along with other elements of the claim), and the other items in the Markush group are not found in the prior art, the entire claim is rendered invalid.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## IV. MATERIALS REVIEWED AND METHODOLOGY

22.     In forming my opinions, I have relied on my years of professional knowledge and experience relating to the IT industry, including financial transaction systems and networks.  I am guided in forming my opinions by the legal standards for claim construction of which I have been informed by JBTS's attorneys. In addition to my knowledge, experience and legal guidance, I also studied material including U.S. Patent No. 7,096,003 (the "'003 Patent") and its file history, the Asserted Claims include dependent claims 31, 32, 34, 35, 41, 106, 108, 109, 122, 125, 318, 319, 320, 324, 327, 330, 331, 337, 342, 343, 371, 372, 374, 415, 416, 417, 418, 419, 420, 422, 423 and the independent claims 30, 102, 317, 370 and 414 from which they depend, and specific portions of the '003 file history including the Sept. 12, 2005 Preliminary Amendment (in the File History of the '003 Patent), and the October 16, 2004 Amendment (in the File History of the '003 Patent).  Both of the amendments are attached hereto as Exhibits A and B, respectively.  I focused primarily on the foregoing documents in my review.

23.     I also reviewed all the parties' patent disclosures and filings with respect to the collateral estoppel issues raised by JHA's motion and Plaintiff's Cross-Motion, including the filings by JHA, and its claim charts (D.I. 57, 58, 58-1 through 58-16, and 59). (attached hereto as Exhibits C-U).

24.     I also reviewed all Markman Orders related to claim construction in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank et al*., No. 7:03-cv-10199 (S.D. New York) (hereinafter called the "'725 patent litigation"), including Dkt. Nos. 36, 53, 55, 58 and 59 (attached hereto as exhibits V-Z), as well as the parties Joint Claim

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

Construction Statement (SDNY Dkt. No. 34), and relevant portions of the trial transcript

of the '725 patent litigation (attached hereto as Exhibit AA and BB).

25.     In addition to my own review of the aforementioned documents, I relied

upon discussions with Raymond Joao, one of the inventors of the '003 Patent. I also

consulted JBTS's attorneys to provide clarification on matters of law.

26.     I reserve the right to rely upon these documents during my testimony,

and/or to produce demonstrative exhibits based on this information.  In addition to the

material discussed above, I reserve the right to consider the opinions of other experts in

this case and to supplement my opinions as appropriate.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## V.   PERSON OF ORDINARY SKILL IN THE ART

27.    I have approached my analysis of claims in the '003 Patent from the perspective of a hypothetical person of ordinary skill in the art, which means the level of skill of a person of ordinary skill in the art at the time of the filing of the '003 Patent. The claimed invention's priority date is August 8, 1996.  In order to determine who a hypothetical person of ordinary skill would be for purposes of my Declaration, I have considered what was reasonably known by one of ordinary skill in the art as of August 1996, as well as the education levels of active workers in the field, the problems encountered in working in the field of financial transactions, the nature of the prior art relating to the field, and the complexity and speed of the development of the technology.

28.    It is my opinion that a person having ordinary skill in the art in 1996 would have the equivalent of an associate degree in computer science and at least two years of experience working with financial transactions in an IT capacity.  This opinion is based upon my experience in the financial technology industry at the time, and my experience regarding those who I was working with.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

# VI.   TECHNOLOGY BACKGROUND

29.     It is my opinion that the preamble in the Asserted Independent Claims 30, 102, 317, 370 and 414 of the '003 Patent adds an additional claim limitation (and through them into the claims depending from them) thereby creating a new issue that was not previously litigated and which is substantially different from the scope of the '725 previously litigated claims.  This difference, which is both substantial and substantive, exists because the '725 asserted claims are directed broadly to any apparatus that was able to communicate and provide for remote banking stop payment services whereas the Asserted Claims of the '003 patent (both independent and dependent) are narrowly directed to Internet, wireless, and mobile.

30.     It is also my opinion that the additional claim elements of the Asserted Claims implicate different technology and different fields of art from that contemplated by the scope of the '725 asserted claims.  These additional claim elements raise new issues of patentability and validity that are substantially dissimilar to and different from those issues litigated in the '725 patent litigation.

31.     In the field of financial transaction systems, it has been my experience that the financial institutions that own these systems to be very conservative with respect to adoption of new technology and investing in developing unproven technology. For example, in the U.S. we continue to rely on magnetic stripe technology that was developed in the '60s for credit and debit cards whereas other countries have moved on to having cards with embedded electronic chips. At the time of the invention of the '003 Patent, technology for secure transactions over the internet was viewed as too immature.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

32.     The inventions of the Asserted Claims of the '003 patent were contrary to the teachings in the art at the time of the invention.  Based upon my experience in telecommunications and financial processing, the added claim limitation of the preamble in these claims was actually taught away from conventional security measure teachings in the field of art at the time of the invention. Then as now, the focus on secure internet transaction technology was on improving encryption (securing the communications link) and authentication (passwords and PINs). This focus does not provide security if your credentials (passwords, PINs, credit cards) are stolen.

33.     The protection afforded by a traditional internet security strategy is far from complete. As of 2013, there are almost 12 million victims of identity theft in the U.S. each year costing $21 billion in losses (U.S. Department of Justice, Javelin Strategy & Research, 6.18.2013, http://www.statisticbrain.com/identity-theft-fraud-statistics/). Ongoing stories in the news of mass data breaches of private personal and financial information help sustain this important issue in the public awareness.

34.     By investigating internet financial transaction security in the area of authorization security, it is my opinion that the inventors of the '003 Patent were breaking new ground in 1996 that is just starting to gain traction in the financial industry today. The inventions documented in the '003 Patent, if implemented can help victims of identity theft limit their losses. Thus I consider the inventions documented in the asserted claims of the '003 Patent to be novel for their time and pioneers in the field today.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## VII.  SUMMARY OF OPINIONS

35.    Based on my experience, and the information I have reviewed, I have formed the following opinions, which are established by the research and analysis included in this Declaration and the legal guidance I have received from JBTS's attorneys.

a.  Defendant has **failed to establish** the application of collateral estoppel based on the judgment in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.* because their allegations that, an issue of invalidity common to each action is substantially identical, is unsupported.

    i.  Defendant has supplied **no support in their analysis** for collateral estoppel from intrinsic or extrinsic evidence other than to recite the asserted independent claims of the '003 Patent with a claim selected from the '725 Patent and/or make a conclusory statement (i.e. "Obvious")

    ii.  Defendant provides **no analysis of the dependent claims** asserted in the '003 Patent.

b.  Not only has defendant not proven collateral estoppel, the intrinsic evidence when viewed from the perspective of a person of skill in the art, **teaches away from a conclusion of collateral estoppel**.

    i.  The asserted claims of the '003 Patent are **substantially different** from the claims of the '725 Patent that were invalidated in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.*

18

ii. Terms common to both the '003 Patent and '725 Patent have

**substantially different** definitions.

## VIII. SUBSTANTIAL DIFFERENCES IN COMMON TERMS BETWEEN THE '003 PATENT AND THE '725 PATENT

36.     Relating to the claims of the '003 Patent,

    a.   Independent claims 30, 102, 317, 370, 414 of the '003 Patent have been asserted.

    b.   Dependent claims 31, 32, 34, 35, 41, 106, 108, 109, 122, 125, 318, 319, 320, 324, 327, 330, 331, 337, 342, 343, 371, 372, 374, 415, 416, 417, 418, 419, 420, 422, 423 of the '003 Patent have been asserted.

37.     For terms used in this analysis, I use the claim constructions from the *JBTS v. Sleepy Hollow* Markman Orders and the Joint Claim Construction Statement for the '725 Patent and I use the Sept. 12, 2005 Preliminary Amendment definitions for the '003 Patent and the Oct. 16, 2004 Preliminary Amendment definitions for the '003 Patent as well. I am informed by JBTS's attorneys that the claim constructions from the *JBTS v. Sleepy Hollow* Markman Orders and the Joint Claim Construction Statement only apply to the '725 Patent and the Sept. 12, 2005 Preliminary Amendment definitions and the Oct. 16, 2004 Preliminary Amendment definitions only apply to the '003 Patent.

38.     Substantial differences appear in the definitions/constructions given for certain terms.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

39.     These differences in the definitions/constructions of the terms and the different phraseology of the claim elements impact the scope of the claims of the asserted claims of the '725 Patent and also impact the scope of the claims of the Asserted Claims of the '003 Patent.

40.     It is my opinion, based upon my experience in the field, and my knowledge and understanding of the technical arts pertinent to the inventions of the '725 Patent and the '003 Patent, that the substantial differences in the definitions/constructions of the claim terms, and the claim phraseology, result in very different scope of the Asserted Claims of the '003 Patent when compared with the scope of the asserted claims of the '725 Patent.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**A.      authorization request**

41.      The term, "authorization request" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The court's claim construction of "authorization request" in the '725 patent includes the limitation of "query sent to the central processing computer" that is lacking in the definition in the 003 Patent which does not specify a destination.

**B.      central transaction processing computer**

42.      The term, "central transaction processing computer" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.

**C.      communication device**

43.      The term, "communication device" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**D.     hold**

44.     The term, "hold" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The construction of "hold" in the '725 Patent includes the limitation of "access to funds" rather than merely "use of an account" of the '003 Patent. Thus the '003 Patent definition allows a hold can be placed on non-fund accessing activities on an account such as checking a balance. Moreover, the '725 Patent construction includes the limitation of "in a checking, savings or automated teller machine account" whereas the '003 Patent definition merely references "an account."

**E.     network computer**

45.     The term, "network computer" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The construction of "network computer" in the '725 Patent specifies a "'thin' computer" whereas the definition in the '003 Patent does not limit the computer of "network computer" to being a 'thin' computer.

**F.     in real time**

46.     The term, "in real time" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The construction of "in real time" in the '725 Patent includes the limitation of "at the same time that a transaction is taking place," whereas the '003 Patent definition of "time during which something takes place" does not rely on a transaction.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**G.**     **receiver**

47.     The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are* not *in usable form.*

**H.**     **transaction security apparatus**

48.     The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## I.    Table of Defined '003 Patent Terms and Construed '725 Patent Terms

49.    The terms defined in the '003 Patent and construed in the '725 Patent are listed below.

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| authorization request[1] | "Authorization request" means "something, an action, operation, process, or function, taken or performed to determine or to ascertain whether or not a transaction or an activity is allowed or approved, or an asking for an approval or allowance of, for, or regarding, a transaction or an activity, or data or information used in determining or ascertaining whether or not a transaction or an activity is allowed or approved, or an asking for whether or not a transaction or an activity is allowed or approved." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.147 | I adopt the following definition: "a query sent to the central processing computer via a communications medium, seeking approval or disapproval of a transaction or activity." March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.5 |

---

[1] The term, "authorization request" is **substantially different** in the '725 Patent than the '003 Patent. The court's claim construction of "authorization request" in the '725 patent includes the limitation of "query sent to the central processing computer" that is lacking in the definition in the 003 Patent which does not specify a destination.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| at least one of … and … | "at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."  Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. | Therefore, in the context of the '725 patent, I define the phrase "at least one of... and..." in connection with a list of items to mean "one or more of one or more of the items contained in the list." I hasten to add that this definition is adopted solely to square the claim language in the '725 patent with the patent's specifications. Thus, this decision has absolutely no precedential value for any other patent.  Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| banking transaction | "Banking transaction" means "a transaction affecting or involving a deposit account, or a transaction affecting or involving a bank account or a financial account."  Sept. 12, 2005 Prelim Amendment to the '003 Patent p.148 | I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."  Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11 |
| banking transaction terminal | "Banking transaction terminal" means "a device used in connection with a banking transaction, or a device used in performing a banking transaction, or a device for processing information regarding a banking transaction."  Sept. 12, 2005 Prelim Amendment to the '003 Patent p.148 | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|------|---------------------------|-------------------------------|
| central processing computer | "Central processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.150 | |
| central processing device | | "Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 |
| central transaction processing computer[2] | "Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149 | I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a memory device." <br> March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12 |

---

[2] The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| communication device[3] | "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 | "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>    Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| electronic mail message[4] | "Electronic mail message" means "a message sent and received electronically, or a message sent by one device or computer and received by another device or computer."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.152 | I adopt the following definition: "A digital text message that is sent over a communications network from one device to another.<br>    March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.7 |
| hold | "Hold" means "an instruction, notation, or data or information, which prohibits something from happening, or which prohibits use of an account, or which prohibits access to funds in an account."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.152 | The term "hold" in the context of the '725 patent means, "A notation limiting access to funds in a checking, savings or automated teller machine account."<br>    Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.10 |

---

or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.

[3] The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.

[4] The term, "hold" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "hold" in the '725 Patent includes the limitation of "access to funds" rather than merely "use of an account" of the '003 Patent. Thus the '003 Patent definition allows a hold can be placed on non-fund accessing activities on an account such as checking a balance. Moreover, the '725 Patent construction includes the limitation of "in a checking, savings or automated teller machine account" whereas the '003 Patent definition merely references "an account."

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| input device | "Input Device" means "a device or set of devices through which data or information is brought into another device, or a device or set of devices through which data or information is entered into another device, or a device or set of devices via which data or information is entered into another device or brought into another device."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.154 | "Input device" means "a device or set of devices 14 through which data is brought into another device."<br>        Trial Transcr. at p. 26, lns. 13-14.  Mar. 16, 2010 |
| inputting | "Inputting" means "entering, or using a device or set of devices through which data or information is brought into another device, or using a device or set of devices through which data or information is entered into another device, or entering data or information into a device."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.155 | |
| limitation | "Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 | "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| memory device | "Memory device" means "a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br>  Sept. 12, 2005 Prelim Amendment to the '003 Patent.157 | "Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br><br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| network computer[5] | "Network computer" means "a device or computer which can receive a signal, data, information, or a message, from another device or computer in or via a communication network, or a device or computer which can transmit a signal, data, information, or a message, to another device or computer in or via a communication network."<br>  Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 | I concur with defendants' suggestion that "network computer" was a term of art in the industry, describing the (apparently extinct) "thin" computer.<br>  June 13, 2006 JBTS v. Sleepy Hollow Supplement to Second Markman Decision |
| processes | "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>  Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 | |

[5] The term, "network computer" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "network computer" in the '725 Patent specifies a "'thin' computer" whereas the definition in the '003 Patent does not limit the computer of "network computer" to being a 'thin' computer.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| processing | "Processing" means "performing an operation, an action, or a function, on, with, or regarding, data or information, or performing a number of operations, actions, or functions, on, with, or regarding, data or information, or performing an operation, an action, or a function, or performing a number of operations, actions, or functions." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.162 | "Programmed" means "provided with an instruction or instructions to accomplish some purpose". 10.29.08 Joint Markman Claim Construction Statement, p. 2 |
| processing device | "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 | |
| programmed | "Programmed" means "provided with an instruction or instructions to perform an action, operation, or function, or provided with an instruction or instructions to perform a number of actions, operations, or functions." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.163 | "Programmed" means "provided with an instruction or instructions to accomplish some purpose". 10.29.08 Joint Markman Claim Construction Statement, p. 2 |
| prohibiting | "Prohibiting" means "preventing or forbidding." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.164 | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| prohibits | "Prohibits" means "prevents or forbids." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.164 | "Prohibits" means "to prevent or forbid." 10.29.08 Joint Markman Claim Construction Statement, p. 2 |
| real time, real-time, in real time[6] | "In real-time" means "immediately, or instantaneously, or at once, or the actual time during which something takes place, or in the actual time during which something takes place." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.156 | I adopt the following definition: "at the same time that a transaction is taking place." March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.10 |
| receiver[7] | "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 | "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| restriction | "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166 | "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition". 10.29.08 Joint Markman Claim Construction Statement, p. 2 |

---

[6] The term, "in real time" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "in real time" in the '725 Patent includes the limitation of "at the same time that a transaction is taking place," whereas the '003 Patent definition of "time during which something takes place" does not rely on a transaction.

[7] The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| signal | "Signal" means "an indication, or an indication having or conveying data, information, or a message, or a conveyor of data, information, or a message, or an electrical, electronic, electromagnetic, optical, digital, visual, audible, or other, indication having or conveying data, information, or a message, or an indication representing data or information." Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 167 | "Signal" means, "A visual, aural or other indication used to convey information." Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.9 |
| stores | "Stores" means "retains, or holds, or retains data or information in a storage device or in a memory device, or holds data or information in a storage device or in a memory device, or introduces, records, or places, data or information into or in a storage device or into or in a memory device." Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 169 | "Storing" means "recording data into a memory device or a data storage device". 10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| The normal operation … is interrupted to convey | "The Normal Operation is interrupted to convey" means "The regular, standard, or natural, function or working is disrupted, the normal flow of the operation is broken and can be resumed at a later time, or is stopped so that it can be resumed, in order to convey or provide." Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 170 | I adopt the following definition, based on the plain meaning of the words in the phrase: "the regular, standard, or natural function or working... is stopped so that it can be resumed at a later time, in order to convey..." March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.16 |
| transaction | "Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172 | "Transaction" means "an act or function, or an action carried out or performed". 10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| transaction authorization device | "Transaction authorization device" means "a device used to determine or ascertain whether or not a transaction is allowed or approved, or a device used to process data or information regarding a transaction, or a device used to process data or information to determine or ascertain whether or not a transaction is allowed or approved." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.173 | |

33

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|---|---|---|
| transaction security apparatus[8] | "Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171 | In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1<br>(comment, not a claim construction) |
| transmit | "Transmit" means "send, or send a signal, data, information, or a message, from one location or device to another location or device, or send a signal, data, information, or a message, from one place to another place."<br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.175 | |

---

[8] The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| Term | Definition in '003 Patent | '725 Patent Claim Construction |
|------|---------------------------|-------------------------------|
| transmits | "Transmits" means "sends, or sends a signal, data, information, or a message, from one location or device to another location or device, or sends a signal, data, information, or a message, from one place to another place." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.177 | |
| transmitted | "Transmitted" means "sent, or sent to, or having sent a signal, data, information, or a message, from one location or device to another location or device, or having sent a signal, data, information, or a message, from one place to another place." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.178 | "Transmitted" means "sent, as in sending a message, program or other information to a person or place by wire, radio or other means" <br><br> 10.29.08 Joint Markman Claim Construction Statement, p. 2 |
| transmitter | "Transmitter" means "a device for sending a signal, data, information, or a message, from one location or device to another location or device, or a device for the transmission of a signal, data, information, or a message, from one location or device to another location or device, or a device for sending a signal, data, information, or a message, from one place to another place." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.174 | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

# IX.   LIMITATIONS OF THE '003 PATENT NOT INCLUDED IN THE INVALIDATED CLAIMS OF THE '725 PATENT

50.     Relating to the claims of the '003 Patent,

    a.   Independent claims 30, 102, 317, 370, 414 of the '003 Patent have been asserted.

    b.   Dependent claims 31, 32, 34, 35, 41, 106, 108, 109, 122, 125, 318, 319, 320, 324, 327, 330, 331, 337, 342, 343, 371, 372, 374, 415, 416, 417, 418, 419, 420, 422, 423 of the '003 Patent have been asserted.

51.     Relating to the claims of the '725 Patent,

    a.   Independent claims 108 and 267 were found invalid in the July 21, 2010 Judgment Entered by the Court in *JBTS v. Sleepy Hollow.*

    b.   Dependent claims 109, 280, 293 and 294 were found invalid in the July 21, 2010 Judgment Entered by the Court in *JBTS v. Sleepy Hollow.*

52.     For terms used in this analysis, I use the claim constructions from the *JBTS v. Sleepy Hollow* Markman Orders and the Joint Claim Construction Statement for the '725 Patent and I use the Sept. 12, 2005 Preliminary Amendment definitions and the Oct. 16, 2004 definitions for the '003 Patent. I am informed by JBTS's attorneys that the claim

constructions from the *JBTS v. Sleepy Hollow* Markman Orders only apply to the '725 Patent and the Sept. 12, 2005 Preliminary Amendment definitions and the Oct. 16, 2004 definitions only apply to the '003 Patent.

53.     The claims of the '003 Patent include limitations that are not found in the claims of the '725 Patent that were invalidated in *JBTS v. Sleepy Hollow*.

54.     These additional limitations found in the Asserted Claims of the '003 Patent include patentably significant differences to the claim elements which further differentiates the scope of the claims of the asserted claims of the '725 Patent from the scope of the claims of the Asserted Claims of the '003 Patent.

55.     It is my opinion that the additional claim elements of the Asserted Claims implicate different technology and different fields of art from that contemplated by the scope of the '725 asserted claims.  These additional claim elements raise new issues of patentability and validity that are substantially dissimilar to and different from those issues litigated in the '725 patent litigation.

56.     It is also my opinion, based upon my experience in the field, and my knowledge and understanding of the technical arts pertinent to the inventions of the '725 Patent and the '003 Patent, that the additional limitations create substantial differences in claim, resulting in very different scope of the Asserted Claims of the '003 Patent when compared with the scope of the asserted claims of the '725 Patent.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**A.       '003 Patent, Independent Claim 30**

57.     Defendant compares the limitations of claim 30 of the '003 Patent against claim 108 of the '725 Patent in their #58-04 Declaration. For each of the limitations of claim 30 of the '003 Patent, Defendant's assertion of an identical limitation in the '725 Patent is unsupported.

58.     Nevertheless, claim 30 of the '003 Patent describes a computer used to authorize withdrawal or check cashing from a checking account comprised of claims having limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).  These differences are further opined upon *supra* at Section VI. Opinions.

b.   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent).

    *c.*  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent.)

    d.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

    e.  Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

59.    Claim element by claim element analysis to support these findings is documented in the table below.

60.    These additional claim elements, different definitions and distinctions of the claim terms of claim 30 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

61.    It is my opinion that the additional claim elements of claim 30 different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| 30.a<br>A transaction security apparatus, comprising: | Scope identical to 108.a<br>A transaction security Apparat us, comprising: | The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.<br><br>"Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br><div align=right>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171</div><br>In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br><div align=right>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1</div> |
| 30.b<br>a memory device, wherein the memory device stores a limitation or restriction regarding a banking transaction, | Scope identical to 108.b<br>a memory device for storing a limitation or restriction regarding a banking transaction, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Memory device" means 'a device in which data or information may be stored or |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use." <br><br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 <br><br> "Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved". <br><br> 10.29.08 Joint Markman Claim Construction Statement, p. 1 <br><br> "Stores" means "retains, or holds, or retains data or information in a storage device or in a memory device, or  holds data or information in a storage device or in a memory device, or introduces, records, or places, data or information into or in a storage device or into or in a memory device." <br><br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 169 <br><br> "Storing" means "recording data into a memory device or a data storage device". <br><br> 10.29.08 Joint Markman Claim Construction Statement, p. 1 <br><br> "Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br><br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 <br><br> "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br><br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166 <br><br> "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition". <br><br> 10.29.08 Joint Markman Claim Construction Statement, p. 2 <br><br> "Prohibiting" means "preventing or forbidding." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.164 |
| 30.c wherein the banking transaction involves a withdrawal from a checking account or a cashing of a check on a checking account, wherein the limitation or restriction contains information for prohibiting a withdrawal from a checking account or for prohibiting a cashing of a check on a checking account, | Scope identical to 108.c wherein the limitation or restriction prohibits a withdrawal from at least one of a checking account, a savings account, and an automated teller machine account, or prohibits use of at least one of a checking account, a savings account, and an automated teller machine account, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>"Prohibiting" means "preventing or forbidding."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.164<br><br>"at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B". In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| 30.d wherein the limitation or restriction is transmitted from a communication device associated with an individual account holder, and further wherein the limitation or restriction is transmitted to a receiver | Scope identical to 108.d wherein the limitation or restriction is transmitted to a receiver from a communication device associated with an individual account holder, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 <br><br> "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166 <br><br> "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition". <br> 10.29.08 Joint Markman Claim Construction Statement, p. 2 <br><br> The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. <br><br> "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 <br><br> "Communication device" is defined as, "An apparatus for the transmission of |

43

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data. Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 <br><br> The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* <br><br> "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 <br><br> Consequently, the "limitation or restriction" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "limitation or restriction" received by "receiver" of '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 30.e on or over at least one of the Internet and the World Wide Web, | Limitation Not present in '725 claim 108 Obvious to try | The conclusory statement of "obvious to try" made by the defendant presumes that all other limitations of claim 30 of the '003 Patent are substantially identical to claims 108 and 109 of the '725 Patent. As shown in this table, significant differences exist. <br><br> In trying to bridge the substantial differences between claim 30 of the '003 patent and claims 108 and 109 of the '725 Patent, the limitation of "on or over at least one of the Internet and the |

44

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | World Wide Web," would only be obvious in hindsight.<br><br>Indeed, the limitation of "on or over at least one of the Internet and the World Wide Web," drives the need for the other claim limitations of claim 30 of the '003 Patent to address the demand at the time of the invention for improved security of transactions over the Internet.<br><br>The next phase of commerce on the Internet may well occur when two things happen: First, secure transactions must be enabled sufficiently so that users are comfortable that their credit card information (or digital cash) will not be stolen. Second, a wider audience has to be online — the audience has to be more mainstream.<br>Morgan Stanley US Investment Research, Technology/New Media: The Internet Report, February 1996 p. 11-65 |
| 30.f<br>wherein the limitation or restriction is automatically received by the receiver, and further | Scope identical to 108.e<br>wherein the limitation or restriction is automatically received by the receiver, and further | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form.* <br><br> "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 <br><br> Consequently, the "limitation or restriction" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "limitation or restriction" received by "receiver" of '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 30.g <br> wherein the limitation or restriction is automatically stored in the memory device; | Scope identical to 108.f <br> wherein the limitation or restriction is automatically stored in the memory device; | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Limitation" means "something that limits or restricts, or something that restrains, or somefhing that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 <br><br> "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | confining or bounding rule or condition, or a restraint."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br><br>10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>"Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br><br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 30.h<br>and a processing device, wherein the processing device processes information regarding a banking transaction, | Scope identical to 108.g<br>and a central processing device for processing information regarding a banking transaction, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | action, or a function, or performs a number of operations, actions, or functions." <div align=right>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161</div><br>Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs).<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <div align=right>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158</div><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions." <div align=right>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8</div> |
| 30.i<br>wherein the processing device utilizes the limitation or restriction automatically stored in the memory device in processing the banking transaction, and further | Scope identical to 108.h<br>wherein the central processing device utilizes the limitation or restriction automatically stored in the memory device in processing the banking transaction, and further | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <div align=right>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157</div> |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>          Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>          10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>"Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br>          Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br>          10.29.08 Joint Markman Claim Construction Statement, p. 1<br><br>Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs).<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 30 Element | Defs #58-04 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 |
| 30.j<br>wherein the processing device generates a signal containing information for allowing or disallowing the banking transaction. | Scope identical to 108.i<br>wherein the central processing device generates a signal containing information for allowing or disallowing the banking transaction. | Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs).<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    i.    **'003 Patent, Dependent Claim 31**

62.    Defendant has produced no material comparing the limitations of dependent claim 31 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 31 depends upon claim 30 of the '003 Patent.

63.    Claim 31 describes a computer used to authorize withdrawal or check cashing from a checking account with the added limitation of sending information regarding the transaction to the account holder.   By virtue of the dependency of claim 31 on claim 30 of the '003 Patent, claim 31 of the '003 Patent includes limitations from claim 30 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

    a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

    b.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d, 31.b of the '003 Patent)

c. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

d. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

e. Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent)

f. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

g. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent)

h. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

i. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

j. Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent)

64. Moreover, claim 31 of the 003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

  a.  Claim 31 of the '003 Patent includes the limitation of, transmitting a signal to communication devices associated with the account holder, is lacking in claims 108 and 109 of the '725 (see claim 31.b)

  b.  Claim 31 of the 003 Patent includes the limitation of sending information regarding the banking transaction to communications devices of the account holder, is lacking in claims 108 and 109 of the '725 Patent.

65.     Claim element by claim element analysis to support these findings is documented in the table below.

66.     These additional claim elements, of claim 31 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

It is my opinion that the additional claim elements of claim 31 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 31 Element | '725 Claim None | Analysis |
|---|---|---|
| 31.a<br>The apparatus of claim 30, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 30 on which this dependent claim depends. See supra for claim 30 analysis.<br><br>I reserve the right to supplement this report should the Defendant provide collateral estoppel arguments for this claim. |
| 31.b<br>a transmitter, wherein the transmitter transmits a second signal to the | | The term, "communication device" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 31 Element | '725 Claim None | Analysis |
|---|---|---|
| communication device or to a second communication device associated with the individual account holder, | | "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 31 includes the limitation of transmitting a signal to communication devices associated with the accountholder, **is lacking** in claims 108 and 109 of the '725 Patent. |
| 31.c wherein the second signal contains information regarding the banking transaction | | Claim 31 includes the limitation of sending information regarding the banking transaction to communications devices of the account holder, is lacking in claims 108 and 109 of the '725 Patent. |

55

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### ii.     '003 Patent, Dependent Claim 32

67.     Defendant has produced no material comparing the limitations of dependent claim 32 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 32 depends upon claim 30 of the '003 Patent.

68.     Claim 32 describes a computer used to authorize withdrawal or check cashing from a checking account with the added limitation of allowing the account holder to instruct the computer whether to allow the transaction or not.   By virtue of the dependency of claim 32 on claim 30 of the '003 Patent, claim 32 of the '003 Patent includes limitations from claim 30 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

    a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

    b.   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d, 32.b of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent.)

d.   The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

e.   Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent)

f.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

g. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent)

h. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

i. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

j. Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

69.     Moreover, claim 32 of the 003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    a.   Claim 32 of the '003 Patent includes the limitation of, the communication device of sending a signal to the apparatus, that is lacking in claims 108 & 109 of the '725 Patent (see claim 32.b of the '003 Patent)

    b.   Claim 32 of the '003 Patent includes the limitation of, the signal sent by the communications device contains information for allowing or disallowing the banking transaction, that is lacking in claims 108 & 109 of the '725 Patent (see claim 32.c of the '003 Patent)

    c.   Claim 32 of the '003 Patent includes the limitation of, the signal sent by the communications device determines whether the banking transaction is authorized or disallowed, that is lacking in claims 108 & 109 of the '725 Patent (see claim 32.d of the '003 Patent)

    d.   Claim 32 of the '003 Patent includes the limitation of processing device at least one of authorizes, disallows or cancels the transaction, that is lacking in claims 108 & 109 of the '725 Patent (see claim 32.e of the '003 Patent)

70.    Claim element by claim element analysis to support these findings is documented in the table below.

71.    These additional claim elements, of claim 32 of the '003 Patent demonstrates that there are patentable significances to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

72.    It is my opinion that the additional claim elements of claim 32 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 32 Element | '725 Claim None | Analysis |
|---|---|---|
| 32.a<br>The apparatus of claim 31, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 30 on which this dependent claim depends. See supra for claim 30 analysis.<br><br>I reserve the right to supplement this report should the Defendant provide collateral estoppel arguments for this claim. |
| 32.b<br>wherein the apparatus receives a third signal from the communication device or from the second communication device, | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>The limitation wherein the communication device sends a signal to the apparatus **is lacking** from claims 108 and 109 of the '725 Patent. |
| 32.c<br>wherein the third signal contains information for allowing or disallowing the banking transaction, | | The limitation wherein the signal sent by the communications device "contains information for allowing or disallowing the banking transaction" **is lacking** from claims 108 and 109 of the '725 Patent. |
| 32.d<br>wherein the processing device processes the third signal and determines whether the banking transaction is authorized or disallowed, | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 32 Element | '725 Claim None | Analysis |
|---|---|---|
| | | number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br>               Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions." <br>               Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 <br><br> The limitation wherein the signal sent by the communications device "determines whether the banking transaction is authorized or disallowed" **is lacking** from claims 108 and 109 of the '725 Patent. |
| 32.e <br> and further wherein the processing device at least one of authorizes the banking transaction, disallows the banking transaction, and cancels the banking transaction | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br>               Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> The limitation wherein the processing device at least one of authorizes, disallows or cancels the transaction **is lacking** from claims 108 and 109 of the '725 Patent. <br><br> "at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at |

| '003 Claim 32 Element | '725 Claim None | Analysis |
|---|---|---|
| | | least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."<br>Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iii.    '003 Patent, Dependent Claim 34

73.     Defendant has produced no material comparing the limitations of dependent claim 34 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 34 depends upon claim 30 of the '003 Patent.

74.     Claim 34 describes a computer used to authorize withdrawal or check cashing from a checking account with the added limitation of emailing information regarding the transaction to the account holder.   By virtue of the dependency of claim 34 on claim 30 of the '003 Patent, claim 34 of the '003 Patent includes limitations from claim 30 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

    a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent)

    b. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d, 34.b of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

d.   The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

e.   Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent)

f.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

g. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent)

h. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

i. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

j. Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent)

75. Moreover, claim 34 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    a.  Claim 34 of the 003 patent includes the limitation of, the transmitter sending an email to at least one of a network computer or two communications devices associated with the account holder is lacking from claims 108 and 109 of the '725 Patent (see claim 34.b of the '003 Patent)

    b.  Claim 34 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 34.b of the '003 Patent)

    c.  Claim 34 of the 003 patent includes the limitation of, the email containing information regarding the banking transaction, is lacking in claims 108 and 109 of the '725 Patent. (claim 34.c of the '003 Patent)

76.    Claim element by claim element analysis to support these findings is documented in the table below.

77.    These additional claim elements, of claim 34 of the '003 Patent demonstrates that there are patentable significances to the claim as a whole, substantially different from claim 108 and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

78.    It is my opinion that the additional claim elements of claim 34 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 34 Element | '725 Claim None | Analysis |
|---|---|---|
| 34.a<br>The apparatus of claim 30, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 30 on which this dependent claim depends. See supra for claim 30 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 34 Element | '725 Claim None | Analysis |
|---|---|---|
| | | |
| 34.b<br>a transmitter, wherein the transmitter transmits an electronic mail message to at least one of a network computer, the communication device, and a second communication device associated with the individual account holder, | | The term, "network computer" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "network computer" in the '725 Patent specifies a "'thin' computer" whereas the definition in the '003 Patent does not limit the computer of "network computer" to being a 'thin' computer.<br><br>    "Network computer" means "a device or computer which can receive a signal, data, information, or a message, from another device or computer in or via a communication network, or a device or computer which can transmit a signal, data, information, or a message, to another device or computer in or via a communication network."<br>                Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>    I concur with defendants' suggestion that "network computer" was a term of art in the industry, describing the (apparently extinct) "thin" computer.<br>      June 13, 2006 JBTS v. Sleepy Hollow Supplement to Second Markman Decision<br><br>The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>    "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>                Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>    "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>                Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>The limitation wherein the transmitter sends an email to at least one of a network computer or two communications devices associated with the account holder is lacking from claims 108 and 109 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 34 Element | '725 Claim None | Analysis |
|---|---|---|
| | | "at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on." <br><br> Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| 34.c <br> wherein the electronic mail message contains information regarding the banking transaction | | Claim 34 includes the limitation of the email containing information regarding the banking transaction, is lacking in claims 108 and 109 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iv.    '003 Patent, Dependent Claim 35

79.    Defendant has produced no material comparing the limitations of dependent claim 35 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 35 depends upon claim 30 of the '003 Patent.

80.    Claim 35 describes a computer used to authorize withdrawal or check cashing from a checking account with the added limitation of communication device associated with the account holder being at least one of a personal computer and a home computer.   By virtue of the dependency of claim 35 on claim 30 of the '003 Patent, claim 35 of the '003 Patent includes limitations from claim 30 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

    a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent)

    b. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d, 35.b of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

d.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

e.  Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

f.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

g.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent).

h.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

i.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

j.  Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

81.     Moreover, claim 35 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    a.   Claim 35 includes the limitation of, the communication device being at least one of a personal computer and a home computer, is lacking in claims 108 and 109 of the '725 (see claim 31.b).

82.    Claim element by claim element analysis to support these findings is documented in the table below.

83.    These additional claim elements, of claim 35 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

84.    It is my opinion that the additional claim elements of claim 35 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 35 Element | '725 Claim None | Analysis |
|---|---|---|
| 35.a<br>The apparatus of claim 30, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 30 on which this dependent claim depends. See supra for claim 30 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 35.b<br>wherein the communication device is at least one of a personal computer and a home computer. | | The term, "communication device" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message." |

72

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 35 Element | '725 Claim None | Analysis |
|---|---|---|
| | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 <br><br> "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data. <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 <br><br> Claim 35 includes the limitation of the communication device being at least one of a personal computer and a home computer, is lacking in claims 108 and 109 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### v.    '003 Patent, Dependent Claim 41

85.    Defendant has produced no material comparing the limitations of dependent claim 41 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 41 depends upon claim 30 of the '003 Patent.

86.    Claim 41 describes a computer used to authorize withdrawal or check cashing from a checking account with the added limitation of periodic notification of transactions.    By virtue of the dependency of claim 41 on claim 30 of the '003 Patent, claim 41 of the '003 Patent includes limitations from claim 30 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

> a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

> b.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d, 41.b, 41.c of the '003 Patent).

c.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

d.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

e.  Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

f.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 30 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

g.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 30.d of the '003 Patent).

h.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 30.d, 30.f of the '003 Patent).

i.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 30.d, 30.f of the '003 Patent).

j.  Claim 30 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 30.e of the '003 Patent).

87.     Moreover, claim 41 of the 003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    a.  Claim 41 of the '003 Patent limitation of, a transmitter transmitting a periodic transaction record to a first or second communication device associated with the account holder, is lacking in the claims 108 and 109 of the '725 Patent (See claim 41.b of the '003 Patent).

    b.  The Claim 41 of the '003 Patent limitation of, a periodic transaction record shows a transaction or transactions on the checking account for a time period, is lacking in the claims 108 and 109 of the '725 Patent. (See claim 41.c of the '003 Patent)

    c.  The Claim 41 of the '003 Patent limitation of, transmitting periodic transaction record at least one of automatically and by request, is lacking in the claims 108 and 109 of the '725 Patent. (See claim 41.d of the '003 Patent)

88.    Claim element by claim element analysis to support these findings is documented in the table below.

89.    These additional claim elements, of claim 41 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

90.    It is my opinion that the additional claim elements of claim 41 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 41 Element | '725 Claim None | Analysis |
|---|---|---|
| 41.a<br>The apparatus of claim 30, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 30 on which this dependent claim depends. See supra for claim 30 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 41.b<br>a transmitter, wherein the transmitter transmits a periodic transaction record to the communication device or to a second communication device associated with the individual account holder, | | "Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>        Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>    "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>        Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>    "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>        Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 41 of the '003 Patent limitation of, a transmitter transmitting a periodic transaction record to a first or second communication device associated with the account holder, is lacking in the claims 108 and 109 of the '725 Patent. |
| 41.c<br>wherein the periodic transaction record shows | | The Claim 41 of the '003 Patent limitation of, a periodic transaction record shows a transaction or transactions on the checking account for a time period, is lacking in the claims 108 and 109 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 41 Element | '725 Claim None | Analysis |
|---|---|---|
| a transaction or transactions on the checking account for a time period, | | |
| 41.d wherein the periodic transaction record is transmitted to the communication device or to the second communication device at least one of automatically and in response to a request for the periodic transaction record. | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>    "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>            Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>    "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>            Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>The Claim 41 of the '003 Patent limitation of, transmitting periodic transaction record at least one of automatically and by request, is lacking in the claims 108 and 109 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**B.      '003 Patent, Independent Claim 102**

91.     Defendant compares the limitations of claim 102 of the '003 Patent against claim 108 of the '725 Patent in their #58-06 Declaration. For each of the limitations of claim 102 of the '003 Patent, Defendant's assertion of an identical limitation in the '725 Patent is unsupported.

92.     Claim 102 of the '003 Patent describes a computer used to authorize the purchase of goods and services. Claim 102 of the '003 Patent includes limitations that are not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

> a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 30.a of the '003 Patent).

> b.   Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d of the '003 Patent).

d. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 102.d, 102.f of the '003 Patent).

e. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

f. Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

g. Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

93.     Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

94.     These additional claim elements, of claim 102 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

95.     It is my opinion that the additional claim elements of claim 102 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| 102.a<br>A transaction security apparatus, comprising: | Scope identical to 108a<br>A transaction security apparatus, comprising: | The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.<br><br>"Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br><div align="right">Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171</div><br>In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1 |
| 102.b<br>a memory device, wherein the memory device stores | Scope identical to 108b<br>a memory device for storing | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Stores" means "retains, or holds, or retains data or information in a storage device or in a memory device, or holds data or information in a storage device or in a memory device, or introduces, records, or places, data or information into or in a storage device or into or in a memory device."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 169 |
| 102.c<br>a limitation or restriction on a use of an account, wherein the account is capable of being utilized in transactions involving the purchase of goods and services, | Scope identical to 108c<br>a limitation or restriction regarding a banking transaction, wherein the limitation or restriction prohibits a withdrawal from at least one of a checking account, a savings | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | account, and an automated teller machine account, or prohibits use of at least one of a checking account, a savings account, and an automated teller machine account, | "Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint." <br><br>                 Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166 <br><br> "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition". <br><br>                 10.29.08 Joint Markman Claim Construction Statement, p. 2 <br><br> Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 102 of the '003 Patent actually refers to a "transaction involving the purchase of goods and services." The "transaction involving the purchase of goods and services" of claim 102 of the '003 Patent is **<u>substantially different</u>** than a "banking transaction" of the '725 Patent. <br><br>      a limitation or restriction on a use of an account, wherein the account is capable of being utilized in transactions involving the purchase of goods and services, <br><br>                 Claim element 102.c of the '003 Patent <br><br> "Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed." <br><br>                 Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172 <br><br> I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal." <br><br>                 Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11 <br><br> "Transaction" means "an act or function, or an action carried out or performed". <br><br>                 10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 102.d wherein the limitation or | Scope identical to 108d | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have |

84

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| restriction is transmitted from a communication device associated with an individual account holder, and further wherein the limitation or restriction is transmitted to a receiver | wherein the limitation or restriction is transmitted to a receiver from a communication device associated with an individual account holder, | an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form*.<br><br>"Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6<br><br>Consequently, the "limitation or restriction" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "limitation or restriction" received by "receiver" of '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form."<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 102.e on or over at least one of the Internet and the World Wide Web, | Obvious modification (see, Soverain v. NewEgg) | The conclusory statement of "obvious modification" made by the defendant presumes that all other limitations of claim 102 of the '003 Patent are substantially identical to claims 108 and 109 of the '725 Patent. As shown in this table, significant differences exist.<br><br>In trying to bridge the substantial differences between claim 102 of the '003 patent and claims 108 and 109 of the '725 Patent, the limitation of "on or over at least one of the Internet and the World Wide Web," would only be obvious in hindsight.<br><br>Indeed, the limitation of "on or over at least one of the Internet and the World Wide Web," drives the need for the other claim limitations of claim 102 of the '003 Patent to address the |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | demand at the time of the invention for improved security of transactions over the Internet.<br><br>The next phase of commerce on the Internet may well occur when two things happen: First, secure transactions must be enabled sufficiently so that users are comfortable that their credit card information (or digital cash) will not be stolen. Second, a wider audience has to be online — the audience has to be more mainstream.<br>Morgan Stanley US Investment Research, Technology/New Media: The Internet Report, February 1996 p. 11-65<br><br>"at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."<br>Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| 102.f<br>wherein the limitation or restriction is automatically received by the receiver, | Scope identical to 108f<br>wherein the limitation or restriction is automatically received by the receiver, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2<br><br>"Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1<br><br>The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.*<br><br>"Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6<br><br>Consequently, the "limitation or restriction" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" converts "those signals or data to usable form." The "limitation or restriction" received by "receiver" of '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 102.g<br>and further wherein the limitation or restriction is automatically stored in the memory device; and | Scope identical to 108g<br>and further wherein the limitation or restriction is automatically stored in the memory device; | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1<br><br>"Stores" means "retains, or holds, or retains data or information in a storage device or in a memory device, or  holds data or information in a storage device or in a memory device, or introduces, records, or places, data or information into or in a storage device or into or in a memory device."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 169<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 <br><br> Defendant asserts the "processing device" of the '003 Patent to have identical scope to the "central processing device" of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs). <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> "Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 |
| 102.h <br> a processing device, wherein the processing device processes an authorization request for a transaction on the account, | Scope identical to 108.h <br> and a central processing device for processing information regarding a banking transaction, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br>       Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions." <br>       Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 <br><br> Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs). <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br>       Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> "Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions." <br>       Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 <br><br> Defendant asserts "authorization request for a transaction on the account," of claim element |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | 102.h of the '003 Patent to have identical scope to "information regarding a banking transaction," of claim element 108.h of the '725 Patent. Processing an authorization request is **substantially different** from processing information regarding a banking transaction. Processing an authorization request does not affect a deposit account, whereas processing information regarding a banking transaction affects a deposit account, such as a deposit of funds or a withdrawal.<br><br>    "Authorization request" means "something, an action, operation, process, or function, taken or performed to determine or to ascertain whether or not a transaction or an activity is allowed or approved, or an asking for an approval or allowance of, for, or regarding, a transaction or an activity, or data or information used in determining or ascertaining whether or not a transaction or an activity is allowed or approved, or an asking for whether or not a transaction or an activity is allowed or approved."<br>         Sept. 12, 2005 Prelim Amendment to the '003 Patent p.147<br><br>    I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>         Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 102 of the '003 Patent actually refers to a "transaction involving the purchase of goods and services." The "transaction involving the purchase of goods and services" of claim 102 of the '003 Patent is **substantially different** than a "banking transaction" of the '725 Patent.<br><br>    a limitation or restriction on a use of an account, wherein the account is capable of being utilized in transactions involving the purchase of goods and services,<br>         Claim element 102.c of the '003 Patent<br><br>    "Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>         Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>"Transaction" means "an act or function, or an action carried out or performed".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 102.i<br>wherein the processing device utilizes the limitation or restriction automatically stored in the memory device in processing the authorization request, | Scope identical to 108i<br>wherein the central processing device utilizes the limitation or restriction automatically stored in the memory device in processing the banking transaction, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>"Limitation or restriction" means "something that restrains, or confines within bounds, or a restraining or confining or bounding rule or condition".<br>10.29.08 Joint Markman Claim Construction Statement, p. 2 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Memory device" means 'a device in which data or information may be stored or retained, or a storage device, or a data or information storage device, or a device which can retain or hold data or information which can be retrieved at a later time or for a later use."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Memory device" means "a device in which data or information may be stored and the same data or information may be retrieved".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1<br><br>"Stores" means "retains, or holds, or retains data or information in a storage device or in a memory device, or holds data or information in a storage device or in a memory device, or introduces, records, or places, data or information into or in a storage device or into or in a memory device."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 169<br><br>Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs).<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 <br><br> Defendant asserts "authorization request" of claim element 102.i of the '003 Patent to have identical scope to "banking transaction," of claim element 108.i of the '725 Patent. Processing an authorization request is **substantially different** from a banking transaction. Processing an authorization request does not affect a deposit account, whereas a banking transaction affects a deposit account, such as a deposit of funds or a withdrawal. <br><br> "Authorization request" means "something, an action, operation, process, or function, taken or performed to determine or to ascertain whether or not a transaction or an activity is allowed or approved, or an asking for an approval or allowance of, for, or regarding, a transaction or an activity, or data or information used in determining or ascertaining whether or not a transaction or an activity is allowed or approved, or an asking for whether or not a transaction or an activity is allowed or approved." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.147 <br><br> I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11 <br><br> "Transaction" means "an act or function, or an action carried out or performed". <br> 10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 102.j and further wherein the processing device generates a signal containing information for authorizing or disallowing the transaction. | Scope identical to 108j and further wherein the central processing device generates a signal containing information for allowing or disallowing the banking transaction | Defendant asserts the processing device of the '003 Patent to have identical scope to the central processing device of the '725 Patent. However, the court's claim construction in the '725 Patent of "Central Processing Device" as "That part of a computer containing the circuits required to interpret and execute instructions" is understood by a person of the art to refer to the computer Central Processing Unit (CPU) chip and Read Only Memory (ROM) chips. As opposed to parts and circuits, a processing device of the '003 Patent is not limited to computer chips and can be a computer, a set of networked computers, a logical processor (a processor implemented in software in part of a CPU, or across multiple CPUs). |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 102 Element | Defs #58-06 Corresponding Scope in  claim 108 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8<br><br>Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 102 of the '003 Patent actually refers to a "transaction involving the purchase of goods and services." The "transaction involving the purchase of goods and services" of claim 102 of the is **substantially different** than a "banking transaction" of the '725 Patent.<br><br>a limitation or restriction on a use of an account, wherein the account is capable of being utilized in transactions involving the purchase of goods and services,<br><br>Claim element 102.c of the '003 Patent<br><br>"Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>"Transaction" means "an act or function, or an action carried out or performed".<br><br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

   i.   **'003 Patent, Dependent Claim 106**

96.   Defendant has produced no material comparing the limitations of dependent claim 106 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 106 depends upon claim 102 of the '003 Patent.

97.   Claim 106 of the '003 Patent describes a computer used to authorize the purchase of goods and services with the added limitation of sending information regarding the transaction to the account holder. By virtue of the dependency of claim 106 on claim 102 of the '003 Patent, claim 106 of the '003 Patent includes limitations from claim 102 not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow, namely,

    a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 102 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 102.a of the '003 Patent).

    b. Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d, 106.b of the '003 Patent).

d.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 102.d, 102.f of the '003 Patent).

e.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

f.  Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

g.  Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

98.     Moreover, claim 106 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

   a. Claim 106 of the '003 Patent includes the limitation of, transmitting a signal to communication devices associated with the account holder, is lacking in claims 108 and 109 of the '725 (see claim 31.b).

   b. Claim 106 of the 003 Patent includes the limitation of sending information regarding the banking transaction to one of two communications devices of the account holder, is lacking in claims 108 and 109 of the '725 Patent.

99.     Claim element by claim element analysis to support these findings is documented in the table below.

100.    These additional claim elements, of claim 106 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

101.    It is my opinion that the additional claim elements of claim 106 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 106 Element | '725 Claim None | Analysis |
|---|---|---|
| 106.a<br>The apparatus of claim 102, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 102 on which this dependent claim depends. See supra for claim 102 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 106 Element | '725 Claim None | Analysis |
|---|---|---|
| 106.b<br>a transmitter, wherein the transmitter transmits a second signal to the communication device or to a second communication device associated with the individual account holder, | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 106 includes the limitation of, |
| 406.c<br>wherein the second signal contains information regarding the transaction. | | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### ii.    '003 Patent, Dependent Claim 108

102.    Defendant has produced no material comparing the limitations of dependent claim 108 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 108 depends upon claim 102 of the '003 Patent.

103.    Claim 108 of the '003 Patent describes a computer used to authorize the purchase of goods and services with the added limitation of allowing the account holder to instruct the computer whether to allow the transaction or not. By virtue of the dependency of claim 108 on claim 102 of the '003 Patent, claim 108 of the '003 Patent includes limitations from claim 102 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 102 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 102.a of the '003 Patent).

    b.    Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d, 106.b of the '003 Patent).

d.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 102.d, 102.f of the '003 Patent).

e.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

f.  Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

g.  Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

104.    Moreover, claim 108 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

    a.  Claim 108 of the '003 Patent includes the limitation of, the communication device of sending a signal to the apparatus, that is lacking in claims 108 & 109 of the '725 Patent (see claim 108.b of the '003 Patent).

    b.  Claim 108 of the '003 Patent includes the limitation of, the signal sent by the communications device contains information for allowing or disallowing the banking transaction, that is lacking in claims 108 & 109 of the '725 Patent (see claim 108.c of the '003 Patent).

105.    Claim element by claim element analysis to support these findings is documented in the table below.

106.    These additional claim elements, of claim 108 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

107.    It is my opinion that the additional claim elements of claim 108 of the '003 Patent implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 108 Element | '725 Claim None | Analysis |
|---|---|---|
| 108.a<br>The apparatus of claim 106, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 102 on which this dependent claim depends. See supra for claim 102 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 108 Element | '725 Claim None | Analysis |
|---|---|---|
| | | estoppel arguments for this claim. |
| 108.b<br>wherein the apparatus receives a third signal, wherein the third signal is transmitted from the communication device or from the second communication device, | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>    "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>                            Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>    "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>                   Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 108 of the '003 Patent includes the limitation of, the communication device of sending a signal to the apparatus, that **is lacking** in claims 108 & 109 of the '725 Patent |
| 108.c<br>and further wherein the third signal contains information for authorizing or disallowing the transaction. | | Claim 108 of the '003 Patent includes the limitation of, the signal sent by the communications device determines whether the banking transaction is authorized or disallowed, that is lacking in claims 108 & 109 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iii.  '003 Patent, Dependent Claim 109

108.    Defendant has produced no material comparing the limitations of dependent claim 109 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 109 depends upon claim 102 of the '003 Patent.

109.    Apparatus of Claim 109 acts on response from account holder.

110.    Claim 109 of the '003 Patent describes a computer used to authorize the purchase of goods and services with the added limitation of the computer acting on the instructions of the account holder to allow the transaction or not. By virtue of the dependency of claim 109 on claim 102of the '003 Patent, claim 109 of the '003 Patent includes limitations from claim 102 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 102 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 102.a of the '003 Patent).

b.  Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d, 106.b of the '003 Patent).

d. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 102.d, 102.f of the '003 Patent).

e. The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

f. Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

g. Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

111.   Moreover, claim 109 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

   a.  Claim 109 of the '003 Patent includes the limitation of, the signal sent by the communications device determines whether the banking transaction is authorized or disallowed, that is lacking in claims 108 & 109 of the '725 Patent (see claim 109.b of the '003 Patent).

   b.  Claim 109 of the '003 Patent includes the limitation of processing device sends a signal to a transaction authorization device, that is lacking in claims 108 & 109 of the '725 Patent (see claim 109.c of the '003 Patent)

   c.  Claim 109 of the '003 Patent includes the limitation of transaction authorization device, that is lacking in claims 108 & 109 of the '725 Patent (see claim 109.c of the '003 Patent).

   d.  Claim 109 of the '003 Patent includes the limitation of at least one of authorizes, disallows or cancels the transaction, that is lacking in claims 108 & 109 of the '725 Patent (see claim 109.d of the '003 Patent).

112.   Claim element by claim element analysis to support these findings is documented in the table below.

113.   These additional claim elements, of claim 109 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

114.    It is my opinion that the additional claim elements of claim 109 of the '003 Patent implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 109 Element | '725 Claim None | Analysis |
|---|---|---|
| 109.a<br>The apparatus of claim 108, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 102 on which this dependent claim depends. See supra for claim 102 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 109.b<br>wherein the processing device processes the third signal and determines whether the transaction is authorized or disallowed, | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161<br><br>Claim 109 of the '003 Patent includes the limitation of, the signal sent by the communications device determines whether the banking transaction is authorized or disallowed, that is lacking in claims 108 & 109 of the '725 Patent |
| 109.c<br>and further wherein the processing device | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definition provided in the prosecution |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 109 Element | '725 Claim None | Analysis |
|---|---|---|
| transmits a fourth signal to a transaction authorization device, | | history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Transaction authorization device" means "a device used to determine or ascertain whether or not a transaction is allowed or approved, or a device used to process data or information regarding a transaction, or a device used to process data or information to determine or ascertain whether or not a transaction is allowed or approved."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.173<br><br>Claim 109 of the '003 Patent includes the limitation of processing device sends a signal to a transaction authorization device, that is lacking in claims 108 & 109 of the '725 Patent |
| 109.d<br>wherein the fourth signal contains information for at least one of authorizing the transaction, disallowing the transaction, and canceling the transaction. | | Claim 109 of the '003 Patent includes the limitation of at least one of authorizes, disallows or cancels the transaction, that is lacking in claims 108 & 109 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iv.   '003 Patent, Dependent Claim 122

115.    Defendant has produced no material comparing the limitations of dependent claim 122 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 122 depends upon claim 102 of the '003 Patent.

116.    Claim 122 of the '003 Patent describes a computer used to authorize the purchase of goods and services with the added limitation of a list of types of limitations or transactions. By virtue of the dependency of claim 122 on claim 102 of the '003 Patent, claim 122 of the '003 Patent includes limitations from claim 102 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 102 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 102.a of the '003 Patent).

    b.  Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

c.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d, of the '003 Patent).

d.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 102.d, 102.f of the '003 Patent).

e.  The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

f.  Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

g.  Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

117.    Moreover, claim 122 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow.*

     a.   Claim 122 of the '003 Patent includes the limitation of, a list of valid types of limitation or restrictions, that is lacking in claims 108 & 109 of the '725 Patent (see claim 122.b of the '003 Patent).

118.    Claim element by claim element analysis to support these findings is documented in the table below.

119.    These additional claim elements, of claim 122 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

120.    It is my opinion that the additional claim elements of claim 122 of the '003 Patent implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 122 Element | '725 Claim None | Analysis |
|---|---|---|
| 122.a<br>The apparatus of claim 102, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 102 on which this dependent claim depends. See supra for claim 102 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 122.b<br>wherein the limitation or restriction involves at | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 122 Element | '725 Claim None | Analysis |
|---|---|---|
| least one of a type of a transaction, a good or a service which may be purchased, a store or a service provider which may be authorized to accept a card associated with the account, a limit on a dollar amount of a transaction pertaining to each authorized at least one of vendor, seller, and service provider, a daily spending limit, at least one of a vendor, a seller, and a service provider, with which a card associated with the account may be utilized, a geographical area or location within which a card associated with the account may be utilized, an authorized time of account usage, and a limitation or restriction regarding at least one of an amount of a transaction, a party involved, a geographical area, and a time of allowed usage. | | history.<br><br>"Limitation" means "something that limits or restricts, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.157<br><br>"Restriction" means "something that restricts or limits, or something that restrains, or something that bounds or restrains or confines within bounds, or a restraining or confining or bounding rule or condition, or a restraint."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p. 166<br><br>Claim 122 of the '003 Patent includes the limitation of, a list of valid types of limitation or restrictions, that is lacking in claims 108 & 109 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### v. '003 Patent, Dependent Claim 125

121.    Defendant has produced no material comparing the limitations of dependent claim 125 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 125 depends upon claim 102 of the '003 Patent.

122.    Claim 125 of the '003 Patent describes a system used to authorize the purchase of goods and services with the added limitation of implementing the system across multiple computers. By virtue of the dependency of claim 125 on claim 102 of the '003 Patent, claim 125 of the '003 Patent includes limitations from claim 102 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

123.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 102 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 102 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 102.a of the '003 Patent)

124.    Claim 102 of the '003 Patent includes the limitation of "purchase transaction" that does not appear in claims 108 and 109 of the '725 Patent. (appears in claim elements 102.c, 102.h, 102.i, 102.j).

125.    The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 102.d, of the '003 Patent).

126.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that signals or data received by the receiver are not in usable form. (See Claims 102.d, 102.f of the '003 Patent).

127.    The "limitation or restriction" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 102.d, 102.f of the '003 Patent).

128.    Claim 102 of the '003 Patent includes the limitation of transmission "to a receiver on or over at least one of the Internet and the World Wide Web" that is lacking in claims 108 and 109 of the '725 Patent. (See claim 102.e of the '003 Patent).

129.    Claim 102 of the '003 Patent includes the limitation of "authorization request" that is lacking in claims 108 and 109 of the '725 Patent (See claim 102.h, 102.i of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

130.     Moreover, claim 125 of the '003 patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

  a.   Claim 125 of the '003 Patent includes the limitation of, implementing the apparatus across multiple computers, that is lacking in claims 108 & 109 of the '725 Patent (see claim 122.b of the '003 Patent).

131.     Claim element by claim element analysis to support these findings is documented in the table below.

132.     These additional claim elements, of claim 125 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 108 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

133.     It is my opinion that the additional claim elements of claim 125 implicate different technology and different fields of art from that contemplated by the scope of claim 108 and the other '725 asserted claims.

| '003 Claim 125 Element | '725 Claim None | Analysis |
|---|---|---|
| 125.a<br>The apparatus of claim 102, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 102 on which this dependent claim depends. See supra for claim 102 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 125.b<br>wherein the apparatus comprises a plurality of computers or computer systems. | | Claim 125 of the '003 Patent includes the limitation of, implementing the apparatus across multiple computers,  that is lacking in claims 108 & 109 of the '725 Paten |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**C.    '003 Patent, Independent Claim 317**

134.    Defendant compares the limitations of claim 317 of the '003 Patent against claim 267 of the '725 Patent in their #58-08 Declaration. For each of the limitation of claim 317 of the '003 Patent, Defendant's assertion of an identical limitation in claim 267 of the '725 Patent is unsupported.

135.    Claim 317 of the '003 Patent describes a system that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction.

136.    Claim 317 of the '003 Patent includes limitations that are not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

   a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

   b.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

117

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

d.   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i of the '003 Patent).

i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

137.  Claim element by claim element analysis to support these findings is documented in the table below.

138.  These additional claim elements, of claim 317 of the '003 Patent demonstrates that there are patentable significances to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

139.  It is my opinion that the additional claim elements of claim 317 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| 317.a<br>A transaction security | Scope identical to 267a | The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| apparatus, comprising: | A transaction security apparatus, comprising: | determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.<br><br>        "Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br>                Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171<br><br>        In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br>                Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1 |
| 317.b at least one of an input device and a data entry device, wherein the at least one of an input device and a data entry device at least one of inputs and enters | Scope identical to 267d wherein the information is input via an input device or automatically received by a receiver, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>        "Input Device" means "a device or set of devices through which data or information is brought into another device, or a device or set of devices through which data or information is entered into another device, or a device or set of devices via which data |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| transaction information regarding a transaction into the apparatus; | | or information is entered into another device or brought into another device." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.154 <br><br> "Input device" means "a device or set of devices 14 through which data is brought into another device." <br> Trial Transcr. at p. 26, lns. 13-14. Mar. 16, 2010 <br><br> The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* <br><br> "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 <br><br> Consequently, the "the information is input via an input device" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "the information is input via an input device" received by "apparatus" of claim 317 of the '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 317.c <br> a processing device, | Scope identical to 267b | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| wherein the processing device processes the transaction information | a processing device for processing information regarding a banking transaction, | an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>    "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>           Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>    "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>           Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161<br><br>Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 317 of the '003 Patent is **substantially different** in not having the further limitation of "affecting a deposit account" included in "banking transactions" of the '725 Patent.<br><br>    "Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>           Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>    I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>           Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>    "Transaction" means "an act or function, or an action carried out or performed".<br>           10.29.08 Joint Markman Claim Construction Statement, p. 1 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in  claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| 317.d and generates a signal corresponding to the transaction; and | Scope identical to 267f And further wherein the processing device generates a signal containing information regarding the banking transaction; and | Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 317 of the '003 Patent is **substantially different** in not having the further limitation of "affecting a deposit account" included in "banking transactions" of the '725 Patent.<br><br>"Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>"Transaction" means "an act or function, or an action carried out or performed".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 317.e | | Defendant has parsed claim element 317.e of the '003 Patent in Defs #58-08 as blank. |
| 317.f | | Defendant has parsed claim element 317.f of the '003 Patent in Defs #58-08 as blank. |
| 317.g a transmitter, wherein the transmitter transmits the signal from the apparatus to a communication device | Scope identical to 267g a transmitter for transmitting the signal to a communication device associated with an individual account holder, | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of |

123

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| 317.h<br>on or over at least one of the Internet and the World Wide Web | obvious modification under Soverain v. Newegg. | The conclusory statement of "obvious modification" made by the defendant presumes that all other limitations of claim 317 of the '003 Patent are substantially identical to claims 108 and 109 of the '725 Patent. As shown in this table, significant differences exist.<br><br>In trying to bridge the substantial differences between claim 317 of the '003 patent and claims 108 and 109 of the '725 Patent, the limitation of "on or over at least one of the Internet and the World Wide Web," would only be obvious in hindsight.<br><br>Indeed, the limitation of "on or over at least one of the Internet and the World Wide Web," drives the need for the other claim limitations of claim 317 of the '003 Patent to address the demand at the time of the invention for improved security of transactions over the Internet.<br><br>The next phase of commerce on the Internet may well occur when two things happen: First, secure transactions must be enabled sufficiently so that users are comfortable that their credit card information (or digital cash) will not be stolen. Second, a wider audience has to be online — the audience has to be more mainstream.<br>Morgan Stanley US Investment Research, Technology/New Media: The Internet Report, February 1996 p. 11-65 |
| 317.i<br>independently of any processing of the transaction by a central transaction processing computer. | Obvious. | The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.<br><br>"Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149<br><br>I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a memory device."<br><br>March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8<br><br>Contrary to the defendant, it is not obvious to transmit of the signal independently of execution of the transaction. This claim element allows the signal to be transmitted at any time. It would be obvious in a transaction security system to associate the transmission of the signal with execution of the transaction where the signal would be sent prior to execution of the transaction, or after. |
| 317.j<br>wherein the communication device is associated with an individual account holder, | Scope identical to 267g<br>a transmitter for transmitting the signal to a communication device associated with an individual account holder, | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| 317.k<br>and further wherein the communication device provides information to the individual account holder regarding the transaction, | Scope identical to 267k<br>further wherein the communication device provides information to the individual account holder regarding the banking transaction, | The term, "communication device" is **<u>substantially different</u>** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 317 of the '003 Patent is **<u>substantially different</u>** in not having the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent.<br><br>"Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>"Transaction" means "an act or function, or an action carried out or performed".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 317.1 wherein the communication device is at least one of a beeper, a pager, a telephone, a two-way pager, a reply pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine. | Scope identical to 267.1 and wherein the communication device is at least one of a beeper, a pager, a telephone, a two-way pager, a reply pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine. | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>"at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."<br>Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| | 267c | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 317 Element | Defs #58-08 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account, and | |
| | 267e wherein the processing device is capable of allowing or disallowing the banking transaction, and further | |
| | Scope identical to 267.j wherein the signal is transmitted to the communication device in real-time, and | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |

128

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### i. '003 Patent, Dependent Claim 318

140.    Defendant has produced no material comparing the limitations of dependent claim 318 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 318 depends upon claim 317 of the '003 Patent.

141.    Claim 318 of the '003 Patent describes a system that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction and receives from the communication device information authorizing, allowing or disallowing the transaction. By virtue of the dependency of claim 318 on claim 317 of the '003 Patent, claim 318 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

   b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, 318.b of the '003 Patent).

c. Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, 318.b of the '003 Patent).

e. The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f. The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g. Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    h.   The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i of the '003 Patent).

    i.   Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent)

142.    Moreover, claim 318 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

    a.   Claim 318 includes the limitation of, the communication device sending a signal to a receiver, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent.  Claim element by claim element analysis to support these findings is documented in the table below. (see claim 318.b of the '003 Patent).

    b.   Claim 318 includes the limitation of, the communication device sending authorization, allowance or disallowance of the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 318.c of the '003 Patent).

143.    Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

144.   These additional claim elements, of claim 318 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

145.   It is my opinion that the additional claim elements of claim 318 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 318 Element | '725 Claim None | Analysis |
|---|---|---|
| 318.a<br>The apparatus of claim 317, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 318.b<br>a receiver, wherein the receiver receives a second signal from the communication device, | | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form*.<br><br>"Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 318 Element | '725 Claim None | Analysis |
|---|---|---|
| | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. <br><br> "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 <br><br> "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data. <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 <br><br> Claim 318 includes the limitation of, the communication device sending a signal to a receiver, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 318.c <br> wherein the second signal contains information for at least one of authorizing, allowing, and disallowing, the transaction | | Claim 318 includes the limitation of, the communication device sending authorization, allowance or disallowance of the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### ii.   '003 Patent, Dependent Claim 319

146.   Defendant has produced no material comparing the limitations of dependent claim 319 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 319 depends upon claim 317 of the '003 Patent.

147.   Claim 319 of the '003 Patent describes a system that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction and notifies the central transaction processing computer. By virtue of the dependency of claim 319 on claim 317 of the '003 Patent, claim 319 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

    b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

 h. The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, 319.b of the '003 Patent).

 i. Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

148. Moreover, claim 318 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

 a. Claim 319 includes the limitation of, notifying the central transaction processing computer of the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 319.b of the '003 Patent).

149. Claim element by claim element analysis to support these findings is documented in the table below.

150. These additional claim elements, of claim 319 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

151.   It is my opinion that the additional claim elements of claim 319 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 319 Element | '725 Claim None | Analysis |
|---|---|---|
| 319.a<br> The apparatus of claim 317, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 319.b<br>wherein the apparatus transmits the signal to a central transaction processing computer. | | The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.<br><br>"Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149<br><br>I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a memory device."<br>March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12<br><br>"Central Processing Device" is construed as "That part of a computer containing the |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 319 Element | '725 Claim None | Analysis |
|---|---|---|
| | | circuits required to interpret and execute instructions."<br><div align="right">Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8</div><br>Claim 319 includes the limitation of, notifying the central transaction processing computer of the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

### iii.    '003 Patent, Dependent Claim 320

152.    Defendant has produced no material comparing the limitations of dependent claim 320 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 320 depends upon claim 317 of the '003 Patent.

153.    Claim 320 of the '003 Patent describes a system that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction and receives instruction from the communication device to authorize, allow or disallow the transaction. By virtue of the dependency of claim 320 on claim 317 of the '003 Patent, claim 320 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

b.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, 320.b of the '003 Patent).

c. Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, 320.b of the '003 Patent).

e. The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f. The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g. Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

h. The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, 320.b of the '003 Patent).

i. Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

154. Moreover, claim 318 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

a. Claim 320 includes the limitation of, a receiver receiving a signal from at least one of the communication device and central transaction processing computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 320.b of the '003 Patent).

b. Claim 320 includes the limitation of, a signal for authorizing, allowing or disallowing the transaction. that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 320.c of the '003 Patent).

155. Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

156.    These additional claim elements, of claim 320 of the '003 Patent demonstrates that there are patentable

significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted

claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

157.    It is my opinion that the additional claim elements of claim 320 implicate different technology and different

fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 320 Element | '725 Claim None | Analysis |
|---|---|---|
| 320.a<br>The apparatus of claim 317, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 320.b<br>a receiver, wherein the receiver receives a second signal, wherein the second signal is transmitted from at least one of the communication device and a central transaction processing computer, | | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form*.<br><br>"Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 320 Element | '725 Claim None | Analysis |
|---|---|---|
| | | Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. |
| | | "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which receive a signal, data, information, or a message." |
| | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 |
| | | "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data. |
| | | Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| | | The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent. |
| | | "Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts." |
| | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149 |
| | | I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a |

143

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 320 Element | '725 Claim None | Analysis |
|---|---|---|
| | | memory device."<br>    March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br>    Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8<br><br>Claim 320 includes the limitation of, a receiver receiving a signal from at least one of the communication device and central transaction processing computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |
| 320.c<br>wherein the second signal contains information for at least one of authorizing, allowing, and disallowing, the transaction. | | Claim 320 includes the limitation of, a signal for authorizing, allowing or disallowing the transaction. that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iv.    '003 Patent, Dependent Claim 324

158.    Defendant has produced no material comparing the limitations of dependent claim 324 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 324 depends upon claim 317 of the '003 Patent.

159.    Claim 324 of the '003 Patent describes a system that accepts transaction information for internet transactions and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 324 on claim 317 of the '003 Patent, claim 324 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

    b.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l,  of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent).

i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

160.  Moreover, claim 318 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.  Claim 324 includes the limitation of, internet transactions, that that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 324.b of the '003 Patent).

161.  Claim element by claim element analysis to support these findings is documented in the table below.

162.  These additional claim elements, of claim 324 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

163.   It is my opinion that the additional claim elements of claim 324 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 324 Element | '725 Claim None | Analysis |
|---|---|---|
| 324.a<br>The apparatus of claim 317, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 324.b<br>wherein the transaction is an Internet transaction. | | Claim 324 includes the limitation of, internet transactions, that that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

### v.    '003 Patent, Dependent Claim 327

164.    Defendant has produced no material comparing the limitations of dependent claim 327 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 327 depends upon claim 317 of the '003 Patent.

165.    The apparatus of Claim 327 has inclusion of display and printer output.

166.    Claim 327 of the '003 Patent describes a system including at least one of a display device and a printer for presenting information regarding the transaction that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 327 on claim 317 of the '003 Patent, claim 327 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.  Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l,  of the '003 Patent).

e.  The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.  The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

   g.  Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

   h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent).

   i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

167.   Moreover, claim 318 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

   a.  Claim 327 includes the limitation of, including at least one of a display device and a printer for presenting information regarding the transaction, that that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 327.b of the '003 Patent).

168.   Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

169.    These additional claim elements, of claim 327 of the '003 Patent demonstrates that there are patentable

significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted

claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

170.    It is my opinion that the additional claim elements of claim 327 implicate different technology and different

fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 327 Element | '725 Claim None | Analysis |
|---|---|---|
| 327.a<br>The apparatus of claim 317, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 327.b<br>at least one of a display device for displaying information regarding the transaction and a printer for outputting information regarding the transaction. | | Claim 327 includes the limitation of, including at least one of a display device and a printer for presenting information regarding the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### vi.    '003 Patent, Dependent Claim 330

171.    Defendant has produced no material comparing the limitations of dependent claim 330 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 330 depends upon claim 317 of the '003 Patent.

172.    Claim 330 of the '003 Patent describes a banking system that accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 330 on claim 317 of the '003 Patent, claim 330 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

b. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent.  Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

h. The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent).

i. Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

173.   Moreover, claim 330 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a. Claim 330 includes the limitation of, the apparatus being a banking system, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 330.b of the '003 Patent)

174.   Claim element by claim element analysis to support these findings is documented in the table below.

175.   These additional claim elements, of claim 330 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

176.    It is my opinion that the additional claim elements of claim 330 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 330 Element | '725 Claim None | Analysis |
|---|---|---|
| 330.a<br>The apparatus of claim 317, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 330.b<br>wherein the apparatus is at least one of a banking transaction device, a banking transaction terminal, a teller terminal, a teller work station, a processing computer terminal, an automated teller machine terminal, a cashier work station, and an over-the-counter transaction device. | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definition provided in the prosecution history.<br><br>   "Banking transaction terminal" means "a device used in connection with a banking transaction, or a device used in performing a banking transaction, or a device for processing information regarding a banking transaction."<br>                    Sept. 12, 2005 Prelim Amendment to the '003 Patent p.148<br><br>Claim 330 includes the limitation of, the apparatus being a banking system, that **is lacking** in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### vii.    '003 Patent, Dependent Claim 331

177.    Defendant has produced no material comparing the limitations of dependent claim 331 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 331 depends upon claim 317 of the '003 Patent.

178.    Claim 331 of the '003 Patent describes a system that can read or scan transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 331 on claim 317 of the '003 Patent, claim 331 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in*

*usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725

Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit

and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to

receive. (see Claim 317.g, 317.j, 317.k, 317.l, of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require

conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must

be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account"

included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at

least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725

Patent. (See claim 317.h of the '003 Patent).

    h.   The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent).

    i.   Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

179.    Moreover, claim 331 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

    a.   Claim 331 includes the limitation of, at least one of scanning and reading information regarding the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 331.b of the '003 Patent).

180.    Claim element by claim element analysis to support these findings is documented in the table below.

181.    These additional claim elements, of claim 331 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

182.    It is my opinion that the additional claim elements of claim 331 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 331 Element | '725 Claim None | Analysis |
|---|---|---|
| 331.a<br>The apparatus of claim 317, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 331.b<br>at least one of a reading device and a scanning device for at least one of reading and scanning information regarding the transaction. | | Claim 331 includes the limitation of, at least one of scanning and reading information regarding the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### viii. '003 Patent, Dependent Claim 337

183.    Defendant has produced no material comparing the limitations of dependent claim 337 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 337 depends upon claim 317 of the '003 Patent.

184.    Claim 337 of the '003 Patent describes a system accepts transaction information and notifies a communications device associated with the account holder over the Internet independently of execution of the transaction and the account holder (or system with access to his account (i.e. visa checking)) can instruct the system to authorize, allow, or disallow the transaction through his communications device. By virtue of the dependency of claim 337 on claim 317 of the '003 Patent, claim 337 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

b. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, 337.b of the '003 Patent).

c. Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, 337.c of the '003 Patent).

e. The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f. The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

    g.  Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

    h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, 337.cof the '003 Patent).

    i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

185.  Moreover, claim 337 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

    a.  Claim 337 includes the limitation of, receiver receiving a second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 337.b of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

b.  Claim 337 includes the limitation of, transmitting a second signal from at least one of the communication device and a central transaction processing computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 337.c of the '003 Patent).

c.  Claim 337 includes the limitation of, the second signal Claim 337 includes the limitation of, transmitting a second signal from at least one of the communication device and a central transaction processing computer allowing, and disallowing, the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 337.d of the '003 Patent).

d.  Claim 337 includes the limitation of, processing device processes the second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 337.e of the '003 Patent).

e.  Claim 337 includes the limitation of, processing device at least one of authorizes the transaction, disallows the transaction, and cancels the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (see claim 337.f of the '003 Patent).

186.   Claim element by claim element analysis to support these findings is documented in the table below.

187.   These additional claim elements, of claim 337 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

188.    It is my opinion that the additional claim elements of claim 337 implicate different technology and different

fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 337 Element | '725 Claim None | Analysis |
|---|---|---|
| 337.a<br>The apparatus of claim 317, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 337.b<br>a receiver, wherein the receiver receives a second signal, | | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form.*<br><br>"Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>"Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6<br><br>Claim 337 includes the limitation of, receiver receiving a second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |
| 337.c<br>wherein the second signal is transmitted from at least one of the communication device and a central transaction processing computer, | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151 |

166

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 337 Element | '725 Claim None | Analysis |
|---|---|---|
| | | "Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.<br><br>"Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149<br><br>I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a memory device."<br>March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8<br><br>Claim 337 includes the limitation of, transmitting a second signal from at least one of the communication device and a central transaction processing computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 337.d<br>wherein the second | | Claim 337 includes the limitation of, the second signal Claim 337 includes the limitation of, transmitting a second signal from at least one of the communication device and a central |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 337 Element | '725 Claim None | Analysis |
|---|---|---|
| signal contains information for at least one of authorizing, allowing, and disallowing, the transaction, | | transaction processing computer allowing, and disallowing, the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 337.e wherein the processing device processes the second signal, and further | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions." <br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 <br><br> "Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, actions, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions." <br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 <br><br> Claim 337 includes the limitation of, processing device processes the second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |
| 337.f wherein the processing device at least one of authorizes the transaction, disallows the transaction, and cancels the transaction. | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history. <br><br> "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 337 Element | '725 Claim None | Analysis |
|---|---|---|
| | | device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>Claim 337 includes the limitation of, processing device at least one of authorizes the transaction, disallows the transaction, and cancels the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### ix.  '003 Patent, Dependent Claim 342

189.    Defendant has produced no material comparing the limitations of dependent claim 342 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 342 depends upon claim 317 of the '003 Patent.

190.    Claim 342 of the '003 Patent describes a system accepts transaction information and notifies a PC and/or home computer associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 342 on claim 317 of the '003 Patent, claim 342 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

  a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent)

  b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in*

*usable form.* (See Claims 317.b, of the '003 Patent).

c.  Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725

Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit

and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to

receive. (see Claim 317.g, 317.j, 317.k, 317.l, 342.b of the '003 Patent)

e.  The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require

conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must

be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.  The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account"

included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.  Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at

least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725

Patent. (See claim 317.h of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent)

    i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent)

191.    Moreover, claim 342 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

    a.  Claim 342 includes the limitation of, communication device is at least one of a personal computer and a home computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 342.b of the '003 Patent). Moreover claim element 317.l of the '003 Patent identifies a communication device as one of a markush grouping of devices. Setting aside the substantial differences between "communication device" of the '003 Patent and the '725 Patent, claim element 267.l lists the same markush grouping for communication device of the '725 patent. Assuming that substantial differences between "communications device" of the two patents is not at issue, there remains a question whether it is proper for Defendant to assert collateral estoppel against

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

Claim 342 as it would be dependent on whether the prior art in the JBTS v. Sleepy Hollow case is at least one of a personal computer and a home computer.

192.    Claim element by claim element analysis to support these findings is documented in the table below.

193.    These additional claim elements, of claim 342 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

194.    It is my opinion that the additional claim elements of claim 342 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 342 Element | '725 Claim None | Analysis |
|---|---|---|
| 342.a<br>The apparatus of claim 317,<br><br>. | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 342.b<br>wherein the communication device is at least one of a personal computer and a home computer. | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 342 Element | '725 Claim None | Analysis |
|---|---|---|
| | | receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 342 includes the limitation of, communication device is at least one of a personal computer and a home computer., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### x.    '003 Patent, Dependent Claim 343

196.    Defendant has produced no material comparing the limitations of dependent claim 343 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 343 depends upon claim 317 of the '003 Patent.

197.    Claim 343 of the '003 Patent describes a system accepts transaction information and notifies a wireless device associated with the account holder over the Internet independently of execution of the transaction. By virtue of the dependency of claim 343 on claim 317 of the '003 Patent, claim 343 of the '003 patents includes limitations from claim 317 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 317 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 317.a of the '003 Patent).

   b.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 317.b, of the '003 Patent).

c.   Claim 317 of the '003 Patent's limitation of "the information is input via an input device" lacks the further '725 Patent limitation of requiring conversion "to usable form." (see claim 317.b of the 003 Patent).

d.   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 317.g, 317.j, 317.k, 317.l, 343.b of the '003 Patent).

e.   The "the information is input via an input device" received by the "receiver" of the '003 Patent does not require conversion to usable form to fulfill the limitation of "converting those signals or data to usable form," that must be performed by the "receiver" of the '725 Patent. (See claim 317.b of the '003 Patent).

f.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 317.c, 317.d, 317.k of the '003 Patent).

g.   Claim 317 of the '003 Patent includes the limitation of transmission to a communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.h of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    h.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 317.i, of the '003 Patent).

    i.  Claim 317 of the '003 Patent includes the limitation of transmitting the signal "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 317.i of the '003 Patent).

198.    Moreover, claim 343 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

    a.  Claim 343 includes the limitation of communication device is a wireless device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (see claim 343.b of the '003 Patent). Moreover claim element 317.l of the '003 Patent identifies a communication device as one of a markush grouping of devices. Setting aside the substantial differences between "communication device" of the '003 Patent and the '725 Patent, claim element 267.l lists the same markush grouping for communication device of the '725 patent. Assuming that substantial differences between "communications device" of the two patents is not at issue, there remains a question

whether it is proper for Defendant to assert collateral estoppel against Claim 343 as it would be dependent on whether the prior art in the JBTS v. Sleepy Hollow case is a wireless device.

199.    Claim element by claim element analysis to support these findings is documented in the table below.

200.    These additional claim elements, of claim 343 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

201.    It is my opinion that the additional claim elements of claim 343 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 343 Element | '725 Claim None | Analysis |
|---|---|---|
| 343.a<br>The apparatus of claim 317, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 317 on which this dependent claim depends. See supra for claim 317 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 343.b<br>wherein the communication device is a wireless device. | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 343 Element | '725 Claim None | Analysis |
|---|---|---|
| | | "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>a.Claim 343 includes the limitation of, communication device is a wireless device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**D.      '003 Patent, Independent Claim 370**

202.     Defendant compares the limitations of claim 370 of the '003 Patent against claim 267 of the '725 Patent in their #58-10 Declaration. For each of the limitations of claim 370 of the '003 Patent, Defendant's assertion of an identical limitation in the '725 Patent is unsupported.

203.     Claim 370 of the '003 Patent describes a communication device associated with an account holder for receiving notifications and information regarding transactions on their account over the Internet independently of execution of the transaction.

204.     Claim 370 of the '003 Patent includes limitations that are not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 370 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 370.a of the '003 Patent).

b. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 370.b, 370.c of the '003 Patent).

c. Claim 370 of the '003 Patent's limitation of "first signal" received by the receiver lacks the further '725 Patent limitation of requiring conversion of information "to usable form." (see claim 370.b, 370.c of the 003 Patent).

d. Claim 370 of the '003 Patent includes the limitation of transmission to the receiver "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.d of the '003 Patent).

e. The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 370.e of the '003 Patent).

f. Claim 370 of the '003 Patent includes the limitation of transmitting "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.e of the '003 Patent).

    g.   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 370.l,  370.n of the '003 Patent).

    h.   The limitation of a second signal in claim 370 of the '003 Patent is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.m, 370.n of the '003 Patent).

    i.   The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 370.n of the '003 Patent).

205.   Claim element by claim element analysis to support these findings is documented in the table below.

206.   These additional claim elements, of claim 370 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

207.   It is my opinion that the additional claim elements of claim 370 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| 370.a<br>A transaction security apparatus, comprising: | Scope identical to 267.a<br>A transaction security apparatus, comprising: | The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.<br><br>"Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171<br><br>In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1 |
| 370.b<br>a receiver, wherein the receiver receives a first signal, | Scope identical to 267.d<br>wherein the information is input via an input device or automatically received by a receiver, | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form.* |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 <br><br> Defendant asserts that "first signal" of claim 370 of the '003 Patent to have identical scope to "information" automatically received by a receiver of claim 267 of the '725 Patent. However, "information" automatically received by a receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "first signal" received by "receiver" of claim 370 of the '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 370.c <br> wherein the first signal is transmitted from a transaction device to the receiver | Scope identical to 267.d <br> wherein the information is input via an input device or automatically received by a receiver, | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form*. <br><br> "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | Defendant asserts that "first signal" of claim 370 of the '003 Patent to have identical scope to "information" automatically received by a receiver of claim 267 of the '725 Patent. However, "information" automatically received by a receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "first signal" received by "receiver" of claim 370 of the '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 370.d <br> on or over at least one of the Internet and the World Wide Web | Obvious | The conclusory statement of "obvious" made by the defendant presumes that all other limitations of claim 370 of the '003 Patent are substantially identical to claims 108 and 109 of the '725 Patent. As shown in this table, significant differences exist. <br><br> In trying to bridge the substantial differences between claim 370 of the '003 patent and claims 108 and 109 of the '725 Patent, the limitation of "on or over at least one of the Internet and the World Wide Web," would only be obvious in hindsight. <br><br> Indeed, the limitation of "on or over at least one of the Internet and the World Wide Web," drives the need for the other claim limitations of claim 370 of the '003 Patent to address the demand at the time of the invention for improved security of transactions over the Internet. <br><br> The next phase of commerce on the Internet may well occur when two things happen: First, secure transactions must be enabled sufficiently so that users are comfortable that their credit card information (or digital cash) will not be stolen. Second, a wider audience has to be online — the audience has to be more mainstream. <br> Morgan Stanley US Investment Research, Technology/New Media: The Internet Report, February 1996 p. 11-65 <br><br> "at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B". In instances |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."<br><br>Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| 370.e independently of any processing of a transaction by a central transaction processing computer, | Obvious | The term, "central transaction processing computer" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "central transaction processing computer" in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.<br><br>"Central transaction processing computer" means "a device which performs an operation, an action, or a function, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a device which performs one or more operations, actions, or functions, regarding a transaction or transactions on, regarding, or involving, one or more accounts or a group of accounts, or a processing device which can process data or information regarding a transaction or transactions for or regarding one or more accounts or for or regarding a group of accounts."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.149<br><br>I adopt the following definition: "a device that receives, processes, and presents data by having, interconnected for operation, at least a central processing device and a memory device."<br><br>March 3, 2006 JBTS v. Sleepy Hollow Second Markman Order p.12<br><br>"Central Processing Device" is construed as "That part of a computer containing the circuits required to interpret and execute instructions."<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.8 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | |
| 370.f wherein the apparatus is associated with an individual account holder, | Scope identical to 267.e wherein the processing device is capable of allowing or disallowing the banking transaction, | |
| 370.g | | Defendant has parsed claim element 370.g of the '003 Patent in Defs #58-10 as blank. |
| 370.h | | Defendant has parsed claim element 370.g of the '003 Patent in Defs #58-10 as blank. |
| 370.i | | Defendant has parsed claim element 370.g of the '003 Patent in Defs #58-10 as blank. |
| 370.j | | Defendant has parsed claim element 370.g of the '003 Patent in Defs #58-10 as blank. |
| 370.k and further wherein the first signal contains information regarding a transaction occurring on an account, | Scope identical to 267.c wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account, 267.f and further wherein the processing device generates a signal containing information regarding the banking transaction; | Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking transaction" of the '725 Patent. However, "transaction" in claim 370 of the '003 Patent is **substantially different** in not having the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. Moreover, "transaction" in claim 370 of the '003 Patent lacks the further limitation of involving "least one of a checking account, a savings account, and an automated teller machine account," included in "banking transaction" of claim element 267.c of the '725 Patent<br><br>"Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>                    Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>                    Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account,<br>                    Claim element 267.c of the '725 Patent<br><br>"Transaction" means "an act or function, or an action carried out or performed". |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | 10.29.08 Joint Markman Claim Construction Statement, p. 1 |
| 370.l<br>wherein the apparatus is at least one of a beeper, a pager, a telephone, a two-way pager, a reply pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine; and | Scope identical to 267.j<br>wherein the communication device is at least one of a beeper, a pager, a telephone, a two-way pager, a reply pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine. | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| 370.m<br>a processing device, wherein the processing device processes the first signal and generates a second signal, | Scope identical to 267.b<br>a processing device for processing information regarding a banking transaction,<br>267.f<br>and further wherein the | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | processing device generates a signal containing information regarding the banking transaction; | information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>     Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>     Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161<br><br>Defendant asserts that "first signal" and "second signal" of claim 370 of the '003 Patent to have identical scope to "signal containing information regarding the banking transaction" of claim 267 of the '725 Patent. The limitation of a second signal in claim 370 of the '003 Patent is not included in the single "signal" of claim 267 of the '725 Patent. This is a **substantial difference**. |
| 370.n<br>wherein the second signal provides information regarding the transaction to the individual account holder. | Scope identical to 267.g<br>a transmitter for transmitting the signal to a communication device associated with an individual account holder, 267.h<br>wherein the signal is transmitted to the communication device in real-time 267.i<br>and further wherein the communication device provides information to the individual account | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>     Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>     Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Defendant asserts the "transaction" of the '003 Patent to have identical scope to the "banking |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 370 Element | Defs #58-10 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | holder regarding the banking transaction, | transaction" of the '725 Patent. However, "transaction" in claim 370 of the '003 Patent is **substantially different** in not having the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. Moreover, "transaction" in claim 370 of the '003 Patent lacks the further limitation of involving "least one of a checking account, a savings account, and an automated teller machine account," included in "banking transaction" of claim element 267.c of the '725 Patent<br><br>"Transaction" means "an act, an activity, an action, or a process, or an act, an activity, an action, or a process, which is being carried out or performed or which has been carried out or performed."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.172<br><br>I define the last disputed term, "banking transaction," as follows: "An activity affecting a deposit account, such as a deposit of funds or a withdrawal."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.11<br><br>wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account,<br>Claim element 267.c of the '725 Patent<br><br>"Transaction" means "an act or function, or an action carried out or performed".<br>10.29.08 Joint Markman Claim Construction Statement, p. 1<br><br>Defendant asserts that "first signal" and "second signal" of claim 370 of the '003 Patent to have identical scope to "signal containing information regarding the banking transaction" of claim 267 of the '725 Patent. The limitation of a second signal in claim 370 of the '003 Patent is not included in the single "signal" of claim 267 of the '725 Patent. This is a **substantial difference**. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

i.    **'003 Patent, Dependent Claim 371**

208.    Defendant has produced no material comparing the limitations of dependent claim 371 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 371 depends upon claim 370 of the '003 Patent.

209.    Claim 371 of the '003 Patent describes a communication device associated with an account holder for receiving notifications and information regarding transactions on their account over the Internet independently of execution of the transaction and sends instruction for least one of authorizing the transaction, allowing the transaction, and disallowing the transaction. By virtue of the dependency of claim 371 on claim 370 of the '003 Patent, claim 371 of the '003 patents includes limitations from claim 370 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 370 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 370.a of the '003 Patent).

b.    The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 370.b, 370.c of the '003 Patent).

c.  Claim 370 of the '003 Patent's limitation of "first signal" received by the receiver lacks the further '725 Patent limitation of requiring conversion of information "to usable form." (see claim 370.b, 370.c of the 003 Patent).

d.  Claim 370 of the '003 Patent includes the limitation of transmission to the receiver "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.d of the '003 Patent).

e.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 370.e of the '003 Patent).

f.  Claim 370 of the '003 Patent includes the limitation of transmitting "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.e of the '003 Patent).

g. The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 370.l, 370.n of the '003 Patent).

h. The limitation of a second signal in claim 370 of the '003 Patent is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.m, 370.n of the '003 Patent).

i. The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 370.n of the '003 Patent).

210. Moreover, claim 371 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a. Claim 371 includes the limitation of a third signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 371.b of the '003 Patent).

b. Claim 371 includes the limitation of, transmitter transmits a third signal to the transaction device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 371.b of the '003 Patent).

c. Claim 371 includes the limitation of, the third signal contains information for at least one of authorizing the transaction, allowing the transaction, and disallowing the transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 371.c of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

211.    Claim element by claim element analysis to support these findings is documented in the table below.

212.    These additional claim elements, of claim 371 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

213.    It is my opinion that the additional claim elements of claim 371 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 371 Element | '725 Claim None | Analysis |
|---|---|---|
| 371.a<br>The apparatus of claim 370, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 370 on which this dependent claim depends. See supra for claim 370 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 371.b<br>a transmitter, wherein the transmitter transmits a third signal to the transaction device, | | Claim 371 includes the limitation of a third signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent.<br><br>Claim 371 includes the limitation of, transmitter transmits a third signal to the transaction device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 371.c<br>wherein the third signal contains information for at least one of authorizing the | | Claim 371 includes the limitation of a third signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent.<br><br>Claim 371 includes the limitation of, the third signal contains information for at least one of authorizing the transaction, allowing the transaction, and disallowing the transaction, that is |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 371 Element | '725 Claim None | Analysis |
|---|---|---|
| transaction, allowing the transaction, and disallowing the transaction. | | lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### ii.    '003 Patent, Dependent Claim 372

214.    Defendant has produced no material comparing the limitations of dependent claim 372 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 372 depends upon claim 370 of the '003 Patent.

215.    Claim 372 of the '003 Patent describes a communication device associated with an account holder for receiving notifications and information regarding transactions on their account over the Internet independently of execution of the transaction and sends instruction for least one of authorizing the transaction, allowing the transaction, and disallowing the transaction over the internet and/or world wide web. By virtue of the dependency of claim 371 on claim 370 of the '003 Patent, claim 371 of the '003 patents includes limitations from claim 370 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.    The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 370 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 370.a of the '003 Patent).

b. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 370.b, 370.c of the '003 Patent).

c. Claim 370 of the '003 Patent's limitation of "first signal" received by the receiver lacks the further '725 Patent limitation of requiring conversion of information "to usable form." (see claim 370.b, 370.c of the 003 Patent).

d. Claim 370 of the '003 Patent includes the limitation of transmission to the receiver "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.d of the '003 Patent).

e. The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 370.e of the '003 Patent).

f. Claim 370 of the '003 Patent includes the limitation of transmitting "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.e of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

    *g.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 370.l, 370.n of the '003 Patent)

    h. The limitation of a second signal in claim 370 of the '003 Patent is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.m, 370.n of the '003 Patent).

    i. The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 370.n of the '003 Patent).

216. Moreover, claim 372 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

    a. Claim 372 includes the limitation of third signal is transmitted on or over at least one of the Internet and the World Wide Web., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 372.b of the '003 Patent)

217. Claim element by claim element analysis to support these findings is documented in the table below.

218. These additional claim elements, of claim 372 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

219.    It is my opinion that the additional claim elements of claim 372 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 372 Element | '725 Claim None | Analysis |
|---|---|---|
| 372.a<br>The apparatus of claim 371, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 370 on which this dependent claim depends. See supra for claim 370 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 372.b<br>wherein the third signal is transmitted on or over at least one of the Internet and the World Wide Web. | | Claim 372 includes the limitation of third signal is transmitted on or over at least one of the Internet and the World Wide Web., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

### iii.    '003 Patent, Dependent Claim 374

220.    Defendant has produced no material comparing the limitations of dependent claim 374 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 374 depends upon claim 370 of the '003 Patent.

221.    Claim 374 of the '003 Patent describes a communication device associated with an account holder for receiving notifications and a display device that shows information regarding at least one of a name of a store or a service provider, a name of a bank or a financial institution, an amount of the transaction, a time of the transaction, a location of the transaction, and information regarding a good or a service involved in the transaction.. By virtue of the dependency of claim 374 on claim 370 of the '003 Patent, claim 374 of the '003 patents includes limitations from claim 370 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 370 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 370.a of the '003 Patent).

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 370.b, 370.c of the '003 Patent).

c.  Claim 370 of the '003 Patent's limitation of "first signal" received by the receiver lacks the further '725 Patent limitation of requiring conversion of information "to usable form." (see claim 370.b, 370.c of the 003 Patent).

d.  Claim 370 of the '003 Patent includes the limitation of transmission to the receiver "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.d of the '003 Patent).

e.  The "central transaction processing computer" of the '003 Patent includes the limitation of "which performs an operation, an action, or a function, regarding a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," instead of "device that receives, processes, and presents data" in the '725 Patent (See claim 370.e of the '003 Patent).

f.  Claim 370 of the '003 Patent includes the limitation of transmitting "independently of any processing of the transaction by a central transaction processing computer" that lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.e of the '003 Patent).

g.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 370.l,  370.n of the '003 Patent).

h.  The limitation of a second signal in claim 370 of the '003 Patent is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 370.m, 370.n of the '003 Patent).

i.  The "transaction" of the '003 Patent does not include the further limitation of "affecting a deposit account" included in "banking transaction" of the '725 Patent. (See claim 370.n of the '003 Patent).

222.   Moreover, claim 374 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*.

a.  Claim 374 includes the limitation of display device displays information contained in the second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent (See claim 374.b of the '003 Patent)

b.  Claim 374 includes the limitation of second signal contains information regarding at least one of a name of a store or a service provider, a name of a bank or a financial institution, an amount of the transaction, a time of the transaction, a location of the transaction, and information regarding a good or a service involved in the transaction., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 374.c of the '003 Patent)

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

223.    Claim element by claim element analysis to support these findings is documented in the table below.

224.    These additional claim elements, of claim 374 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

225.    It is my opinion that the additional claim elements of claim 374 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 374 Element | '725 Claim None | Analysis |
|---|---|---|
| 374.a<br>The apparatus of claim 370, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 370 on which this dependent claim depends. See supra for claim 370 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 374.b<br>a display device, wherein the display device displays information contained in the second signal, | | Claim 374 includes the limitation of display device displays information contained in the second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 374.c<br>wherein the second signal contains information regarding at least one of a name of a store or a service | | Claim 374 includes the limitation of second signal contains information regarding at least one of a name of a store or a service provider, a name of a bank or a financial institution, an amount of the transaction, a time of the transaction, a location of the transaction, and information regarding a good or a service involved in the transaction., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 374 Element | '725 Claim None | Analysis |
|---|---|---|
| provider, a name of a bank or a financial institution, an amount of the transaction, a time of the transaction, a location of the transaction, and information regarding a good or a service involved in the transaction. | | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

**E.     '003 Patent, Independent Claim 414**

226.    Defendant compares the limitations of claim 414 of the '003 Patent against claim 267 of the '725 Patent in their #58-12 Declaration. For each of the limitations of claim 414 of the '003 Patent, Defendant's assertion of an identical limitation in the '725 Patent is unsupported.

227.    Claim 414 of the '003 Patent describes a system for processing checking or savings account or ATM account transactions to allow  or disallow the transaction and provide notice and information to the account holder in real time over the internet.

228.    Claim 414 of the '003 Patent includes limitations that are not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow,* namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d of the '003 Patent).

c.   Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

*d.*   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k of the '003 Patent).

e.   Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

229.   Claim element by claim element analysis to support these findings is documented in the table below.

230.   These additional claim elements, of claim 414 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

231.   It is my opinion that the additional claim elements of claim 414 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in  claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| 414.a<br>A transaction security apparatus, comprising: | Scope identical to 267.a<br>A transaction security apparatus, comprising: | The term "transaction security apparatus" in the '003 Patent definition identifies limitations of "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction". While *JBTS v. Sleepy Hollow* found that the preamble was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal **substantial differences** from the definition in the '003 Patent. The '003 Patent "transaction security apparatus" informs about a transaction, informs the authorization status of a transaction, determines transaction authorization, or protects a transaction; whereas the judge understood the '725 Patent "transaction security apparatus and method" to inform a bank account holder that a transaction was occurring to empower him to permit the transaction or not.<br><br>"Transaction security apparatus" means "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.171<br><br>In March 2003, Joao and Robert Bock obtained patent number 6,529,725 ("the '725 patent") for something called a "transaction security apparatus and method." In plain English, the patent was for a device that would notify a person on-line that a transaction involving his bank account was occurring, thus giving him the opportunity to disallow the transaction.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.1 |
| 414.b | Scope identical to | Certain terms used in the '003 Patent have been defined in the patent prosecution history that |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| a processing device, wherein the processing device processes information regarding a banking transaction, | 267.b a processing device for processing information regarding a banking transaction, | have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161 |
| 414.c wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account, | Scope identical to 267.c wherein the banking transaction involves at least one of a checking account, a savings account, and an automated teller machine account, and | |
| 414.d wherein the information is input via an input device or automatically received by a receiver, | Scope identical to 267.d wherein the information is input via an input device or automatically received by a receiver, | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definition provided in the prosecution history.<br><br>"Input Device" means "a device or set of devices through which data or information is brought into another device, or a device or set of devices through which data or |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | | information is entered into another device, or a device or set of devices via which data or information is entered into another device or brought into another device." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.154 <br><br> "Input device" means "a device or set of devices 14 through which data is brought into another device." <br> Trial Transcr. at p. 26, lns. 13-14.  Mar. 16, 2010 <br> The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* <br><br> "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message." <br> Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165 <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 <br><br> Consequently, the "information" received by the receiver of the '725 Patent is not in usable form since the '725 Patent "receiver" performs "converting those signals or data to usable form." The "information" received by "receiver" of '003 Patent is **substantially different** as there is no limitation requiring conversion "to usable form." <br><br> "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form." <br> Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6 |
| 414.e <br> wherein the processing | Scope identical to 267.e | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in  claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| device is capable of allowing or disallowing the banking transaction, | wherein the processing device is capable of allowing or disallowing the banking transaction, | an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |
| 414.f and further wherein the processing device generates a signal containing information regarding the banking transaction; and | Scope identical to 267.f and further wherein the processing device generates a signal containing information regarding the banking transaction; and | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |
| 414.g a transmitter, wherein the transmitter transmits the signal | Scope identical to 267.g a transmitter for transmitting the signal | |
| 414.h to a network computer, wherein the signal is transmitted to the network computer in | Obvious variation to transmit the signal to a second device Se 414i signal also sent to comm. device | The term, "network computer" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "network computer" in the '725 Patent specifies a "'thin' computer" whereas the definition in the '003 Patent does not limit the computer of "network computer" to being a 'thin' computer. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| real-time, | | "Network computer" means "a device or computer which can receive a signal, data, information, or a message, from another device or computer in or via a communication network, or a device or computer which can transmit a signal, data, information, or a message, to another device or computer in or via a communication network."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>I concur with defendants' suggestion that "network computer" was a term of art in the industry, describing the (apparently extinct) "thin" computer.<br>June 13, 2006 JBTS v. Sleepy Hollow Supplement to Second Markman Decision |
| 414.i<br>and further wherein the information regarding the banking transaction is transmitted to a communication device associated with an individual account holder, | Scope identical to 267.i<br>and further wherein the communication device provides information to the individual account holder regarding the banking transaction, | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| 414.j<br>wherein the communication device is at least one of a beeper, a pager, a telephone, a two-way pager, a reply | Scope identical to 267.j<br>and wherein the communication device is at least one of a beeper, a pager, a telephone, a two- | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine, | way pager, a reply pager, a home computer, a personal computer, a personal communication device, a personal communication services device, a television, an interactive television, a digital television, a personal digital assistant, a display telephone, a video telephone, a watch, a cellular telephone, a wireless telephone, a mobile telephone, a display cellular telephone, and a facsimile machine. | or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>        Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>        Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>"at least one of A and B" where each of A and B is either a term or a phrase, the phrase "at least one of A and B" means "only A, only B, or A and B".  In instances other than those noted above, in which three or more terms and/or phrases are present in an "at least one of … and …" phrase, Applicant provides the following example definitions: the phrase "at least one of A, B, and C" means "only A, only B, only C, or any combination of A, B and C"; the phrase "at least one of A, B, C, and D" means "only A, only B, only C, only D, or any combination of A, B, C and D"; the phrase "at least one of A, B, C, D, and E" means "only A, only B, only C, only D, only E, or any combination of A, B, C, D, and E", an[d] [sic] so on."<br>        Oct. 16, 2004 Prelim. Amend. to the '003 File History, at pp. 10-11. |
| 414.k<br>and further wherein the information regarding the banking transaction is transmitted to the communication device | Scope identical to 267.h<br>to a communication device associated with an individual account holder, wherein the signal is transmitted to the communication device in real-time,<br>267.i<br>and further wherein the communication device | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>        Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 414 Element | Defs #58-12 Corresponding Scope in claim 267 (of '725 Patent) | Analysis |
|---|---|---|
| | provides information to the individual account holder regarding the banking transaction, | intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7 |
| 414.1<br>on or over at least one of the Internet and the World Wide Web. | Obvious to try<br>See, Soverain v. NewEgg. | The conclusory statement of "obvious to try" made by the defendant presumes that all other limitations of claim 414 of the '003 Patent are substantially identical to claims 108 and 109 of the '725 Patent. As shown in this table, significant differences exist.<br><br>In trying to bridge the substantial differences between claim 414 of the '003 patent and claims 108 and 109 of the '725 Patent, the limitation of "on or over at least one of the Internet and the World Wide Web," would only be obvious in hindsight.<br><br>Indeed, the limitation of "on or over at least one of the Internet and the World Wide Web," drives the need for the other claim limitations of claim 414 of the '003 Patent to address the demand at the time of the invention for improved security of transactions over the Internet.<br><br>The next phase of commerce on the Internet may well occur when two things happen: First, secure transactions must be enabled sufficiently so that users are comfortable that their credit card information (or digital cash) will not be stolen. Second, a wider audience has to be online — the audience has to be more mainstream.<br>Morgan Stanley US Investment Research, Technology/New Media: The Internet Report, February 1996 p. 11-65 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### i.   **''003 Patent, Dependent Claim 415**

232.    Defendant has produced no material comparing the limitations of dependent claim 415 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 415 depends upon claim 414 of the '003 Patent.

233.    Claim 415 of the '003 Patent describes a system for processing checking or savings account or ATM account transactions to allow or disallow the transaction and provide notice and information to the account holder in real time over the internet. The upon receipt of the notice, the account holder can respond through his communications device, the system then based on its processing sends at least one of allowing the banking transaction, disallowing the banking transaction, and canceling the banking transaction.. By virtue of the dependency of claim 415 on claim 414 of the '003 Patent, claim 415 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent)

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , 415.b of the '003 Patent).

c.  Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent)

d.  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 415.c of the '003 Patent)

e.  Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent)

234.  Moreover, claim 415 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.  Claim 415 includes the limitation of second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal. (See claim 415.b of the '003 Patent)

b.  Claim 415 includes the limitation of receiver receives a second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal.. (See claim 415.b of the '003 Patent)

c.  Claim 415 includes the limitation of second signal is transmitted from the communication device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 415.c of the '003 Patent)

d.  Claim 415 includes the limitation of s processing device processes the second signal and determines whether the banking transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 415.d of the '003 Patent)

e.  Claim 415 includes the limitation of third signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal. (See claim 415.e of the '003 Patent)

f.  Claim 415 includes the limitation of processing device generates a third signal containing information for at least one of allowing the banking transaction, disallowing the banking transaction, and canceling the banking transaction., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal. (See claim 415.e of the '003 Patent)

235.   Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

236.    These additional claim elements, of claim 415 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

237.    It is my opinion that the additional claim elements of claim 415 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 415 Element | '725 Claim None | Analysis |
|---|---|---|
| 415.a<br>The apparatus of claim 414, further comprising: | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 415.b<br>a receiver, wherein the receiver receives a second signal, | | The term, "receiver" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "receiver" in the '725 Patent includes the limitation of "converting those signals or data to usable form," that is lacking in the '003 Patent definition. Furthermore the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are not in usable form*.<br><br>    "Receiver" means "a device for receiving a signal, data, information, or a message, or a device for the reception of a signal, data, information, or a message."<br>                Sept. 12, 2005 Prelim Amendment to the '003 Patent p.165<br><br>    "Receiver" is construed to mean, "A device for receiving signals or data from an outside source and converting those signals or data to usable form."<br>                Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.6<br><br>Claim 415 includes the limitation of second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal.<br><br>Claim 415 includes the limitation of receiver receives a second signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal. |
| 415.c<br>wherein the second signal is transmitted from the communication | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 415 Element | '725 Claim None | Analysis |
|---|---|---|
| device, | | "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 415 includes the limitation of second signal is transmitted from the communication device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 415.d<br>wherein the processing device processes the second signal and determines whether the banking transaction is allowed or disallowed, and further | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Processes" means "performs an operation, an action, or a function, on, with, or regarding, data or information, or performs a number of operations, actions, or functions, on, with, or regarding, data or information, or performs an operation, an action, or a function, or performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.161<br><br>Claim 415 includes the limitation of s processing device processes the second signal and determines whether the banking transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |
| 415.e | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 415 Element | '725 Claim None | Analysis |
|---|---|---|
| wherein the processing device generates a third signal containing information for at least one of allowing the banking transaction, disallowing the banking transaction, and canceling the banking transaction. | | have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br><br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>Claim 415 includes the limitation of third signal, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal.<br><br>Claim 415 includes the limitation of processing device generates a third signal containing information for at least one of allowing the banking transaction, disallowing the banking transaction, and canceling the banking transaction., that is lacking in claims 267, 280, 293, and 294 of the '725 Patent that only discuss a single signal. |

### ii.   '003 Patent, Dependent Claim 416

238.   Defendant has produced no material comparing the limitations of dependent claim 416 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 416 depends upon claim 414 of the '003 Patent.

239.   Claim 416 of the '003 Patent describes a system for processing checking or savings account or ATM account transactions to allow or disallow the transaction and provide notice and information to a wireless device associated with the account holder in real time over the internet. By virtue of the dependency of claim 416 on claim 414 of the '003 Patent, claim 416 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

    b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

   c. Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

   *d.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 416.b of the '003 Patent).

   e. Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

240. Moreover, claim 416 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

   a. Claim 416 includes the limitation communication device is a wireless device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 416 b of the '003 Patent).

241. Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

242.    These additional claim elements, of claim 416 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

243.    It is my opinion that the additional claim elements of claim 416 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 416 Element | '725 Claim None | Analysis |
|---|---|---|
| 416.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 416.b<br>wherein the communication device is a wireless device. | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>"Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>"Communication device" is defined as, "An apparatus for the transmission of |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 416 Element | '725 Claim None | Analysis |
|---|---|---|
| | | intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 416 includes the limitation of communication device is a wireless device, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

  iii.  **'003 Patent, Dependent Claim 417**

244. Defendant has produced no material comparing the limitations of dependent claim 417 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 417 depends upon claim 414 of the '003 Patent.

245. Claim 417 of the '003 Patent describes a system for processing checking or savings account or ATM account transactions to allow or disallow the transaction and provide notice and information to a PC and/or home computer associated with the account holder in real time over the internet. By virtue of the dependency of claim 417 on claim 414 of the '003 Patent, claim 417 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

  a. The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

  b. The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

225

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

c.   Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

*d.*   The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 417.b of the '003 Patent).

e.   Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

246.   Moreover, claim 417 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.   Claim 417 includes the limitation communication device is a PC and/or home computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 417 b of the '003 Patent).

247.   Claim element by claim element analysis to support these findings is documented in the table below.

248.    These additional claim elements, of claim 417 of the '003 Patent demonstrates that there are patentable

significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted

claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

249.    It is my opinion that the additional claim elements of claim 417 implicate different technology and different

fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 417 Element | '725 Claim None | Analysis |
|---|---|---|
| 417.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 417.b<br>wherein the communication device is at least one of a personal computer and a home computer. | | The term, "communication device" is **substantially different** in the '725 Patent than the '003 Patent. The definition of "communication device" in the '003 Patent includes the limitation of "which can receive a signal, data, information, or a message" that is lacking in the '725 Patent. The communication device of the '725 Patent can only transmit.<br><br>     "Communication device" means "a device which transmits a signal, data, information, or a message, or a device which receives a signal, data, information, or a message, or a device which can transmit a signal, data, information, or a message and which can receive a signal, data, information, or a message."<br>          Sept. 12, 2005 Prelim Amendment to the '003 Patent p.151<br><br>     "Communication device" is defined as, "An apparatus for the transmission of |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 417 Element | '725 Claim None | Analysis |
|---|---|---|
| | | intelligence between two or more points." This definition accurately summarizes what a communications device would do - it would communicate, by transmitting data.<br><br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.7<br><br>Claim 417 includes the limitation communication device is a PC and/or home computer, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

228

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### iv.    '003 Patent, Dependent Claim 418

250.    Defendant has produced no material comparing the limitations of dependent claim 418 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 418 depends upon claim 414 of the '003 Patent.

251.    The apparatus of claim 418 Banking transaction is check clearing transaction.

252.    Claim 418 of the '003 Patent describes a system for processing check clearing transactions to allow or disallow the transaction and provide notice and information to a PC and/or home computer associated with the account holder in real time over the internet. By virtue of the dependency of claim 418 on claim 414 of the '003 Patent, claim 418 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

c.  Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer. (see claim 414.h of the '003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, of the '003 Patent).

e.  Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

253.  Moreover, claim 418 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.  Claim 418 includes the limitation of banking transaction is a check clearing transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 418 b of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

254.    Claim element by claim element analysis to support these findings is documented in the table below.

255.    These additional claim elements, of claim 418 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

256.    It is my opinion that the additional claim elements of claim 418 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 418 Element | '725 Claim None | Analysis |
|---|---|---|
| 418.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 418.b<br>wherein the banking transaction is a check clearing transaction. | | Claim 418 includes the limitation of banking transaction is a check clearing transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

### v.   '003 Patent, Dependent Claim 419

257.   Defendant has produced no material comparing the limitations of dependent claim 419 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 419 depends upon claim 414 of the '003 Patent.

258.   Claim 419  of the '003 Patent describes a system for processing checking account transaction, a check cashing transaction, an account settling transaction, an account charging transaction, and a charge-back transaction to allow or disallow the transaction and provide notice and information to a communication device associated with the account holder in real time over the internet. By virtue of the dependency of claim 419 on claim 414 of the '003 Patent, claim 419 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

c.  Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 417.b of the '003 Patent).

e.  Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

259.  Moreover, claim 419 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.  Claim 419 includes the limitation of banking transaction is at least one of a checking account transaction, a check cashing transaction, an account settling transaction, an account charging transaction, and a charge-back

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 419 b of the '003

Patent).

260.    Claim element by claim element analysis to support these findings is documented in the table below.

261.    These additional claim elements, of claim 419 of the '003 Patent demonstrates that there are patentable

significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted

claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

262.    It is my opinion that the additional claim elements of claim 419 implicate different technology and different

fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 419 Element | '725 Claim None | Analysis |
|---|---|---|
| 419.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 419.b<br>wherein the banking transaction is at least one of a checking account transaction, a check | | Claim 419 includes the limitation of banking transaction is at least one of a checking account transaction, a check cashing transaction, an account settling transaction, an account charging transaction, and a charge-back transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 419 Element | '725 Claim None | Analysis |
|---|---|---|
| cashing transaction, an account settling transaction, an account charging transaction, and a charge-back transaction. | | |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### vi.   '003 Patent, Dependent Claim 420

263.   Defendant has produced no material comparing the limitations of dependent claim 420 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 420 depends upon claim 414 of the '003 Patent.

264.   Claim 420 of the '003 Patent describes a system for processing a savings account transaction to allow or disallow the transaction and provide notice and information to a communication device associated with the account holder in real time over the internet. By virtue of the dependency of claim 420 on claim 414 of the '003 Patent, claim 420 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

   a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

   b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

   c. Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

   *d.* The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 417.b of the '003 Patent).

   e. Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

265. Moreover, claim 420 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

   a. Claim 420 includes the limitation of a hold applying to "banking transaction is a savings account transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent. (See claim 420 b of the '003 Patent).

266. Claim element by claim element analysis to support these findings is documented in the table below.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

267.    These additional claim elements, of claim 420 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

268.    It is my opinion that the additional claim elements of claim 420 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 420 Element | '725 Claim None | Analysis |
|---|---|---|
| 420.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 420.b<br>wherein the banking transaction is a savings account transaction. | | Claim 420 includes the limitation of banking transaction is a savings account transaction, that is lacking in claims 267, 280, 293, and 294 of the '725 Patent |

### vii.    '003 Patent, Dependent Claim 422

269.    Defendant has produced no material comparing the limitations of dependent claim 422 of the '003 Patent against any claim of the '725 Patent. See Supra to the extent claim 422 depends upon claim 414 of the '003 Patent.

270.    Claim 422 of the '003 Patent describes a system to determine whether a hold is placed on the at least one of a checking account, a savings account, and an automated teller machine account, for prohibiting a withdrawal from the at least one of a checking account, a savings account, and an automated teller machine account and disallows the withdrawal from the at least one of a checking account, a savings account, and an automated teller machine account and provide notice and information to a communication device associated with the account holder in real time over the internet. By virtue of the dependency of claim 422 on claim 414 of the '003 Patent, claim 422 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

a.  The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 and claim 267 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

b.  The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver "converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

c.  Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

*d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 417.b of the '003 Patent).

e.  Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

271.  Moreover, claim 422 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

a.  The "hold" of the '003 Patent includes the limitation of "prohibiting" access to funds whereas in the '725 Patent, a hold "limits" access to funds. (See claim 422.b of the '003 Patent).

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

272.   Claim element by claim element analysis to support these findings is documented in the table below.

273.   These additional claim elements, of claim 422 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

274.   It is my opinion that the additional claim elements of claim 422 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 422 Element | '725 Claim None | Analysis |
|---|---|---|
| 422.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 422.b<br>wherein the processing device determines whether a hold is placed on the at least one of a checking account, a savings account, and an automated teller machine account, for prohibiting a withdrawal from the at least one of a checking account, a savings | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br>    "Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>            Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158<br><br>"Prohibiting" means "preventing or forbidding." |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 422 Element | '725 Claim None | Analysis |
|---|---|---|
| account, and an automated teller machine account, and further | | Sept. 12, 2005 Prelim Amendment to the '003 Patent p.164<br><br>The term, "hold" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "hold" in the '725 Patent "limits" access to funds whereas the definition in the '003 Patent "prohibits" access to funds."<br><br>"Hold" means "an instruction, notation, or data or information, which prohibits something from happening, or which prohibits use of an account, or which prohibits access to funds in an account."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.152<br><br>The term "hold" in the context of the '725 patent means, "A notation limiting access to funds in a checking, savings or automated teller machine account."<br>Dec. 1, 2008 JBTS v. Sleepy Hollow Markman Order p.10 |
| 422.c<br>wherein the processing device disallows the withdrawal from the at least one of a checking account, a savings account, and an automated teller machine account. | | Certain terms used in the '003 Patent have been defined in the patent prosecution history that have not been construed by the court in the '725 Patent. A person of skill in the art would have an understanding of these terms consistent with the definitions provided in the prosecution history.<br>"Processing device" means "a device which performs an operation, an action, or a function, on, with, or regarding, data or information, or a device which performs a number of operations, actions, or functions, on, with, or regarding, data or information, or a device which performs an operation, an action, or a function, or a device which performs a number of operations, actions, or functions."<br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |

DELAWARE CASE NO 1:12-cv-01138-SLR

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

### viii.   '003 Patent, Dependent Claim 423

275.   Defendant has produced no material comparing the limitations of dependent claim 423 of the '003 Patent against any claim of the '725 Patent. See *Supra* to the extent claim 423 depends upon claim 414 of the '003 Patent.

276.   Claim 423 of the '003 Patent describes a system to a system for processing checking or savings account or ATM account transactions to allow or disallow the transaction and provide notice and information to the network computer of the account holder in real time over the internet and/or world wide web. By virtue of the dependency of claim 423 on claim 414 of the '003 Patent, claim 423 of the '003 patents includes limitations from claim 414 not present in the claims of the '725 Patent invalidated during *JBTS v. Sleepy Hollow*, namely,

    a.   The definition of "transaction security apparatus" includes limitations for consideration as part of the preamble of claim 414 of the '003 Patent. While *JBTS v. Sleepy Hollow* found that the preamble to claim 108 was not limiting, comments made by the judge in the Dec. 1, 2008 '725 Patent Markman order for the Sleepy Hollow case reveal substantial differences in "transaction security apparatus" from the definition in the '003 Patent. (see claim 414.a of the '003 Patent).

    b.   The "receiver" of the '003 Patent lacks the limitation of "converting those signals or data to usable form," that is required of the "receiver" of the '725 Patent. Moreover, the limitation in the '725 Patent of a receiver

"converting those signals or data to usable form," infers that *signals or data received by the receiver are <u>not</u> in usable form.* (See Claims 414.d , of the '003 Patent).

   c.  Claim 414 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 414.h of the '003 Patent).

   *d.*  The "communications device" of the '003 Patent includes the limitations of having the ability to both transmit and receive whereas the "communications device" of the '725 Patent lacks the limitation of having the ability to receive. (see Claim 414.i, 414.j, 414.k, 417.b of the '003 Patent).

   e.  Claim 414 of the '003 Patent includes the limitation of transmission to the communication device "on or over at least one of the Internet and the World Wide Web" that is lacking in claims 267, 280, 293 and 294 of the '725 Patent. (See claim 414.l of the '003 Patent).

277.  Moreover, claim 423 of the '003 Patent includes additional limitations not present in the claims of the '725 Patent invalidated during JBTS v. Sleepy Hollow.

   a.  Claim 423 of the 003 patent includes the limitation of, network computer without the further limitation of the '725 Patent that the network computer be a 'thin' computer.(see claim 423.b of the '003 Patent).

278.  Claim element by claim element analysis to support these findings is documented in the table below.

279.    These additional claim elements, of claim 423 of the '003 Patent demonstrates that there are patentable significance to the claim as a whole, substantially different from claim 267 of the '725 Patent, and the other '725 asserted claims, especially when viewed in the context of the state of the art at the time of the invention (*see* Section VI. Technology).

280.    It is my opinion that the additional claim elements of claim 423 implicate different technology and different fields of art from that contemplated by the scope of claim 267 and the other '725 asserted claims.

| '003 Claim 423 Element | '725 Claim None | Analysis |
|---|---|---|
| 423.a<br>The apparatus of claim 414, | | Defendant has not provided collateral estoppel arguments for this claim other than for the independent claim 414 on which this dependent claim depends. See supra for claim 414 analysis.<br><br>I reserve the right to supplement this Declaration should the Defendant provide collateral estoppel arguments for this claim. |
| 423.b<br>wherein the signal is transmitted to the network computer on or over at least one of the Internet and the World Wide Web. | | The term, "network computer" is **substantially different** in the '725 Patent than the '003 Patent. The construction of "network computer" in the '725 Patent specifies a "'thin' computer" whereas the definition in the '003 Patent does not limit the computer of "network computer" to being a 'thin' computer.<br><br>"Network computer" means "a device or computer which can receive a signal, data, information, or a message, from another device or computer in or via a communication network, or a device or computer which can transmit a signal, data, information, or a message, to another device or computer in or via a communication network."<br><br>Sept. 12, 2005 Prelim Amendment to the '003 Patent p.158 |

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| '003 Claim 423 Element | '725 Claim None | Analysis |
|---|---|---|
| | | I concur with defendants' suggestion that "network computer" was a term of art in the industry, describing the (apparently extinct) "thin" computer. |
| | | June 13, 2006 JBTS v. Sleepy Hollow Supplement to Second Markman Decision |

## X.    CONCLUSION

281.    Based on my experience, and the information I have reviewed, I have formed the following opinions, which are established by the research and analysis included in this Declaration and the legal guidance I have received from JBTS's attorneys.

a.    Defendant has **failed to establish the application of collateral estoppel** based on the judgment in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.* because their allegations that, an issue of invalidity common to each action is substantially identical, is unsupported.

   i.    Defendant has supplied **no support in their analysis** for collateral estoppel from intrinsic or extrinsic evidence other than to recite the asserted independent claims of the '003 Patent with a claim selected from the '725 Patent and/or make a conclusory statement (i.e. "Obvious")

   ii.    Defendant provides **no analysis of the dependent claims** asserted in the '003 Patent.

b.    Not only has defendant not proven collateral estoppel, the intrinsic evidence when viewed from the perspective of a person of skill in the art, **teaches away from a conclusion of collateral estoppel**.

   i.    The asserted claims of the '003 Patent are **substantially different** from the claims of the '725 Patent that were invalidated in *Joao Bock Transaction Systems, LLC v. Sleepy Hollow Bank, et al.*

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

c. Terms common to both the '003 Patent and '725 Patent have

   **<u>substantially different</u>** definitions.

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## XI.   SIGNATURE

_____

Ivan Zatkovich
February 25, 2014

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC


<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 25, 2014 the foregoing Expert

Declaration of Ivan Zatkovich was sent to counsel of record for Defendant via CM/ECF

which will send a CM/ECF notice via electronic mail:


                                             /s/  Steven W. Ritcheson
                                             Steven W. Ritcheson

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

# APPENDIX A.   CURRICULUM VITAE



Ivan Zatkovich has 28 years experience in computer science, computer networks, and software engineering.  Mr. Zatkovich is the principal consultant with eComp Consultants, a technology consulting firm specializing in intellectual property consulting for the telecommunications, web publishing, and eCommerce.  Mr. Zatkovich has 9 years experience providing expert testimony for patent litigation and software & application disputes.

Mr. Zatkovich has designed and developed eCommerce, Investment, and Financial Transaction systems for Banking, Brokerage, Insurance, and Retail industries. He has testified on cases involving B2B & B2C eCommerce systems, point of sale card transactions, and financial transaction and interest bearing products.

| | | |
|---|---|---|
| **Director / Project Manager** | 13 years | Managed 6 to 35 member teams. Software development, systems Integration, critical path management, PMP/CMM methodologies. |
| **Internet, ecommerce** | 8 years | Commercial and high volume content websites, web marketing and personalization, search engine optimization, Storefront, fulfillment systems, B2B/B2C portals, ERP/supply chain. (Warner Brothers, Caldwell Banker, AAA Travel, Pro Marine) |
| **Financial & Insurance** | 7 years | Implemented early version of eTrade retail trading website. Developed financial network products and electronic transactions for Citicorp and Smith Barney.  Implemented policyholder services, claims processing, and subrogation handling for GEICO and Hartford Insurance. |
| **Expert Witness** | 9 years | Expert testimony and damage assessment for ecommerce litigation, internet & software copyright, telecommunications. Over 24 cases providing expert reports, depositions, & trial testimony. |

## A.     Education:

| | | |
|---|---|---|
| B. S. Computer Science | 1980 | University of Pittsburgh |

Minor in E.E. digital circuit design
Master's study and thesis in Computer Networks, Results published in Byte Magazine

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## B.  Sample Case Experience:

### i.  Ronald A. Katz v. Fifth Third Bank

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Northern California |
| Client: | Defendants |
| Nature of Case: | Patent Litigation for Call Center, and Telecom technology |
| Engagement: | Expertise in Call center systems for Banking, Mortgage, credit cards.  Analyze client call center applications, prepare non-infringement and rebuttal reports. |
| Status: | Open |
| Represented by: | Vorys LLP, Wood Herron and Evans. |

### ii.  IBM v. Amazon.com

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Eastern Texas |
| Client: | Amazon.com as defendant in complaint and plaintiff in counterclaim |
| Nature of Case: | Intellectual Property Litigation |
| Nature of Engagement: | Provide expertise in web marketing, online advertising, and ecommerce technology for prior art, patent validity and non-infringement investigations |
| Represented by: | Fish & Richardson |
| Status: | Settled 2007 |

### iii.  Bid For Position v. AOL, Google, Microsoft, MIVA Inc

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Eastern District of Virginia, Norfolk |
| Client: | MIVA, Inc. |
| Nature of Case: | Ecommerce Patent Litigation |
| Nature of Engagement: | Invalidity report for web keyword auction technology, internet search engine technology. |
| Represented by: | Dorsey & Whitney |
| Status: | Settled 2008 |

### iv.  Dallal v. New York Times

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Southern New York |
| Client: | Thomas Dallal as plaintiff |
| Nature of Case: | Web Copyright |
| Nature of Engagement: | Provide expertise in media publishing practices, content licensing, web content customization |
| Represented by: | Rubin, Bailin, Ortoli, Mayer & Baker |
| Status: | Trial completed 2008, verdict in favor of plaintiff |

### v.  TGIP v. AT&T, IDT, et.al.

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Eastern Texas |
| Client: | IDT Corporation |
| Nature of Case: | Patent Litigation |
| Nature of Engagement: | Expertise in eCommerce transactions, Cell phone provisioning, Point-of-sale calling card transactions.  Provide report on patent non-Infringement and Invalidity. |
| Represented by: | Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. |
| Status: | Settled 2007 |

### vi.  Nuance Communications v. TellMe Networks (Microsoft)

252

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

| | |
|---|---|
| Jurisdiction: | U.S. District Court, Delaware |
| Client: | TellMe Networks, A MicroSoft Subsidiary |
| Nature of Case: | Patent Litigation |
| Nature of Engagement: | Provide expertise in speech recognition and call center technology, prior art investigation, opinions on patent validity and non-infringement. |
| Represented by: | Patterson Belknap Webb & Tyler, LLP |
| Status: | Expert Reports and deposition completed 2009 |

253

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

## C.    Professional Experience:

| | | |
|---|---|---|
| **2000 to Present** | **Principal Consultant** *eComp Consultants* | *Tampa, FL* |

Provide consulting on design and development of software product development, and ecommerce technology. Provide technology consulting and expert support for telecommunications, internet, and ecommerce applications in the areas of:

- Patent portfolio evaluation, market valuation, identification of potential prior art, and licensing opportunities.
- Independent consulting for Alcatel-Lucent (AT&T Bell Labs) to review, recommend, and rate Alcatel's extensive Patent portfolio specifically in the area of telecommunications and web-based ecommerce.
- Patent litigation consulting for telecommunications and internet technology patents.
- Software contract and due diligence consulting for disputes involving custom software projects.
- Internet publishing and copyright consulting for web content management and licensing.
- Commercial websites, search engine, and web marketing strategies.
- Sample clients include: Alcatel-Lucent, LogicLink, NWI Corp, Jones Day, Finnegan Henderson, Fish & Richardson, Cozen O'Connors, Morrison Foerster

| | | |
|---|---|---|
| **2007 to 2008** | **Global Web Manager** *Smith & Nephew Inc.* | *Clearwater, FL* |

Smith & Nephew is a global manufacturer of medical, wound, orthopedic, and surgical supplies.  Smith & Nephew has facilities in 33 countries and maintains 35 websites for different product areas and country marketing.

- Designed the Smith & Nephew corporate web architecture for all intranet, extranet, and internet sites.
- Directed a staff of web professionals in developing and managing 35 individual Smith & Nephew websites maintained in the US and 14 countries for both Smith & Nephew clients and internal users.
- Managed and maintain the 650 domains currently owned by Smith & Nephew
- Optimized search engine ranking and website meta tagging.
- Developed corporate technology and IT standards and policies including:
- Created web hosting agreements and IT service contracts (SLAs)
- Defined web development standards
- Researched page ranking, redirection, and domain optimization strategies.

| | | |
|---|---|---|
| **2002 to 2007** | **eBusiness Director** *Eva-Tone Inc* | *Clearwater, FL* |

Eva-Tone is a $45M commercial multimedia company specializing in ecommerce and marketing solutions, media and content customization, order processing and fulfillment, print & web publishing, CD & DVD manufacturing.

- Set strategic direction of client service offerings in ecommerce and content

254

management.

- Consulted with clients on: web marketing strategy using personalized sales collateral. Defined client profile information to be used to generate customized presentations and brochures.

- Projects proposed and delivered included:

  - <u>McGraw-Hill</u> – Enterprise Content Management and automated Web publishing system.

  - <u>Caldwell Banker</u> – Real Estate property and transaction tracker.  Website to search properties, identify recent sales, and identify other transactions.

  - <u>Wachovia</u> – Commercial Banking and Loan Information website. Online application to identify commercial loan products and provide online qualification and rates.

  - <u>AAA Travel</u> – CRM sales collateral system, instant customized brochures, print-on-demand.

| | |
|---|---|
| **1999**<br>**to**<br>**2002** | **eBusiness Engagement Manager**<br>***Tanning Technology and IMRGlobal*** |

Tanning Technology is an international systems integrator specializing in network infrastructure and channel integration for financial markets and the insurance industry. Proposed and managed eBusiness and Internet infrastructure projects focused on client and user personalization, data mining, and web marketing practices.

Client web engagements proposed and managed:

- <u>eTrade</u> – Developed stock and derivative trading website including arranging deposits to sweep investment accounts.
- <u>GEICO</u> – Developed a personalized policyholder web service that uses clients' account history and demographics to customize product literature for cross-sell & up-sell opportunities.
- <u>Hartford Insurance</u> – Integrated 3 tier online claims processing & subrogation with legacy systems
- <u>Citicorp Bank</u> – Designed mortgage and loan payment system; managed sale of loan contracts
- <u>Smith Barney</u> – Developed remote access network infrastructure & wireless PDA financial system

| | | |
|---|---|---|
| **1996**<br>**to**<br>**1999** | **Director of Network & Customer Support**<br>***Utility Partners, Inc.*** | ***Tampa, FL*** |

Utility Partners developed and customized utility company software for scheduling service appointments, assigning and routing mobile workforce (field technicians), and dispatching and coordinating resources during power outages.

- Managed client engagement leads for development of client customizations and standardization of product features.
- Setup client support department to manage UP's growing client and product base.  This department:
- Provided Network and IT management for over 800 customer users

- Created a 24x7 Helpdesk for Utility dispatch centers and IT departments
- Developed system and network monitors for real-time client system monitoring
- Received trouble calls & provided live client support for the following applications:
  - MobileUP – Mobile Workforce Dispatcher
  - TroubleUP – Power outage manager
  - Smartnom – Web Gas Auction System for private gas auctions
  - CAS – Customer Appointment and Call Center application

**D.   1   Project Manager: Telecom Software**
**987   E.                                          G**
**to1996   *TE Data Services (currently Verizon)*                Tampa, FL**


GTE was an $8B Telecommunications company and formed the Commercial Services division to customize their telephone business software to sell to other telephone companies internationally.
- Managed large product implementations for Telecom billing, service order, and Switch management.
- Developed project proposals, and provided client pre-sales support.
- Created project plans, managed resources, and set expectations for customer delivery projects.
- Specific projects managed:
  - Mercury Communication – setup Service Bureau to bill their new intelligent network services.
  - PTT Netherlands – managed $5M inter-carrier billing project for PTT Netherlands
  - Bell Canada – developed Pricing Plan & Table Management system
  - Deutsche Telekom – designed and developed a German billing prototype system.
  - Received GTE personal best award.

**1980   Software Engineer / Technical Lead**
**to   *Digital Equipment Corp.*                             Maynard, MA**
**1987**

As Technical Lead, led the development of manufacturing automation and control software.  Projects Included:
- Supply Chain, CAD/CAM – Designed system to retrieve parts information from circuit board CAD design. Developed a parts ordering system based on expected volumes.
- Pick & place automation – Automatically program IC insertion machines. Developed system to determine IC insertion order, generate machine instructions, and download program to machine.

As Software Engineer for embedded controllers and video subsystems, designed and developed PDP-11 operating system and device drivers.
- Enhanced high-speed DecNet drivers for Synch, Asynch, and Parallel communications.
- Designed/developed disk firmware and drivers for floppy & Winchester disks.
- Developed and enhanced video controller firmware and layered graphics system for PRO-350.

256

- Developed Computer Telephony Integration (CTI) product for telephone answering machines.

## F.      Technical Tools & Environments:

- Unix, Windows, NT, Microsoft .NET, C#, C/C++, VB, Assembler
- Java, Java script, JSP, IBM Websphere, Microsoft Commerce engine, Blue Martini
- SQL, Oracle, Foxpro, DB2, Crystal Reports, Active-Reports, MQ Series, Tuxedo, Documentum, Interwoven

## G.      Certifications & Publications:

- Industry Speaker: Internet Publishing standards (Momentum conference)

- Department of Justice: Proposal for internet forensics technology

- IBM Websphere – Certified ecommerce Solutions Expert

- Byte Magazine – Published Network Design articles

- Sync Magazine – Published Programming Techniques and Tutorials

- IEEE SigGraph – Presented ICGS Computer Graphic Standards for IEEE SigGraph conference.

- CMM & PMP – Project management methodologies

- ISO and ANSI – On International ISO and National ANSI Committees for Disk and Media format standards

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

# APPENDIX B.   CASE LISTING

**Companies consulted for in past 5 years**
- eComp Consultants
- Alcatel – Lucent
- Verisign
- United Illuminating
- Smith & Nephew
- Evatone, Inc
- McGraw Hill
- AAA Travel
- Pro Marine
- Wachovia
- Capitol One
- Network 1 Security Solutions
- Vaud Advisors Social Media Technology Funds

**Cases within the last 5 years.**  The <u>underlined</u> party identifies which party retained me.

• *Bid For Position v. AOL, Google, Microsoft, <u>MIVA</u>, et.al.*   2:07-cv-582 JBF/TEM (E.D. VA 2010) (settled 2008)
Expert for Defendant MIVA on Patent Invalidity for Internet Search Engine technology. Provided expert invalidity report regarding the auctioning of keywords in paid searches.

• *Imhoff Associates v <u>America's Criminal Defense</u>* (S.D. CA) (settled 2009)
Expert for Defendant ACD for accused Internet Search Engine mis-direction (fraud). Provided expert consulting and identified the unintentional actions of the defendant which caused the search mis-direction.

• *<u>Zamora</u> v. CBS Radio et.al.* 09-20940-CIV-MORENO (S.D. FL 2010) (settled 2010)
*Last.fm, Ltd., CBS Radio, Inc., CBS Corp., Slacker, Inc., Pandora Media, Inc., Rhapsody America LLC, Realnetworks, Inc., DKCM, Inc., AOL, LLC, Accuradio, LLC, Yahoo! Inc. and Soundpedia, Inc.*
Expert for Plaintiff on Patent Infringement for Internet Radio Technology.  Provided expert report and deposition regarding the use of streaming media and Web Radio players.

• *Nuance v. <u>Tellme</u> (a Microsoft subsidiary)* C.A. No. 06-105-slr (S.D. Del 2009) (settled 2010)
Expert for Defendant on Speech Recognition software.  Provided expert report and deposition on non-infringement and invalidity for speech recognition used in automated phone directories.

• *TGIP, Inc. v. AT&T Corp, <u>IDT</u>,* 512 F. Supp. 2d 727 (E.D. Tex. 2007) (settled 2007).
Expert for Defendant on non-infringement. Patent and prior art dispute concerning call processing center and service provisioning in which I analyzed telephone network, call processing center, and call routing patents; developed detailed non-infringement chart; and rebutted plaintiff's expert.

258

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

• *Swapalease, Inc. v. Sublease Exchange.com, Inc.*, 1:07 CV 00045-SSB (S.D. Ohio 2007) (Pending)
Expert for Plaintiff on infringement. Patent and prior art dispute concerning commercial
auto lease web site. Expert infringement report, testified at *Markman* Hearing.

• *Ronald A. Katz v. DHL Express*, 2:2007 CV 02192 (N.D. Cal.)
Patent infringement dispute concerning call processing center and call routing patents.
Developed non-infringement reports and deposed.
• *Ronald A. Katz v. Cox Communications*, 2:2007 CV 02299 (N.D. Cal.)
Patent infringement dispute concerning call processing center and call routing patents.
Developed non-infringement reports and deposed.

• *Ronald A. Katz v. Earthlink*, 2:2007 CV 02325 (N.D. Cal.). Patent infringement dispute
concerning call processing center and call routing patents. Developed non-infringement
reports and deposed.

• *Ronald A. Katz v. Fifth Third Bank*, 2:2007 CV 04960 (N.D. Cal.)
Patent infringement dispute concerning call processing center and call routing patents.
Developed non-infringement reports and deposed.

• *Ronald A. Katz v. Huntington National Bank*, 2:2007 CV 04960 (N.D. Cal.)
Patent infringement dispute concerning call processing center and call routing patents.
Developed non-infringement reports and deposed.

• *Ronald A. Katz v. Echostar*, 2:2007 CV 06222 (N.D. Cal.) (pending)
Patent infringement dispute concerning call processing center and call routing patents.
Developed non-infringement reports and deposed.

• *ABC v. ENC, CISCO, WebEx communications, et.al.,* H-06-1032 (S.D. TX.)
Patent infringement dispute concerning computer remote control, remote command
processing, and remote communication. Developed non-infringement and invalidity rebuttal
reports and deposed.

• *Logiclink v. Keylink*,  CV07-1056-DOC(MLGx) (C.D. Cal.)
Patent infringement dispute concerning eCommerce for Kiosks for Hotel Business centers.
Developed infringement report and invalidity rebuttal report.  Trial Testimony.

• *eBay v. IDT corp,* IDT 4:08-cv-4015-HFB (W.D. Ark) (settled 2010)
Patent infringement. Perform analysis of Voice Over IP providers and prior art candidates;
provide non-infringement (suit) and infringement (counter suit) expert reports.

• *i2 Technologies, Inc. v. Oracle Corporation,* 6:09-CV-194-LED  (E.D. Tex)
Patent infringement, Testifying expert for Supply Chain Management software,
Manufacturing Automation, and Sales projection system software. Provide infringement and
Invalidity rebuttal.

• *IslandIP Inc.  v. Deutsche Bank Corporation,* 1:09-cv-04673-VM (S.D. NY)
Patent infringement, Testifying expert for Financial Transaction, Omnibus account
consolidation and settlement for Banks and Broker Dealers.  Provide infringement and
Invalidity rebuttal reports.

259

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

• <u>3M Future Africa (PTY) LTD</u> v. *The Standard Bank of South Africa LTD, MTN Group Limited and MTN Mobile Money SA (PTY) LTD,* Case #: Patent 2002/2337 (South African High Court)
Patent infringement, testifying expert for Online Payments Security.  Provide infringement, validity and trial support.

• <u>Cohen</u> v. US, 07-154-C (*U.S. District Court of Federal Claims* )
Copyright infringement testifying expert for Cohen.  US Government FEMA distributed copy righted documents without Cohen's knowledge or approval.  Provide expert report, damages and deposition.

• *SFA* v. <u>1-800-Flowers, et.al,</u> 6:2009-cv-00340-LED (E.D. Tex)
• *SFA* v. <u>Barnes & Noble, et.al,</u> 6:2011-cv-00399-LED (E.D. Tex)
*1-800-Flowers.com, Inc.,The Plow & Hearth, Inc., including D/B/A Wind & Weather, Inc.*
*The Popcorn Factory, Inc., Winetasting Network, Inc., The Children's Group, Inc.,*
*Problem Solvers, Inc., Barnes & Noble, Inc., Barnesandnoble.com LLC, Blockbuster, Inc.,*
*BUILD-A-BEAR WORKSHOP, INC., CDW Corporation*
*GameStop, Corp., GameStop, Inc., GameStop.com, Inc., Gander Mountain Company,*
*Overton's, Inc., J & R Electronics, Inc., Newegg, Inc., Newegg.com, Inc.*
*Northern Tool & Equipment Company, Inc., Northern Tool and Equipment Catalog Co.*
*Office Depot, Inc., Omaha Steaks International, Inc., OmahaSteaks.com, Inc.*
*The Timberland Company, Tupperware Brands Corporation, Tupperware.com, Inc.*
Patent infringement, for Computerized Sales Force Automation System.  Testifying expert for joint invalidity (9 defendants) and non-infringement (5 defendants).

• <u>Bloom</u> v. Intuative, 06 CV 6301 (S.D. NY)
Software contract dispute, testifying expert concerning Document Management and Publishing for Pharmaceuticals and Regulatory agencies.  Comparison of product features and software reuse.

• <u>Dallal</u> v. New York Times, 1:2003-cv-10065 (S.D. NY) (settled 2008)
Testifying Expert, Deposition, for Web Copyright. Provided expertise in standard media publishing practices, content licensing, and web content customization.

• *LATimes v.* <u>Software AG,</u> 2:2007-cv-01289-SVW-JWJ (C.D. Cal.) (settled 2008)
Testifying Expert in Network & Database Software licensing dispute.  Prepared expert report and deposition on software licensing practices.

• <u>Bear Creek Technologies</u> v. Verizon Services Corp., 1:11-cv-00880-TSE -JFA (E.D. Virginia)(pending)
Testifying Expert, provided infringement and invalidity of VoIP related patents.

• *Cequint v.* <u>Apple</u>, 1:2011-cv-01224 (Wilmington) (pending)
Testifying Expert.  Performed code review of Cequint's City ID Software product to determine if and how they are practicing the key limitations of the patents-in-suit focused on Caller ID, CND Messages, City, State lookups, WAP interfaces, Database synchronicity

260

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

(automatic update of database), Display of incoming caller information and Call Answer and set-up code..

• *Tel-tron Corporation* v. *Stanley Security Solutions d/b/a Stanley Healthcare Solutions,* 6:2011-cv-01448 (M.D. Florida)
Testifying Expert regarding network systems for displaying data relating to emergency call systems.

• *Microsoft v 5R Processors, LTD. and Thomas Drake*, 3:12-cv-00263-slc, (W.D. Wisconsin)
Testifying Expert.  Evaluate the Microsoft Windows Professional XP OEM Licensing Agreement and Microsoft Refurbished PC Licensing Guidelines and opine on 5R adherence.
• *Walker Digital, LLC v. Fandango, Inc., et al.,*1:11-cv-00313-SLR (Delaware)
*Facebook Inc., Fandango, Inc., Expedia, Inc., Amazon.com, Inc., American Airlines, Inc., eBay Inc., and Zappos.com, Inc.*
Testifying Expert regarding e-commerce, shopping carts, e-marketing, and the promotion of financial products such as credit and debit cards for retail, business-to-business ("B2B"), and financial industries. Provided Infringement (Amazon, Expedia, Zappos) Reports and Invalidity Rebuttal Report.

• *Trialcard v. P.S.K.W. & Associates,* 3:11-cv-05693-FLW-TJB (New Jersey)
Testifying Expert for patent re-exam concerning eCommerce technology based on a method of dispensing, tracking, and managing pharmaceutical products by communicatively linking prescribers and pharmacies to a central computing system

• *Catalina Marketing Corporation v. Coupons, Inc.,* JAMS Reference No. 11000654507 (San Francisco)
Testifying Expert to analyze the following Coupons systems, Microsite System & Brandcaster™ System     and determine if either system is an "Infringing Capable System".  Provided Expert Report and Mediation Trial support.

• *AKH Co., Inc. v. The Reinalt-Thomas Corp. & Southern California Discount Tire Co., Inc.,* SACV10-1626 CJC
Testifying Expert regarding trademark infringement & cybersquatting.  Provided Expert Report and deposition.

• *Soverain v. Euromarket Design,* et al. 6:12-cv-00145-LED (E.D. Texas) (pending)
Testifying Expert regarding e-commerce systems/online shopping carts technology.

• *e-LYNXX Corporation v. InnerWorkings, Inc., et al.* 1:10-CV-2535 (M.D. PA)
*InnerWorkings, Standard Register, Cirqit.com and R.R. Donnelley & Sons Co.*
Testifying Expert regarding supply chain, custom print jobs, matching job requirements to vendors
technology.  Provided Infringement, Invalidity and Non Infringement Rebuttal Reports and deposition.

• *Joao Bock Transaction Services v. USAmeribank, et al,.* 8:11-cv-00887-MSS-TGW (Tampa)
*USAmeribank, Everbank and BankFirst*
Testifying Expert regarding secure transactions on electronic financial accounts.

261

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

• *Lodsys v. Brother Intl Group et al.,* 2:11-cv-90(JRG) (E.D. Texas)
*Brother Intl Corp, Canon U.S.A., Inc., Hewlett-Packard Company, Hulu, LLC, Lenovo (United States) Inc.*
*Lexmark International, Inc., Motorola Mobility, Inc., Novell, Inc., Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Trend Micro Incorporated*
Testifying Expert regarding interactive media enabling CRM technology. Provided Invalidity Rebuttal Reports and deposition testimony.

• *Progressive v. State Farm, et al.* CBM2012-00003, CBM2013-00004
*State Farm Insurance, Hartford Insurance, Liberty Mutual Insurance, Safeco Insurance, Ohio Casualty Insurance, Open Seas Solutions, Octo Telematics*
Testifying Expert regarding e-Commerce and vehicle telematics systems. Provided Patent Re-exam Declarations.

• *Black Hills Media, LLC v. Samsung, et al. [ITC case]* (pending)
        *Samsung, LG, Panasonic, Toshiba, Sharp*
Testifying Expert regarding Google Latitude running on smartphones and smart phones running software which can direct the streaming of content between, for example, a laptop and a TV or Blu-ray player.  Providing device analysis and code review, Infringement Reports and Rebuttal Reports.

• *Rembrandt Social Media, LP v. Facebook, Inc.  and ADDTHIS, Inc.,* 1:13cv158 (TSE/TRJ) (Virginia)
Testifying Expert regarding social media user content and 3rd party interaction -the diary page and "Like" feature.  Provided Non Infringement Report and deposition.

        • *GeoTag, Inc v. Frontier Communications Corp, et al.,* 2:10-cv-00265 (pending)
*Macy's, Genesco, AGCO Corp., The Rockport Company, LLC., Hennes & Mauritz LP (H&M), Gander Mountain Company, Godiva Chocolatier*
Testifying Expert regarding e-Commerce, Geo location, store locator based technology. Provide Non Infringement Reports for multiple defendants.

• *CareerFairs.com v. United Business Media, LLC, et al.,* 11-20329-CIV-KING (S.D. Florida)
        Testifying Expert regarding videoconferencing, virtual career fairs technology.

• *Transauction LLC v. eBay Patent 7343339* 3:2009cv03705 (N.D. CA)
        Expert regarding computerized electronic auction payment systems.

• *Ameranth v. Six Continents Hotels*
        Testifying Expert regarding Internet Advertising & Website Technology. Expert Report and deposition.

• *Carolina Power & Light Company v. Aspect Software* 5:08-cv-00449-BO (E.D. NC)
        Testifying Expert in telecommunications technology.

262

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*
EXPERT DECLARATION OF IVAN ZATKOVICH
ON BEHALF OF PLAINTIFF JOAO BOCK TRANSACTION SERVICES LLC

• *Dominion v. Aspect Software,* 3:08-cv-00737-REP (Virginia)
Testifying Expert in telecommunications and IVR call processing. Provided expert declaration and testimony.

• *ComplementSoft v. SAS Institute,* 12-C-7372 (N.D. IL)
Expert regarding software development tools, database manipulation, SAS programming.

• *Moricz v. Google,* 10-cv-01240-RSL (Seattle)
Expert regarding use of deep search methodology.  Claim Contruction support.

• *Media Rights Technologies v. Capital One, et al.,* 1:13cv476-AJT/TRJ (Virginia)
Expert regarding secure internet Banking System technology USPatent# 7316033.

**Publications within the last 10 years:**
- Publishing High Volume content on the web. Paper and presentation for the Momentum internet publishing conference, 2003
- Cell phone forensics and common law enforcement mistakes. A presentation for the Florida BAR and certified CLE seminar, 2009
- Developing an Intellectual Property Strategy, Presentation for World Research Group conference, 2009
- Interview for NPR on Trends in cellular communications and wireless subscriptions, 2009
- Interview for NPR on eCommerce and electronic transaction fraud, 2010