FILED UNDER SEAL                                       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOAO BOCK TRANSACTION SYSTEMS, LLC,

        Plaintiff,

v.

JACK HENRY & ASSOCIATES, INC.,

        Defendant.

Case No. 1:12-CV-01138 (SLR)

Judge Sue L. Robinson

## PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL

Dated: February 25, 2014

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
**Stamoulis & Weinblatt LLC**
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

Steven W. Ritcheson, *Pro Hac Vice*
**Heninger Garrison Davis, LLC**
9800 D Topanga Canyon Boulevard, #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (205) 326-3332
swritcheson@hgdlawfirm.com

Jonathan R. Miller, *Pro Hac Vice*
Jacqueline K. Burt, *Pro Hac Vice*
**Heninger Garrison Davis, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone: (404) 996-0863, 0861
Facsimile: (205) 547-5506, 5502
jmiller@hgdlawfirm.com
JBurt@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice*
**Heninger Garrison Davis, LLC**
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 547-5500
maureen@hgdlawfirm.com

M. Blair Clinton, *Pro Hac Vice*
**Heninger Garrison Davis, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 327-9116
Facsimile: (205) 380-8082
bclinton@hgdlawfirm.com

*Attorneys for Plaintiff Joao Bock Transaction Systems, LLC*

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.    NATURE AND STAGE OF PROCEEDINGS ...................................................... 1

III.    SUMMARY OF ARGUMENT ............................................................................. 2

IV.    STATEMENT OF FACTS .................................................................................... 2

V.    LEGAL STANDARD ........................................................................................... 4

    A.    Summary Judgment .................................................................................. 4

    B.    Collateral Estoppel .................................................................................. 5

VI.    ARGUMENT ......................................................................................................... 7

    A.    The Verdict Form And Judgment Fail To Provide Sufficient Information For The Court To Apply Collateral Estoppel ............................................................. 7

    B.    Collateral Estoppel Also Cannot Apply Because Numerous Significant Issues Raised In This Action Have Never Been Litigated ................................................ 9

        1.    Courts Have Long Been Skeptical Of Applying Collateral Estoppel To Separate Patents With Separate Claims For Separate Inventions. ................................. 9

        2.    The Asserted Claims Raise Different And Unlitigated Issues With Respect To Invalidity. .......................................................................................... 11

VII.    CONCLUSION ................................................................................................... 21

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

## TABLE OF AUTHORITIES

### Cases

*Abbott Labs. v. Andrx Pharm., Inc.*, 473 F.3d 1196 (Fed. Cir. 2007) ............................................ 6

*Abbott Labs. v. Baxter Pharm. Products, Inc.*, 334 F.3d 1274 (Fed. Cir. 2003) ........................... 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 5

*AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042 (Fed. Cir. 2010) ................................................ 17

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971) ......................... 6, 7, 16

*Bonzel v. Pfizer, Inc.*, 439 F.3d 1358 (Fed. Cir. 2006) ................................................................ 11

*Bourns, Inc. v. United States*, 537 F.2d 486 (Ct. Cl. 1976) ........................................................... 6

*Cadence Pharms., Inc. v. Exela Pharma Scis., LLC*, 2013 U.S. Dist. LEXIS 166097 (D. Del. Nov. 14, 2013) ........................................................................................................................ 17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................................. 5

*Cephalon, Inc. v. Impax Labs., Inc.*, No. 11–1152–SLR, 2012 WL 3867568 (D. Del. Sep. 6, 2012) .............................................................................................................................................. 6

*Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 45 (1923) ........................... 19, 20

*Golden Bridge Technology, Inc. v. Apple Inc.*, 937 F. Supp.2d 490 (D. Del. 2013) (SLR) .. 10, 12

*Graham v. John Deere Co.*, 383 U.S. 1 (1966) ............................................................................ 18

*Hawksbill Sea Turtle v. FEMA*, 126 F.3d 461 (3d Cir. 1977) .................................................... 10

*Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350 (Fed. Cir. 1984) ..................................... 17

*In re Mayne*, 104 F.3d 1339 (Fed. Cir. 1997) ............................................................................. 18

*Intellectual Ventures I, LLC v. Motorola Mobility, LLC*, No. 11–908–SLR, 2014 WL 27524 (D. Del. Jan. 2, 2014) ..................................................................................................................... 17

*Interconnect Planning Corp. v. Feil*, 774 F.2d 1132 (Fed. Cir. 1985) ......................................... 6

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3d Cir.2006) .................... 6

*Kearns v. General Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1999) ................................................. 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)................................ 4, 5

*Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys.*, No. 98–80–SLR, 2004 WL 2980734 (D. Del. Dec. 17, 2004)............................................................................................................. 7, 9

*MobileMedia Ideas, LLC v. Apple Inc.*, 907 F. Supp. 2d 570 (D. Del. 2012) ............................ 11

*Novartis Pharms. Corp. v. Abbott Labs.*, 375 F.3d 1328 (Fed. Cir. 2004)................................... 7

*Podohnik v. U.S. Postal Service*, 409 F.3d 584 (3d Cir. 2005) ..................................................... 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. 08-309-JJF-LPS, 2009 WL 4928029 (D. Del. Dec. 19, 2009)............................................................................................... 10

*PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299 (Fed. Cir. 2008)................................. 17

*Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989 (Fed. Cir. 2009) ................... 17

*RCA Corp. v. Data General Corp.*, 701 F.Supp. 456 (D. Del. 1988), *aff'd*, 887 F.2d 1056 (Fed. Cir. 1989) ............................................................................................................................... 19, 20

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) .............................................................................................................................................. 5

*Senju Pharma. Inc. v. Lupin Ltd.*, No. 11–271–SLR, 2012 WL 6090354 (D. Del. Dec. 7, 2012)15

*Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983)........................................... 18

*Suntiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327 (Fed. Cir. 1999) ............... 10

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d 1340 (Fed. Cir. 2012)............................................................................................................. 18, 19

*U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592 (Fed. Cir. 1995)................................. 11

*Westwood Chem.*, 525 F.2d 1367 (Ct. Cl. 1975) ........................................................................... 7

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

**Statutes**

35 U.S.C. §282..................................................................................................... 6, 17

**Rules**

Fed. R. Civ. Proc. 56(a) ........................................................................................... 4

Fed. R. Civ. Proc. 56(c)(1)(A) & (B)........................................................................ 5

**Constitutional Provisions**

U.S. Constitution, Seventh Amendment ..................................................................... 7

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S**
***CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR**
**SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

## I.  INTRODUCTION

The issue to be resolved by this motion is whether Defendant can use the defense of collateral estoppel to deny Plaintiff's right to a specific judicial examination of the validity of its patent.  Because the law is clear that collateral estoppel cannot be used to prevent a patent owner from litigating claims from a different case involving different patents with different claims for different inventions in different fields of art, the defense cannot succeed in this case and Plaintiff is entitled to summary judgment as a matter of law.[1]

## II.  NATURE AND STAGE OF PROCEEDINGS

Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff" or "JBTS") filed this patent infringement action against Jack Henry & Associates, LLC ("Defendant" or "JHA") on September 14, 2012.  Plaintiff has identified 63 products as infringing 35 separate claims of one of its patents:  U.S. Patent Number 7,096,003 (the "'003 Patent").[2]  After Plaintiff moved to dismiss and/or strike portions of its answer and counterclaim, Defendant filed an Original Answer And First Amended Counterclaim on February 12, 2013, in which Defendant denies infringement of the '003 patent and asserts that the patent is invalid based almost entirely on art that was considered by the United States Patent & Trademark Office ("PTO") during prosecution of the '003 patent.  In addition, as a sixth Affirmative Defense, JHA asserts that the verdict and judgment in prior litigation "preclude JBTS' asserting claims in the '003 patent against [JHA]."

The parties have expended significant resources preparing this dispute for resolution on

---

[1] JBTS incorporates by reference its Brief in Opposition to JHA's Motion for Summary Judgment, filed contemporaneously herewith.
[2] The '003 Patent issued with 424 claims.

the merits.  Fact discovery is scheduled to be completed on or about March 12, 2014, and the

parties are on the eve of expert discovery, which is scheduled to be completed by May 15, 2014.

Trial is scheduled for January 5, 2015.

## III.      SUMMARY OF ARGUMENT

The defense of collateral estoppel is not available in every case and cannot be used to

avoid specific judicial examination of previously unexamined issues.  In this case, numerous

critical issues have never been examined and collateral estoppel cannot apply.  First, the lack of

particularity in the verdict form and judgment prevents application of collateral estoppel to this

case.  Second, numerous issues at stake in this case were not "fully or fairly tried in a previous

action" and collateral estoppel cannot, as a matter of law, prevent full and fair litigation of such

issues in this case.  These issues include consideration of the claims and prosecution history for

the '003 Patent; substantial differences between the claims in the Prior Action and the asserted

claims of the '003 Patent; the enhanced burden with respect to previously considered prior art;

and secondary considerations of nonobviousness.   Standing alone, each of these issues is

sufficient to refute collateral estoppel.   Viewed in combination, Defendant cannot meet its

burden of proof and summary judgment should be entered on this defense in Plaintiff's favor.

## IV.      STATEMENT OF FACTS

JBTS is a private research and development company that has been awarded five United

States Patents ("JBTS Patents") with a combined total of 891 issued claims.  (Declaration of

Steven W. Ritcheson ("Ritcheson Decl."), ¶ 2.) The JBTS Patents are well-regarded and widely-

known, having been cited more than 730 times by the United States Patent & Trademark Office

("PTO") and licensed to the leading financial solution providers in the United States. (Id.)

JBTS's very first attempt to enforce one of its patents involved a JHA customer.

FILED UNDER SEAL                                                    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

(Ritcheson Decl., ¶ 3.) This initial action was expanded to include JHA by an Amended Complaint that was filed on January 27, 2004, in the Southern District of New York.  (Id.) This prior action (the "Prior Action") involved only six (of 340) claims of U.S. Patent Number 6,529,725 (the "'725 Patent") and did not include the '003 Patent, which had not yet issued. (Id.)

The Prior Action resulted in a jury verdict and final judgment that the six claims of the '725 Patent that were at issue were invalid. However, the proceedings in the Prior Action did not address, and the parties did not fully or fairly litigate, numerous issues relevant to this motion. For example, at JHA's request the jury was not allowed to hear evidence of secondary considerations of nonobviousness, such as prior licenses. (Ritcheson Decl., ¶ 4.) Moreover, the jury was not instructed on or even made aware of the "Graham Factors" for determining obviousness and thus received no jury instruction regarding secondary considerations of nonobviousness. (Id.) Nor did the final judgment in the Prior Action correct or address any of these issues.[3] The result is that, as is explained in part VI, A, below, both the jury verdict form and the final judgment are vague and not sufficiently precise to allow for collateral estoppel to apply in this case as a threshold matter.

This case involves a ***different*** patent – the '003 Patent – and numerous ***different*** accused products and services.  None of the claims of the '003 Patent, were litigated in the Prior Action and none of the claim terms have been construed by any court. (Ritcheson Decl., ¶ 5.)

The '003 Patent was issued after almost five years of examination. (Ritcheson Decl., ¶ 3.) The prosecution of the '003 Patent continued after the '725 Patent issued and during the Prior Action. (Id.) Consequently, the examiner considered the art that was apparently used to invalidate the claims at issue in the Prior Action.

---

[3] Plaintiff is not arguing for the existence of any error in the Prior Action, only demonstrating issues that were not addressed in that action.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

Although the claims of the '003 Patent have never been construed, the patentees intentionally defined the terms differently in the '003 Patent than the '725 Patent. For example, whereas the court in the Prior Action found that the preamble of the claims in suit was not a limitation, the applicants for the '003 Patent, acting as their own lexicographers, expressly made the preamble a limitation in order to solve problems inherent in Internet-based transactions.

Finally, numerous issues regarding the validity of the '003 Patent have never been raised, litigated or decided.  These previously unlitigated issues include application of the enhanced burden JHA is required to bear with respect to the PTO's consideration of prior art references from the Prior Action and evaluation of secondary considerations of nonobviousness (including but not limited to licensing that has occurred since the verdict and judgment in the Prior Action).

## V.       LEGAL STANDARD

### A.  <u>Summary Judgment</u>

The law relevant to summary judgment is clear and well known.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Proc. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n.10 (1986).  A party asserting that a fact cannot be – or, alternatively, is – genuinely disputed must support the assertion either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF
ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

fact." Fed. R. Civ. Proc. 56(c)(1)(A) & (B).  If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587 (internal quotation marks omitted).  The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586-587; *see also* <u>Podohnik v. U.S. Postal Service</u>, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).  Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> at 249-250 (internal citations omitted); *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## B.  Collateral Estoppel

Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated.  In <u>Blonder-Tongue</u>, the Supreme Court allowed defensive

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

collateral estoppel only when an accused infringer establishes, in addition to the existence of a final judgment and a fair opportunity to litigate the issues, "that the issues litigated were identical." Abbott Labs. v. Andrx Pharm., Inc., 473 F.3d 1196, 1203 (Fed. Cir. 2007); *see also* Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971). As to identical issues, the Court looks not to the "claims litigated, [but] instead … to the issues that were decided." Bourns, Inc. v. United States, 537 F.2d 486, 491 (Ct. Cl. 1976).

Regional Circuit law controls the determination of whether prior findings invoke collateral estoppel pursuant to these guidelines. Abbott Labs., 473 F.3d at 1202-1203. This court recently noted that, in the Third Circuit, collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Cephalon, Inc. v. Impax Labs., Inc., No. 11–1152–SLR, 2012 WL 3867568, *2 (D. Del. Sep. 6, 2012). (*quoting* Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir.2006)). The Third Circuit also considers whether the party being precluded had "a full and fair opportunity to litigate the issue in question in the prior litigation" and, in addition, whether the issue was determined by final judgment. Id.

When determining whether estoppel applies, each claim is still entitled to the presumption of validity afforded it by the Patent Laws. Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1136-1137 (Fed. Cir. 1985) (citing 35 U.S.C. §282).

Moreover, even if all the criteria for collateral estoppel are satisfied, application of the doctrine is "'subject to an overriding fairness determination by the trial judge.' The party resisting collateral estoppel should be 'permitted to demonstrate … that he did not have "a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time".'"

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys., No. 98–80–SLR, 2004 WL 2980734, *3 (D. Del. Dec. 17, 2004); *citing* Blonder-Tongue, 402 U.S. at 333-334 (application of estoppel is not an automatic matter and the ultimate test of whether the estoppel is to be applied necessarily rests on the trial courts' sense of justice and equity;" *see also* Westwood Chem., 525 F.2d 1367, 1372 n.9 (Ct. Cl. 1975).

## VI.   ARGUMENT

The right to seek the Court's assistance in resolving grievances is fundamental to our legal system. *See, e.g.*, U.S. Constitution, Seventh Amendment.  It follows that attempts to vitiate this right should be permitted rarely and reluctantly.  As explained below, Defendant's attempt to terminate this case prematurely based on the verdict and judgment from a ***different*** case, involving ***different*** patents, ***different*** inventions, and ***different*** fields of art cannot succeed and Plaintiff is entitled to summary judgment dismissing the defense as a matter of law.

## A.   The Verdict Form And Judgment Fail To Provide Sufficient Information For The Court To Apply Collateral Estoppel

The jury's verdict and court's judgment in the Prior Action cannot be given collateral estoppel effect in this case because this Court cannot determine whether and which critical issues were actually decided.   Under Federal Circuit precedent, the key inquiry in determining the collateral estoppel effect of a previous adjudication is whether specific issues related to a patent's validity were determined in a prior proceeding. Westwood Chem., 525 F.2d at 1372.   The application of collateral estoppel also requires that the issue was necessary to the prior determination.   Thus, when the court which is asked to apply collateral estoppel cannot ascertain whether a specific issue was necessarily determined in the prior litigation, collateral estoppel is inappropriate. *See*, *e.g.*, Novartis Pharms. Corp. v. Abbott Labs., 375 F.3d 1328, 1334 (Fed. Cir. 2004) (because court could not determine from jury's verdict or trial record that the district

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

court's claim construction was necessary to the jury's noninfringement decision, defendant had not met its burden to show that the claim construction of that term by the district court was necessary to the jury's noninfringement decision and collateral estoppel not applied).

In this case, it is not possible for the Court to identify numerous predicate issues that underlie (or may underlie) the verdict and judgment in the Prior Action. This is particularly damaging to Defendant's attempt to assert collateral estoppel because the claims relied upon – claims 108 and 267 – are "Markush" claims that include multiple potential bases for finding invalidity.[4] The verdict form contains only the following bare statement of the jury's findings:




The verdict form does not identify the combination(s) of references the jury relied on to make the finding of obviousness or the Markush group alternative(s) that were found to have been in the prior art references. (Ritcheson Decl., Ex. A.) Nor did the judge provide any greater clarity with respect to the combination of references or alternatives in the final judgment. The judgment simply recites the general statutory bases for the invalidity of the asserted claims.

---

[4] "A Markush group is a listing of specified alternatives of a group in a patent claim, typically expressed in the form: a member selected from the group consisting of A, B and C." Abbott Labs. v. Baxter Pharm. Products, Inc., 334 F.3d 1274 (Fed. Cir. 2003). Markush type claim recitation allows the inventor(s) to recite the claim with alternatives. However, if one of the items in the Markush grouping is found in the prior art (along with other elements of the claim), and the other items in the Markush group are not found in the prior art, the entire claim is rendered invalid.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

(Ritcheson Decl., Ex. B.)

> 7.    Claims 108 and its dependent claim 109 are invalid for each of the following reasons: (1) each of the claims is invalid under 35 U.S.C. § 102(a) because the claimed invention was not new or novel as of August 8, 1996, the alleged date of invention; (2) each of the claims is invalid because Mr. Joao and Mr. Bock were not the first to invent the claimed invention under 35 U.S.C. § 102(e); (3) each of the claims is invalid because it fails to meet one of the statutory bars set forth in 35 U.S.C. § 102(b); and (4) each of the claims is invalid because it would have been obvious to a person of ordinary skill in the relevant art as of August 8, 1996, the alleged date of invention.

> 8.    Claims 267 and its dependent claims 280, 293 and 294 are invalid for each of the following reasons: (1) each of the claims is invalid under 35 U.S.C. § 102(a) because the claimed invention was not new or novel as of August 8, 1996, the alleged date of invention; (2) each of the claims is invalid because Mr. Joao and Mr. Bock were not the first to invent the claimed invention under 35 U.S.C. § 102(e); (3) each of the claims is invalid because it fails to meet one of the statutory bars set forth in 35 U.S.C. § 102(b); and (4) each of the claims is invalid because it would have been obvious to a person of ordinary skill in the relevant art as of August 8, 1996, the alleged date of invention.

The verdict and judgment are not sufficiently specific for this Court to identify what issues were actually determined in the Prior Action. Because both the jury verdict form and judgment fail to provide details sufficient to allow a determination of what issues were actually decided and necessary, collateral estoppel cannot apply as a matter of law.

## B.  Collateral Estoppel Also Cannot Apply Because Numerous Significant Issues Raised In This Action Have Never Been Litigated

### 1.  Courts Have Long Been Skeptical Of Applying Collateral Estoppel To Separate Patents With Separate Claims For Separate Inventions.

Both the Federal Circuit and courts in this district have looked skeptically on attempts to apply collateral estoppel to patents not previously in suit. For example, in <u>Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys.</u>, No. 98–80–SLR, 2004 WL 2980734 (D. Del. Dec. 17, 2004), this Court addressed the issue as follows:

> As applied here, the court finds that [the defendants] have not proved that the issue in this case is identical to the issue in [prior litigation].[5] The patent that was at issue in [the prior litigation] is not at issue in this case, and none of the patents at issue in this case were at issue in [the prior litigation]. Thus, an identical issue has not been litigated in a previous trial. *See generally* <u>Kearns v. General Motors Corp.</u>, 94 F.3d 1553, 1556 (Fed. Cir. 1999) ("it is not possible to show that the identical issue was presented in the sixteen patents

---

[5] The prior litigation involved the plaintiff but did not involve either of the two defendants.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

FILED UNDER SEAL                                                    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

that were not before the . . . court . . ., for each patent, by law, covers an independent and distinct invention"); <u>Suntiger, Inc. v. Scientific Research Funding Group</u>, 189 F.3d 1327, 1333 (Fed. Cir. 1999) (holding that collateral estoppel did not apply to appeals concerning different patents).

The recent case of <u>Golden Bridge</u> provides another useful illustration of this point of law. In <u>Golden Bridge</u>, this Court found (a) that Plaintiff had litigated the construction of "access preamble" in the earlier proceeding, and (b) that construction of the limitation was necessary to the invalidity decision.  Golden Bridge's only argument against collateral estoppel was that the issue was not identical because different patents, different claims and different prosecution histories were involved.  <u>Golden Bridge Technology, Inc. v. Apple Inc.</u>, 937 F.Supp.2d2d 490, 496-497 (D. Del. 2013) (SLR).  This Court "agreed with [plaintiff] that collateral estoppel is not applicable because the issue decided by the Texas court is not identical to that being litigated in the instant cases."  The Court also found that "the court cannot simply ignore new prosecution history that was not of record in the Texas litigation."  <u>Id.</u>, *citing* <u>Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.</u>, No. 08-309-JJF-LPS, 2009 WL 4928029, at *16-17 (D. Del. Dec. 19, 2009) (*citing* <u>Hawksbill Sea Turtle v. FEMA</u>, 126 F.3d 461, 477 (3d Cir. 1977)) (finding that collateral estoppel does not apply where subsequent "history needs to be considered in connection with construing the claims").[6]

In this case, at JHA's request,[7] the Prior Action gave no consideration to the '003 Patent, its claims, or its prosecution history.  This lack of consideration has critical significance.  As is explained below, no court has construed or examined the validity of any claim of the '003 Patent.  Simply, the '725 Patent and the '003 Patent are directed to ***different*** inventions, were subject to

---

[6] Although the Federal Circuit has allowed collateral estoppel to apply to different but related patents, that defense has only been allowed on a showing that the invalidated claims and the newly asserted claims raise issues of invalidity that are "substantively identical." <u>Ohio Willow Wood Co. v. Alps South, LLC</u>, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

[7] *See* Ritcheson Decl., Ex. G (Prior Action Docket Entry 166, 167 (JHA's Notice of Motion and Memorandum In Support of Motion in Limine to Preclude Reference to Patent No. 7,096,003)).

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

***different*** examinations, and were prosecuted at ***different*** times.  These factors (different patent and different prosecution history not previously considered) support granting summary judgment that collateral estoppel does not and cannot apply in this case.

### 2.  The Asserted Claims Raise Different And Unlitigated Issues With Respect To Invalidity.

The claims at issue in this case and the claims invalidated in the Prior Action raise issues of invalidity that are ***not*** "substantively identical."   JHA has in fact ***conceded*** that the claims asserted in this case are patentably distinct from the claims that were asserted in the Prior Action. JHA made the following binding representations to the court in the Prior Action:

> While the '003 patent may be a continuation of the '725, ***the claims of each patent must necessarily be different*** from the other to avoid double patenting.  …

> Thus, to avoid prosecution estoppel and double patenting, ***the continuation claims must necessarily be different*** from the claims present in the original ['725 Patent] application.

Ritcheson Decl., Ex. C (emphasis added).

Plaintiff respectfully submits that JHA should be bound by its prior representations.  *See*, *e.g.*, U.S. Philips Corp. v. Sears Roebuck & Co., 55 F.3d 592 (Fed. Cir. 1995) (party is estopped from taking an opposite procedural position in a second case involving the same patent, after being successful with the contrary position in an earlier case); *also* MobileMedia Ideas, LLC v. Apple Inc., 907 F. Supp. 2d 570, 623 (D. Del. 2012) ("The Federal Circuit has established that judicial estoppel is appropriate 'when a party takes a later position that is inconsistent with a former position in the same dispute, on which the party had been successful and had prevailed based on the former position.'  Bonzel v. Pfizer, Inc., 439 F.3d 1358, 1362 (Fed. Cir. 2006).").  Plaintiff agrees with JHA.

As explained below, the asserted claims ***are*** different with different constructions of shared terms, different limitations that are directed to different fields.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

### a. Each Of The Independent And The Dependent Asserted Claims Contain Different And Additional Limitations.

One of the most significant and most apparent differences between the Invalidated Claims of the '725 Patent and the Asserted Claims of the '003 Patent is that the construction of shared terms (*i.e.* limitations common to both patents) are substantially different.

Although no Court has previously construed claim limitations of the '003 Patent, the inventors intentionally defined claim terms in the '003 Patent to have different meanings that the '725 Patent.[8]   A full description of the substantial differences is contained in the Expert Report of Ivan Zatkovich, filed concurrently herewith, which is hereby incorporated by reference ("Expert Decl."). Mr. Zatkovich has provided a declaration and is prepared to testify that substantial differences exist between the definitions of the following terms:

- "authorization request"
- "central transaction processing computer"
- "communication device"
- "network computer"
- "in real time"
- "receiver" and
- "transaction security apparatus" (all asserted claims)

---

[8] Plaintiff does not believe that a full claim construction is necessary to rule on the instant motion. However, for the fullness of the record, plaintiff provides the following guidance on claim construction from Golden Bridge Tech., Inc. v. Apple Inc., 937 F. Supp. 2d 490, 494-495 (D. Del. 2013):

Claim construction is a matter of law. Philips v. AWH Corp., 415 F.3d 1303, 1330 (Fed. Cir. 2005) (en banc). Claim construction focuses on intrinsic evidence — the claims, specification and prosecution history — because intrinsic evidence is "the most significant source of the legally operative meaning of disputed claim language." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996); Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). Claims must be interpreted from the perspective of one of ordinary skill in the relevant art at the time of the invention. Phillips, 415 F.3d at 1313.

Claim construction starts with the claims, id. at 1312, and remains centered on the words of the claims throughout. Interactive Gift Express, Inc. v. Compuserve Inc., 256 F.3d 1323, 1331 (Fed. Cir. 2001). In the absence of an express intent to impart different meaning to claim limitations, the limitations are presumed to have their ordinary meaning. Id. Claims, however, must be read in view of the specification and prosecution history. Indeed, the specification is often "the single best guide to the meaning of a disputed term." Philips, 415 F.3d at 1315.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

(*E.g.* Expert Decl., pages 20-25.)

For example, the preambles of the '003 Patent and '725 Patent are substantially different and particularly significant as they impact the entirety of the claims.  The preambles of both patents use the same words, "transaction security apparatus," but the preamble used in the '003 Patent is a defined limitation whereas the preamble of the '725 Patent was determined ***not*** to be a limitation.  Specifically, each of the asserted claims of the '003 Patent includes a new limitation: "an apparatus which provides information regarding a transaction, or an apparatus which determines whether or not a transaction is authorized, allowed, or approved, or an apparatus which determines whether or not a transaction is not authorized, not allowed, or not approved, or an apparatus which provides protection or safety regarding a transaction."  (*E.g.* Expert Decl., ¶ 29.)  As detailed further, below, this narrowing of the claims of the '003 Patent (by including an additional limitation) is consistent with the patentees' intention to narrow the focus of the '003 Patent to security concerns that arise as a result of the Internet being adopted and used for banking and financial processing.  (*E.g.* Expert Decl., ¶¶ 32-34.)

Another example can be found from the terms "central transaction processing computer." The definition of this term in the '003 Patent includes the limitation of "a transaction or transactions on, on, regarding, or involving, one or more accounts or a group of accounts," rather than merely "data" of the '725 Patent.

As a final example, the term "network computer" was defined to include a single, apparently "extinct" device that no longer existed at the time the term was construed in 2006. Specifically, the court in the Prior Action defined the term as follows:   "I concur with defendants' suggestion that 'network computer' was a term of art in the industry, describing the (apparently extinct) 'thin' computer."   (Expert Decl., p.30 n.5.)   In contrast, the patentees

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF
ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

explicitly defined the same term to include a much broader class of devices.

In addition to the substantial differences from the differing constructions of shared terms or words, there are substantial differences between the claims due to the addition and subtraction of claim limitations. The following ***additional*** limitations create substantial differences between the asserted claims of the '003 Patent and the invalidated claims of the '725 Patent:[9]

- "Internet" and "World Wide Web" (all asserted claims)
- "electronic mail message"
- "periodic transaction record"
- "transactions involving the purchase of goods and services"
- "second communication device"
- "third signal"
- "the processing device processes the third signal and determines whether the transaction is authorized or disallowed"
- "transmits a fourth signal to a transaction authorization device"
- "plurality of computers or computer systems"
- "second signal from the communication device"
- "display device" and "printer"
- "banking transaction device"
- "reading device and scanning device"
- "at least one of a personal computer and a home computer"
- "the communication device is a wireless device"

(Expert Decl., pp. 31-138.)

The example that is of particular significance (because it is included in each of the asserted claims) is the inventors' focus on transactions occurring on or over the Internet or World Wide Web. This focus is apparent from the very first page of the '003 Patent, containing the patent abstract, which reads:

> An apparatus including a memory device for storing a limitation or restriction on an account use received via the Internet and/or World Wide Web and a processing device for determining whether a transaction on the account or a use of a wireless or cellular communication device is authorized, allowed, or disallowed. An apparatus including a processing device for processing information regarding a banking transaction or use of a wireless or cellular communication device and generating a signal containing information regarding the transaction or device use

---

[9] This list is exemplary; the complete list is found in the Zatkovich Expert Declaration.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF
ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

and a transmitter for transmitting the signal to a communication device. An apparatus including a processing device for processing transaction information and generating a signal containing transaction information, and a transmitter for transmitting the signal to a communication device via the Internet and/or World Wide Web independently of transaction processing by a central transaction processing computer.

As is readily apparent from a review of the entire patent (from the abstract through the claims), the inventors did not merely add the Internet limitation to an existing claim.  Instead, the invented a system and method that solved problems inherent in Internet-based transactions.  (*See* Expert Decl., ¶¶ 32-34.)

Other substantial differences include the following ***removed*** limitations (that is, limitations that were found in the '725 Patent that are not found in the '003 Patent).  Examples of these differences include the narrowing of claims to specific modes, such as to specific types of Internet-based transactions.  (*Compare, e.g.*, claim 108 of the '725 Patent (including "at least one of a checking account, a savings account, and an automated teller machine account") with claim 30 of the '003 Patent (including only "a checking account").)  The narrowing of these claims to exclude alternative modes is significant because, as noted above, Defendant has presented no evidence that the invalidating references in the Prior Action cover the narrowed claims.

In sum, the '003 Patent is directed towards narrower and patentably distinct inventions that include substantially different limitations from the claims that were invalidated in the Prior Action.  The claims at issue in the '725 Patent were broadly directed to "online banking" services utilizing standard dial-up, modem to modem communications.  The '003 Patent is directed to wireless, mobile and internet based technologies.

As this Court noted in <u>enju Pharma. Inc. v. Lupin Ltd.</u>, No. 11–271–SLR, 2012 WL 6090354, *2 (D. Del. Dec. 7, 2012):

A narrower claim is not rendered invalid by the invalidity of a broader claim.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

"Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. §282.

Because the asserted claims of the '003 Patent: (i) contain different limitations; and (ii) are narrower than the broader claims that were invalidated in the Prior Action, collateral estoppel does not and cannot apply.

### b. Other Critical Issues Bearing On The Validity Of The Asserted Claims Were Never Litigated.

The Supreme Court has repeatedly recognized that "the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." Allen v. McCurry, 449 U.S. 90, 95 (1980) (citing Montana v. U.S., 440 U.S. 147, 153 (1979); Blonder-Tongue, 402 U.S. at 328-329).

As explained below, other critical issues bearing on the validity of the claims at issue in this case were not litigated or decided in the Prior Action, making collateral estoppel inapplicable in this case. See Blonder-Tongue, 402 U.S. at 333 (defensive collateral estoppel only applies when the identical issue was previously litigate).

1) The Fact That The PTO Issued The '003 Patent Over The "Invalidating Art" Was Not Considered. Allowing Defendant to assert its collateral estoppel defense in this case should not be allowed because the verdict and Judgment of invalidity in the Prior Action did not apply the heightened legal standard required in cases where allegedly invalidating art has already been examined by the PTO. The prosecution and examination of the '003 Patent was particularly thorough, lasting almost five years. During this process, the PTO examiner considered the prior art references produced by JHA in discovery in the Prior Action. These references expressly included references that were later found to have invalidated the asserted claims of the '725

D. Del. Case No. 1:12-CV-01138 (SLR)                                                Page |16

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

Patent.

It is well established that "[w]hen an attacker simply goes over the same ground travelled by the PTO, part of the burden is to show that the PTO was wrong in its decision to grant the patent." PowerOasis, Inc. v. T-Mobile USA, Inc., 522 F.3d 1299, 1304 (Fed. Cir. 2008); citing and quoting Am. Hoist & Derrick Co. v. Sowa & Sons, 725 F.2d 1350, 1360 (Fed. Cir. 1984) (emphasis in original). The Federal Circuit has explained that:

> When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents.

Id.; see also Intellectual Ventures I, LLC v. Motorola Mobility, LLC, No. 11–908–SLR, 2014 WL 27524, *5 (D. Del. Jan. 2, 2014).

In short, an accused infringer must overcome two hurdles when challenging claims that issued with prior art that was considered by the PTO during prosecution. First, the challenger must overcome the presumption of validity by proving invalidity by clear and convincing evidence. 35 U.S.C. §282; see also AstraZeneca LP v. Apotex, Inc., 633 F.3d 1042, 1055 (Fed. Cir. 2010) (anticipation); Procter & Gamble Co. v. Teva Pharms. USA, Inc., 566 F.3d 989, 994 (Fed. Cir. 2009) (obviousness); and Cadence Pharms., Inc. v. Exela Pharma Scis., LLC, 2013 U.S. Dist. LEXIS 166097, 68-69 (D. Del. Nov. 14, 2013). Second, the challenger must overcome the "added burden of overcoming the deference that is due to a qualified government agency." PowerOasis, 522 F.3d 1304.[10]

---

[10] It should be noted that for purposes of the present motion, all discussion herein related to an analysis of non-obviousness under §103 is equally applicable to a similar analysis in accordance with the higher standard of anticipation under §102. In other words, if the Invalidated Claims of the '725 patent are not found to render the Asserted Claims of the '003 patent obvious – which

Thus, Plaintiff respectfully submits that collateral estoppel cannot be applied in this case because doing so would effectively invalidate patent claims using the wrong legal standard that did not take into account the added burden placed on JHA.

2) <u>Secondary Considerations of Non-Obviousness Were Not Considered.</u>  The Supreme Court requires courts to consider four factors when determining whether a claimed invention is invalid because it is obvious, including:  (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) "objective" or "secondary considerations, such as whether there was a long-felt need for the claimed invention, the failure of others, or whether the claimed invention has enjoyed commercial success.  <u>Graham v. John Deere Co.</u>, 383 U.S. 1, 17-18 (1966).  The courts use secondary considerations to, *inter alia*, focus attention on the economic and motivational issues rather than on technical issues.  The economic and motivation issues are "more susceptible of judicial treatment than are highly technical facts often present in patent litigation. "  <u>Id.</u> at 36.

The Federal Circuit has repeatedly held that "evidence rising out of the so-called 'secondary considerations' must always when present be considered en route to a determination of obviousness." <u>Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc</u>., 699 F.3d 1340, 1349 (Fed. Cir. 2012) (*quoting* <u>Stratoflex, Inc. v. Aeroquip Corp</u>., 713 F.2d 1530, 1538 (Fed. Cir. 1983)). The Federal Circuit has found that "evidence of secondary considerations may often be the most probative and cogent evidence in the record." <u>Stratoflex</u>, 713 F.2d at 1538; *see also* <u>In re Mayne</u>, 104 F.3d 1339 (Fed. Cir. 1997).

Two examples of secondary considerations that were not considered in the Prior Action but which are relevant to the '003 Patent are the commercial success of the claimed invention

---

Plaintiff contends they do not, then such analysis couldn't possibly satisfy the heightened requirements of anticipation.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

and the commercial acquiescence by market competitors.  Licenses may be evidence of either of these secondary considerations.  *See*, *e.g.*, <u>Transocean</u>, 699 F.3d at 1353.

The nature of the licensees and the examination performed by the licensee before the license was executed are also relevant.  For example, the Supreme Court has held that the combined market share of the licensees is relevant. *See* <u>Eibel Process Co. v. Minnesota & Ontario Paper Co.</u>, 261 U.S. 45 (1923) (holding "weighty evidence" of patent validity when makers of two-thirds of print paper in country were licensees of patent holder).

Moreover, licensees who perform a significant investigation into the validity and infringement of patents covered by the license strengthen the evidentiary value of the license for the purpose of later proving nonobviousness.  <u>RCA Corp. v. Data General Corp.</u>, 701 F.Supp. 456, 471 (D. Del. 1988), *aff'd*, 887 F.2d 1056 (Fed. Cir. 1989).  When the royalty rate paid by a licensee is large when compared to the cost of litigation, the license will be persuasive evidence that the licensee believed the patent was valid.  *See, e.g.*, <u>B&H Manufacturing, Inc. v. Foseter-Forbes Glass Co.</u>, 26 USPQ 2d 1066, 1070 (N.D. Ind. 1993).

Although the JBTS portfolio has been licensed widely, virtually all of these licenses were entered into ***after*** the verdict and judgment in the Prior Action.  (Ritcheson Decl., ¶ 2.)  Only four licenses – to ████████████████████████████████████████████████ ██████████████ – predated the verdict and judgment and no testimony regarding the details of those licenses was permitted at trial.[11]  <u>Id</u>.  In fact, the court in the Prior Action viewed those licenses as only being relevant to damages and Court prohibited Plaintiff from discussing them

---

[11] Ritcheson Decl., Ex. D (March 12, 2010, Trial Transcript, pp. 1394-99.).

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

substantively in the Prior Action.[12]

███ recent licenses with JHA competitors are particularly relevant as they were entered

into for significant sums after extensive discovery.[13]   Specifically, Plaintiff submits that its

licenses to ████████████████████ demonstrate the nonobviousness of the '003

Patent.  First, at the time these licenses were entered into, these ███ entities were regarded as

dominant and significant market participants.  Indeed, ████ was ranked as the third largest

competitor in terms of revenue.  (Ritcheson Decl., Ex. F.)  *See* Eibel Process, 261 U.S. 45 (market

share impact).   Second, the licenses were acquired for substantial royalties ██████

█████████████████ after lengthy litigation and, in the case of ████ on the

eve of trial.  (Ritcheson Dec.,¶ 2.)   *See* B&H Manuf., 26 USPQ 2d at 1070 (large royalty

compared to cost of litigation is persuasive evidence of validity); *and* RCA, 701 F.Supp. at 471

(licensing after lengthy litigation stronger evidence of validity).   Finally, other secondary

considerations not considered during the Prior Action, including, for example, industry

skepticism and JBTS's resolution of a long-felt but unresolved need.  (*See*, *e.g.*, Expert Decl.,

¶¶ 32-34; Ritcheson Decl., Ex. E.)

In sum, although the Supreme Court and the Federal Circuit have clearly identified

secondary considerations of nonobviousness as essential to the validity analysis and mandated

that such considerations be examined in every case, these considerations were in fact not

---

[12] *See e.g* Ritcheson Decl., Ex. D, page 1399, lines 2-9 ("I think what I will do is order counsel not to refer to this in their summations. … So, I would say, let's let it go.  And then say it's been licensed since [JBTS testified that the '725 patent was not licensed] and let it go at that.").)

[13] Plaintiff submits that it need not demonstrate at this stage that the licenses establish nonobviousness, only that the issue of secondary considerations was not fully litigated. However, it should be noted that the nexus between the '003 patent and the license terms can be readily established from the fact that: (a) ***JHA has conceded*** that Plaintiff's first licenses were in fact "based on the '003 Patent" (March 12, 20010, Trial Transcript, p. 1396, lines10-16); and (b) the critical licenses were entered into as a direct result of Plaintiff's assertion of the '003 Patent.

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF**
**ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

examined in the Prior Action and have never been examined with respect to the '003 Patent.

## VII.    CONCLUSION

For each of the reasons set forth above, Plaintiff respectfully submits that summary judgment denying Defendant's sixth affirmative defense should be entered in this case.

Dated: <u>February 25, 2014</u>

*Attorneys for Plaintiff*
*Joao Bock Transaction Systems, LLC*

|  |  |
|---|---|
| | */s/ Stamatios Stamoulis* |
| **STAMOULIS & WEINBLATT LLC** | Stamatios Stamoulis #4606 |
| |     stamoulis@swdelaw.com |
| | Richard C. Weinblatt #5080 |
| |     weinblatt@swdelaw.com |
| | Two Fox Point Centre |
| | 6 Denny Road, Suite 307 |
| | Wilmington, DE 19809 |
| | Telephone: (302) 999-1540 |
| | |
| | |
| **HENINGER GARRISON DAVIS, LLC** | Jonathan R. Miller, *Pro Hac Vice* |
| |     Email: jmiller@hgdlawfirm.com |
| | Jacqueline K. Burt, *Pro Hac Vice* |
| |     Email: JBurt@hgdlawfirm.com |
| | 3621 Vinings Slope, Suite 4320 |
| | Atlanta, Georgia 30339 |
| | Telephone: (404) 996-0863, 0861 |
| | Facsimile: (205) 547-5506, 5502 |
| | |
| | Steven W. Ritcheson, *Pro Hac Vice* |
| |     Email: switcheson@hgdlawfirm.com |
| | 9800 D Topanga Canyon Boulevard, #347 |
| | Chatsworth, California 91311 |
| | Telephone: (818) 882-1030 |
| | Facsimile: (205) 326-3332 |
| | |
| | M. Blair Clinton, *Pro Hac Vice* |
| |     Email: bclinton@hgdlawfirm.com |
| | 2224 1st Avenue North |
| | Birmingham, Alabama 35203 |
| | Telephone: (205) 327-9116 |
| | Facsimile: (205) 380-8082 |

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF
ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Maureen V. Abbey, *Pro Hac Vice*
    Email: maureen@hgdlawfirm.com
220 St. Paul Street
Westfield, NJ 07090
Telephone:  (908) 379-8475
Facsimile:  (205) 547-5500

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**

FILED UNDER SEAL                                    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2014, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S *CONFIDENTIAL* OPENING BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL**