UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JACK HENRY & ASSOCIATES, INC.,<br><br>Defendant. | Case No. 1:12-CV-01138 (SLR)<br><br>Judge Sue L. Robinson |

### *CONFIDENTIAL* DECLARATION OF STEVEN W. RITCHESON IN SUPPORT OF PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT OF NO COLLATERAL ESTOPPEL

I, Steven W. Ritcheson, do hereby state and declare:

1.      I am an attorney, admitted to practice in the State of California and with Heninger Garrison Davis, LLC, counsel to Joao Bock Transaction Systems, LLC (hereinafter "JBTS"), in this matter. I have personal knowledge of the facts set forth herein and if called as a witness could and would testify thereto.

2.      I have represented JBTS for more than two years. JBTS is a private research and development company that has been awarded five United States Patents ("JBTS Patents") with a combined total of 891 issued claims. I have personally examined the website for the United States Patent & Trademark Office and determined that the JBTS Patents have been cited more than 730 times. I have personally been involved with JBTS's licensing of their patents to leading financial solutions providers in the United States. A search of my records indicates that JBTS has executed more than ▬ licenses, the vast majority of which were executed after trial in the Prior Action. I understand from my review of the trial transcript for the Prior Action that only

███ licenses – to ████████████████████████████████████████ ████████████ – predated the verdict and judgment. I helped negotiate licenses for ████ ████████████████████. The licenses were acquired in exchange for a royalty payment of ████████████████████████████, respectively. All ████ of these licenses were executed after extensive litigation and, in the case of ██████ around the expert discovery cut-off.

3. I have personally examined JBTS's files and records and have learned that JBTS's first attempt to enforce the JBTS Patents involved a lawsuit against Sleepy Hollow Bank and that Jack Henry & Associates asserted that it was Sleepy Hollow Bank's provider. The court records for the United States District Court for the Southern District of New York (the "Prior Action") show that JHA was added as a defendant via an Amended Complaint that was filed on January 27, 2004. The court's records also show that only six claims of U.S. Patent Number 6,529,725 (the "'725 patent") were at issue at trial. I have examined the '725 patent and determined that it contains 340 claims. I have also examined the patent at issue in this action, United States Patent Number 7,096,003 (the "'003 patent"), and determined that it was issued on August 22, 2006, almost two and a half years after the filing of the amended complaint naming JHA as defendant in the Prior Action. I have examined the prosecution history for and the face of the '003 patent and have confirmed that the '003 patent was issued almost five years after the application was filed. The prosecution of the '003 Patent continued after the '725 Patent issued and during the Prior Action.

4. I have reviewed the trial transcripts for the Prior Action and understand that JBTS was not permitted to elicit testimony or make arguments regarding licenses that existed at the time of trial. I have also reviewed the trial transcript and confirmed that jury was not advised of

the specific <u>Graham</u> Factors for determining nonobviousness and received no instructions regarding secondary considerations of nonobviousness, such as JBTS's licenses.

5. As of the date, no court has construed any claim of the '003 patent.

6. Attached hereto as Exhibit A is a true and correct copy of Jury's "Special Verdict Form (Interrogatories)" and Notes in the Prior Action.

7. Attached hereto as Exhibit B is a true and correct copy of the Judgment entered in the Prior Action.

8. Attached hereto as Exhibit C is a true and correct copy of Prior Action Docket Entry 167, page 2.

9. Attached hereto as Exhibit D are true and correct excerpts from the trial transcript for the Prior Action, dated March 12, 2010, pages 1394-1399.

10. Attached hereto as Exhibit E is a true and correct copy of a document entitled Center for Technology in Government, Internet Security Seminar, dated April 1996.

11. Attached hereto as Exhibit F is a true and correct copy of a document entitled FinTech 100, Annual Special Report, dated October 2012.

12. Attached hereto as Exhibit G is a true and correct copy of Prior Action Docket Entries 166 and 167.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: <u>February 25, 2014</u>

*Attorney for Plaintiff*
*Joao Bock Transaction Systems, LLC*

<u>/s/ Steven W. Ritcheson</u>
Steven W. Ritcheson, *Pro Hac Vice*
**Heninger Garrison Davis, LLC**
    Email: swritcheson@hgdlawfirm.com
9800 D Topanga Canyon Boulevard, #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (205) 326-3332